Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*[Proposed] Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H. J. MARK TOMPKINS, and B. R. SHETTY,<br><br>    Defendants. | No. 2:20-cv-02303-CBM-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NMC INVESTOR GROUP FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Consuelo B. Marshall<br>Hearing Date: June 9, 2020<br>Time: 10:00 a.m.<br>Ctrm:  8B – First Street Courthouse |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NMC
INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:20-cv-02303-CBM-
MAA

| | |
|---|---|
| SHENGMING HUANG, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H. J. MARK TOMPKINS, and B. R. SHETTY,<br><br>      Defendants. | No. 2:20-cv-02895-CBM-MAA<br><br>Judge: Hon. Consuelo B. Marshall |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad (collectively, the "NMC Investor Group" or "Movants") respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

    (1)  consolidating the above-captioned related actions;

    (2)  appointing Movants as Lead Plaintiffs for all persons other than Defendants who purchased or otherwise acquired the securities of NMC Health Plc ("NMC" or the "Company") between March 13, 2016 and March 10, 2020, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

    (3)  appointing The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel for the Class.

## I.     PERTINENT BACKGROUND

On March 10, 2020, Plaintiff Chris Hashem commenced this action against the Company and certain of its officers and/or directors for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, Rosen Law issued a PSLRA early notice advising potential class members of, *inter alia*, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). A related action captioned *Haung v. NMC Health Plc*, et al, No. 2:20-cv-02895-CBM-MAA, was filed in this Court asserting substantially similar facts and claims on March 27, 2020.

According to the lawsuit, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) the Company lacked effective internal controls and risk management; (2) the Company engaged in undisclosed and extensive related party and de facto related party transactions; (3) NMC's debts were significantly understated and obfuscated; (4) NMC's cash-on-hand figures were overstated; (5) NMC's principal shareholders were not accurately reporting or accounting their interests or stakes in the Company; (6) NMC did not review or know their principal shareholders interests or stakes in the Company; (7) consequently, the Company was not enforcing its Relationship Agreement with the principal shareholders; and (8) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On December 17, 2019, Muddy Waters Capital LLC ("Muddy Waters") published a report (the "Report") explaining that NMC had misled investors and failed to disclose: (i) its lack of internal controls; (ii) (de facto) related party

transactions; (iii) its true debt burden; (iv) its true cash-on-hand and asset values; and (v) its use of reverse factoring. On this news, NMC ADSs fell $11.68, per ADS or over 33.6%, to close at $23.00 per ADS on December 17, 2019, from its December 16, 2019 close at $34.68, damaging investors.

Then, on January 8, 2020, NMC issued a press release entitled "KBBO pricing announcement" which acknowledged and downplayed Defendant K. Bin Butti and H.E. Bin Butti's 31.2 million shares sell-off, which equates to roughly 15% of the Company, from January 7, 2020. On this news, NMC ADSs fell $6.48 per ADS, or over 28.4%, to close at $16.36 per ADS on January 8, 2020 from its January 6, 2020 close at $22.84, further damaging investors.

Then, on February 14, 2020, NMC issued a press release with preliminary share data, unverified, provided by Defendant K. Bin Butti, H.E. Bin Butti, and Defendant Shetty. The press release confirmed the need for greater clarity from its long-time principal shareholders, stating:

> The Company continues urgently to seek clarity from Dr. B.R. Shetty, Khalifa Bin Butti and H.E. Saeed Bin Butti in relation to the above arrangements and their respective shareholdings, and encourages Dr. B.R. Shetty, Khalifa Bin Butti and H.E. Saeed Bin Butti, and their advisers, to agree the legal position in relation to the ownership of the Ordinary Shares in question without further delay.

That same day, NMC announced that Defendant K. Bin Butti had resigned as a Director effective immediately. On this news, NMC ADSs fell $0.54 per ADS, or almost 5%, to close at $10.40 per ADS on February 14, 2020, further damaging investors.

Then, on February 17, 2020, NMC announced that Abdulrahman Basaddiq and Hani Buttikhi had both resigned as Directors of the Company. Both were appointed to the Board of Directors by the principal shareholder group of Defendant K. Bin Butti, H.E. Bin Butti, and Defendant Shetty. Also on that day,

NMC announced that Defendant Shetty had resigned as Joint-Non Executive Chairman and as a Director of the Company.

Then, on February 18, 2020, NMC announced an update to Defendant Shetty's shares of the Company. The update announced that a bank account for BRS International Holding Ltd ("BRS International"), of which Defendant Shetty is the sole shareholder, had sold over 10 million shares of NMC ordinary shares between February 3 and 6, 2020. On this news, NMC ADSs fell $0.74 per ADS, or over 6.5%, to close at $10.48 per ADS on February 19, 2020, further damaging investors.

Then, on February 24, 2020, BRS International, announced that Defendant Shetty "had pledged 7 million of the company's shares as security for debt" to Goldman Sachs. It was also announced that Defendant Shetty only "currently has a 9.81% interest" in NMC. On this new NMC ADSs fell $0.66 per ADS, or over 5.7%, to close at $10.81 per ADS on February 24, 2020, further damaging investors.

Then, on March 10, 2020, the Financial Times published the article titled "NMC Health Discovers Almost $3bn of Debt Hidden from Its Board" which continued to disclose NMC's lack of internal controls and under reporting of debt reporting. Further on March 10, 2020, Bloomberg published the article titled "Abu Dhabi Insurer Steps In to Help NMC Health Pay Salaries" reporting that an insurer was assisting to pay NMC's expenses. On this news, NMC ADSs fell $3.28 per ADS, or almost 64%, to close at $1.85 per ADS on March 10, 2020, further damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

# ARGUMENT

## II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions in this District allege similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90

days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movants satisfy the above criteria, have the largest financial interest of any movant in this litigation, and are therefore the most adequate plaintiffs and should be appointed as Lead Plaintiffs.

## A.   Movants Are Willing to Serve as Class Representative

Movants have made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in their PSLRA certifications, Movants attest they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

## B.   Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to

calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movants purchased 46,845 shares of NMC securities during the Class Period, retained 46,654 shares during the Class Period, and incurred losses of around $523,980. *See* Rosen Decl., Ex. 3 (Movants' Loss Charts). Movants are not aware of any other movant that has suffered greater losses in NMC securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

## C.     Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion

for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movants fulfill all of the pertinent requirements of Rule 23. Movants' claims share substantially similar questions of law and fact with the claims of the members of the Class, and their claims are thus typical of the members of the Class. Movants and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about NMC and its business. Movants, as did all of the members of the Class, purchased Company securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the Class.

Thus, the close alignment of interests between Movants and other Class members, as well as Movants' desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movants as Lead Plaintiffs.

### D.   Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movants' ability and desire to fairly and adequately represent the Class has been discussed above. Movants are not aware of any unique defenses that Defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the Class.

Additionally, the NMC Investor Group is a small and cohesive group of investors, who have demonstrated their adequacy by the submission of a Joint Declaration attesting to their shared understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Joint Declaration executed by members of the NMC Investor Group, Rosen Decl., Ex. 4.

## IV.   MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law and Pomerantz as Co-Lead Counsel. The firms have been actively researching the Class' and Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants, as well as initiating the above-captioned related cases. Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251

10

(S.D.N.Y.) ($29 million settlement) and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement), and are experienced in the area of securities litigation and class actions, having been appointed as lead and co-lead counsel in securities class actions in this District and in other courts throughout the nation. The firms have prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. *See* Resume of The Rosen Law Firm, P.A., Rosen Decl., Ex. 5 and Resume of Pomerantz LLP, Rosen Decl., Ex. 6.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Co-Lead Counsel, the members of the Class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs of the Class; and (3) approving Rosen Law and Pomerantz as Co-Lead Counsel.

Dated:  May 11, 2020                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/Laurence M. Rosen
                                        Laurence M. Rosen, Esq. (SBN 219683)
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, CA 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

*Counsel for Movants and [Proposed] Co-Lead Counsel*

**POMERANTZ LLP**

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**

Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Movants and [Proposed] Co-Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NMC INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:20-cv-02303-CBM-MAA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On May 11, 2020, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NMC INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on May 11, 2020

/s/Laurence M. Rosen
Laurence M. Rosen

13