| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number (*If known*): _____ Chapter 15 |

❑ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding 12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

**1. Debtor's name**

NMC Health PLC

**2. Debtor's unique identifier**

**For non-individual debtors:**

❑ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other _____. Describe identifier _____.

**For individual debtors:**

❑ Social Security number: xxx – xx– ____ ____ ____ ____

❑ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

❑ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**

Richard Dixon Fleming, Mark Firmin and Ben Cairns

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

In the Matter of NMC Health plc, High Court of Justice, Business and Property Courts of England & Wales Insolvency & Companies List

**5. Nature of the foreign proceeding**

*Check one:*

❑ Foreign main proceeding
❑ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

❑ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Order of the High Court of Justice, Business and Property Courts of England & Wales Insolvency & Companies List appointing the Administrators

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

❑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

EXHIBIT A
Page 7

Debtor   NMC Health PLC_____     Case number (*if known*)_____
   _Name_

---

**8. Others entitled to notice**   Attach a list containing the names and addresses of:

   (i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

   (ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

   (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

England_____

**Debtor's registered office:**

Suite 3 Regency House_____
Number      Street

91 Western Road_____
P.O. Box

Brighton, BN1 2NW_____
City           State/Province/Region     ZIP/Postal Code

England_____
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City           State/Province/Region     ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Park House, 16-18 Finsbury Circus_____
Number      Street

_____
P.O. Box

London EC2M 7EB_____
City           State/Province/Region     ZIP/Postal Code

England_____
Country

---

**10. Debtor's website** (URL)    www.nmc.ae_____

---

**11. Type of debtor**   *Check one:*

☑ Non-individual (*check one*):

☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

❑ Partnership

❑ Other.  Specify: _____

❑ Individual

---

Official Form 401          Chapter 15 Petition for Recognition of a Foreign Proceeding          page 2

EXHIBIT A
Page 8

| Debtor | NMC Health PLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Richard Dixon Fleming_____     Richard Dixon Fleming_____
   Signature of foreign representative                   Printed name

Executed on     05/28/2020_____
                MM  / DD / YYYY

✖ _____     _____
   Signature of foreign representative                   Printed name

Executed on     _____
                MM  / DD / YYYY

**14. Signature of attorney**

✖ /s  / R. Craig Martin_____     Date     05/28/2020____
   Signature of Attorney for foreign representative              MM   / DD / YYYY

R. Craig Martin_____
Printed name
DLA Piper LLP (US)_____
Firm name
1201 North Market Street, Suite 2100_____
Number        Street
Wilmington_____     DE_____     19801_____
City                                              State        ZIP Code

(302) 468-5700_____     craig.martin@us.dlapiper.com_____
Contact phone                        Email address

5032_____     DE_____
Bar number                               State

| Official Form 401 | Chapter 15 Petition for Recognition of a Foreign Proceeding | page 3 |
|---|---|---|

EXHIBIT A
Page 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NMC Health PLC (in Administration),[1] | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 20-_____ (___) |
| | ) | |

**VERIFIED PETITION UNDER CHAPTER 15 FOR ORDER AND FINAL DECREE**
**GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING**
**AND OTHER RELATED RELIEF**

Richard Dixon Fleming, Mark Firmin and Ben Cairns, in their capacity as the duly authorized joint administrators (in such capacity, jointly, the "**Foreign Representatives**") of NMC Health PLC (in Administration) (the "**Foreign Debtor**" or the "**Company**") as a debtor in administration under English law, pursuant to the Insolvency Act 1986 (the "**UK Proceeding**" or the "**Administration**") before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (the "**English Court**"), by and through their undersigned counsel, file this *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* (the "**Verified Petition**") in furtherance of the Official Form 401 Petition [D.I. 1] (the "**Petition**") filed today (the Verified Petition and Petition, collectively, referred to as the "**Chapter 15 Petition**"), under sections 1504 and 1515 of chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing this chapter 15 case and seeking an order and final decree granting recognition of the UK Proceeding as a "foreign main proceeding," as such term is defined in section 1502(4) of the Bankruptcy Code.

---

[1] The Foreign Debtor is incorporated in England and Wales and has the English Company Number of 07712220. The Foreign Debtor's mailing address (and its registered office) is Suite 3 Regency House, 91 Western Road, Brighton, BN1 2NW.

In support of the Chapter 15 Petition, the Foreign Representatives have filed (a) the *Motion of the Foreign Representatives for Chapter 15 Recognition and Final Relief* [D.I. 9] and the *Memorandum of Law in Support of Motion of the Foreign Representative for Chapter 15 Recognition and Final Relief* [D.I. 10] (collectively, the "**Recognition Motion**"), (a) the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* [D.I. 4] (the "**Martin Declaration**"), (b) the *Declaration of Christopher Mathew Parker in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 5] (the "**Parker Declaration**"), and (c) the *Declaration of Richard Fleming in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 6] (the "**Fleming Declaration**").  The Foreign Representatives petition this Court as follows:

## **PRELIMINARY STATEMENT[2]**

1.      As discussed at length below, the Foreign Representatives have commenced this chapter 15 case, seeking aid in respect of the UK Proceeding, to obtain a stay in the U.S. of collection and enforcement actions to enable them to evaluate how to maximize the value of assets owned in the U.S., including certain medical practices.  Additionally, as their investigation proceeds, the Foreign Representatives may need to conduct discovery in the United States and the framework provided by this chapter 15 case will aid the Foreign Representatives with the administration of the UK Proceeding.  In the meantime, the Foreign Representatives need to pause certain litigation pending in the United States during their administration.  Specifically, certain of the Foreign Debtor's shareholders commenced litigation against the Foreign Debtor in the United States prior to their appointment (the "**Shareholder Actions**").  As noted in the Parker Declaration,

---

[2]      Capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

the UK Administration imposes a moratorium against the continuation of those cases; and to ensure that the plaintiffs in the Shareholder Actions and the court presiding over them acknowledge that stay, the recognition of the UK Proceeding as a main proceeding will enable the automatic stay under 11 U.S.C. § 362 to apply in a way that will assist the Foreign Representatives in their administration of the UK Proceedings. (*See* Parker Decl. ¶ 23.)

2.     The recognition of the UK Proceeding is important to the Administration and the Foreign Debtor's maximization of value as a whole, because it is aimed at protecting the Company and its assets within the territorial jurisdiction of the United States from creditor actions.  The recognition will allow for centralized administration of the Company's assets by permitting coordination between the English Court and this Court if necessary to maximize the value of the Foreign Debtor's interest in its U.S. assets.  Without this Court's recognition of the UK Proceeding, creditor enforcement actions threaten to undercut the equal treatment of creditors, diminish the value of the Foreign Debtor, and undermine the Foreign Representatives' administration of its insolvency, which could ultimately result in diminished recoveries to the creditors of the Foreign Debtor.

3.     This Verified Petition, the Parker Declaration, and the materials attached to the Fleming Declaration, all filed today, verify the facts pertinent to and necessary to sustain the Foreign Representatives' request for (a) a finding that the UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code; (b) a finding that the Foreign Representatives are each a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code; (c) entry of an order recognizing the UK Proceeding as a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code; and (d) other relief in aid of the UK Proceeding.

EXHIBIT A
Page 12

4.      As more fully analyzed in the Recognition Motion, as required by section 1515(b) of the Bankruptcy Code, the Petition is accompanied by a copy of the relevant English Court orders, commencing the UK Proceeding, appointing the Foreign Representative.  (*See* Petition [D.I. 1], Ex. A.)  In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representatives have also filed a disclosure and verified statement, identifying all foreign proceedings with respect to the Foreign Debtor that are known to the Foreign Representative.  (*See* Petition [D.I. 1], Ex. B.)  The Foreign Representatives respectfully submit that the Chapter 15 Petition satisfies the requirements of chapter 15 of the Bankruptcy Code because the UK Proceeding is a "foreign proceeding" as defined in section 101(23) of the Bankruptcy Code, the Foreign Representatives are each a "foreign representative" as defined in section 101(24) of the Bankruptcy Code, and all other requirements for recognition have been fulfilled.  Additionally, the Chapter 15 Petition satisfies the requirements in sections 1515 and 1517 of the Bankruptcy Code, mandating recognition.  For these reasons, as more fully explained below, the Foreign Representatives respectfully request that the Court grant the relief requested in this Chapter 15 Petition.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this case under sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware (Sleet, C.J.), dated February 29, 2012.

6.      The Foreign Representatives have properly commenced this case under sections 1504 and 1515 of the Bankruptcy Code.  This Chapter 15 Petition is a core proceeding under section 157(b)(2)(P) of title 28 of the United States Code.

7.      Venue for this case is proper in this Court under section 1410 of title 28 of the United States Code because the Foreign Debtor has its principal assets in the United States located

-4-

in Delaware.  The Foreign Debtor has property in Delaware via its indirect ownership in the equity of NMC Eugin US Corporation, a Delaware corporation ("**NMC Eugin US**"), and its interest in a retainer on deposit with DLA Piper LLP (US) in which the Foreign Debtor has an ownership interest.  These funds are held in a Wells Fargo bank account in accordance with Delaware Rule of Professional Responsibility 1.5.  (*See* Martin Decl. ¶ 4.)

8.      The statutory bases for the relief requested in this Chapter 15 Petition are sections 101(23)-(24), 105(a), 306, 1502, 1504, 1507, 1509, 1510, 1512, 1515, 1516, 1517, 1520, 1521, 1522, and 1524 of the Bankruptcy Code.

## BACKGROUND

### A.      The Company' Business and Operations

9.      NMC Health PLC was incorporated on July 20, 2011 with company number 07712220, and its registered office is at Suite 3 Regency House, 91 Western Road, Brighton, BN1 2NW.  The Company via its subsidiaries (together, "**NMC Group**") operate a network of private medical facilities across 19 countries, primarily focused in the Middle East.  NMC Group is the largest private healthcare provider in the United Arab Emirates ("**UAE**").  NMC Group owns and manages 194 medical facilities, including 38 hospitals and 146 medical centers.  In 2019, NMC Group treated 5.8 million people in its facilities in the UAE, Saudi Arabia and Oman.  NMC Group employs approximately 20,000 staff members, including approximately 2,000 medical doctors.

10.      Until its recent delisting, the Company had listed its equity shares on the London Stock Exchange since 2012 and was subject to oversight of the United Kingdom's financial services regulator, the Financial Conduct Authority (the "**FCA**").  In 2017 the Company was listed on the FTSE 100 index.

11.      In the United States, the Foreign Debtor acquired a 70% ultimate economic interest in 25 in vitro fertilization clinics ("**Boston IVF**") in December 2018.  The remaining 30% interest

-5-

is owned by entities under the control of the doctors that practice medicine in the Boston IVF clinics. The Foreign Debtor acquired its economic interest in Boston IVF via an investment made through NMC Eugin US. NMC Eugin US is the majority owner of Boston IVF Ventures, LLC, a Delaware limited liability company, which itself is the sole member of BIVF Management Services, LLC, a Delaware limited liability company. (*See* Fleming Decl. Ex 1.) Boston IVF has earned a reputation for innovative care, research, and next-generation fertility treatment options and has had numerous "firsts" in the field of reproductive care and centers throughout New England, New York, Arizona, and Indiana. The Foreign Debtor's interest in NMC Eugin US, a property interest located in Delaware, is a major asset owned by the Foreign Debtor available to the Administrators for realization for the benefit of the Foreign Debtor's creditors.

### B. NMC Health PLC's Capital Structure

12. The Company's most recent financial statements filed with the United Kingdom's Companies House are the unaudited interim accounts ending November 30, 2019 (the "**Interim Accounts**"). The Interim Accounts report total liabilities for the Company of $1.873 billion. The Interim Accounts also reference several intra-group loan arrangements, including a loan to indirect subsidiary BIVF Management Services LLC. (*See* Martin Decl., Ex. 2)

13. The Interim Accounts refer to a period prior to material disclosures relating to NMC Group's accounts and possible fraudulent activity leading to the UK Proceeding, including the discovery of at least $2.7 billion in previously undisclosed facilities to NMC Group, as discussed in additional detail below. Accordingly, the information contained in the Interim Accounts may not portray an accurate picture of the Company's capital structure immediately prior to commencement of the UK Proceeding.

14. In a witness statement in support of the application to commence the UK Proceeding, Mazen Yousif Zo'Mot, on behalf of Abu Dhabi Commercial Bank PJSC ("**ADCB**"),

EXHIBIT A
Page 15

provided details of current loan facilities provided by ADCB to which the Company is a party, including (i) a $2,000,000,000 syndicated facilities agreement dated February 26, 2018 (as amended and restated on November 29, 2018) between, among others, NMC Holdco as Borrower, the Foreign Debtor as Guarantor, ADCB, Barclays Bank PJSC, Citibank N.A., DIFC Branch, Citibank N.A., UAE Branch, HSBC Bank Middle East Limited, JP Morgan Chase Bank, N.A., London Branch and Standard Chartered Bank, DIFC Branch as Original Lenders (the "**Syndicated Facility**"); (ii) a $250,000,000 club facility agreement dated February 2019 between, among others, NMC Holdco as Borrower, NMC Health PLC as Guarantor, ADCB and Standard Chartered Bank (the "**Club Facility**"); $400 million in sukuk[3] certificates dated November 20, 2018 between, among other, NMC Healthcare Sukuk Limited as issuer and the Foreign Debtor as guarantor; and (iii) 493,937,317 United Arab Emirates dirhams (approximately $134,470,581.44) in outstanding bilateral credit facilities between, among others NMC Holdco, and the Foreign Debtor as guarantor. (*See* Martin Decl., Ex. 1-B, "First Witness Statement of Mazen Yousif Zo'Mot," ¶ 54)

15. The Syndicated Facility and the Club Facility are unsecured.

16. No security is registered at Companies House in respect of the Company.

## C. Events Leading to Administration in the UK

17. Until recently, the majority of the Company was owned by Dr. B.R. Shetty, Saeed Mohamed Butti Alqebaisi, and Khaleefa Butti Omair Yousif Almuhairi (together, the "**Principal Shareholders**"). On December 17, 2019, Muddy Waters Capital LLC ("**Muddy Waters**"), an investment research firm that conducts due diligence on public companies, published a report (the "**First Muddy Waters Report**") stating that it had concerns about the Company's accounts, including "concerns about fraudulent asset values and theft of company assets." On February 10,

---

3    A sukuk is an Islamic finance certificate, similar to a bond.

-7-

2020, Muddy Waters published a second report (the "**Second Muddy Waters Report**", and together with the First Muddy Waters Report, the "**Muddy Waters Reports**") speculating as to the nature of certain undisclosed share pledges in respect of 19 million shares held by the Principal Shareholders.  The same day, press reports emerged claiming that the FCA was investigating the Principal Shareholders' failure to disclose their full shareholdings.

18.    Although the Company disputed the Muddy Waters Reports, on February 26, 2020, the Company announced the discovery of $335 million in undisclosed borrowings by the NMC Group for the benefit of entities controlled by the Principal Shareholders.  On February 27, 2020, trading of the Company's shares on the London Stock Exchange was suspended.

19.    By announcements made on February 24, 2020, and February 27, 2020, the Principal Shareholders disclosed that they had sold, or otherwise transferred, approximately half (and possibly more) of their shares in the Company.  Following these transactions, the Principal Shareholders held, directly or indirectly, less than 30% of the Company's issued share capital.

20.    The situation escalated quickly in the weeks following suspension from trading.  On March 10, 2020, the Company announced to the market that it had identified over $2.7 billion in previously undisclosed facilities, leading the Company to estimate that NMC Group's debt position was nearly $5 billion instead of $2.1 billion, as reported in its most recent financial statements of June 30, 2019.  Days later, on March 12, 2020, the Company announced that external advisors to an independent review committee had "discovered evidence leading to suspected fraudulent behavior".  On March 24, 2020, the $5 billion figure was revised upwards to $6.6 billion, and the Company announced that at least $0.8 billion of the undisclosed debt was due as at June 2019.

21. As no corresponding increase in assets was announced by the Company, ADCB believed that the Company was balance sheet insolvent. Additionally, ADCB expressed concern that (i) the board of directors did not actually know the Company's true financial position, (ii) the Company has no board members in office that were genuinely independent of the apparent misconduct in the financial affairs of the Company and the NMC Group, (iii) there was a real risk that the board of directors was facilitating the concealment of the extent of the financial irregularity and the suspected fraudulent behavior, (iv) there were no proper controls to ensure that further liabilities were not or would not have been incurred by the Company, and (v) there was a risk that the real value of the assets of the Company, which are the shares in the subsidiary companies in NMC Group, would be dissipated, such that the value of the assets of the Company was in peril. Accordingly, ADCB proceeded to take steps to commence administration and the UK Proceeding.

**D.    Commencement of Administration Under the Act**

22. ADCB, in its capacity as a financial creditor of the Company, submitted an application for administration of the Company on April 2, 2020, (the "**Application**") to the English Court in accordance with the requirements of rule 3.3 of the Insolvency (England and Wales) Rule 2016 and paragraph 12(1)(b) of Schedule B1 to the Insolvency Act. (*See* Martin Decl., Ex. 1-A "Application."), requesting, among other relief, that the English Court enter an administration order in relation to the Company and appoint Richard Dixon Fleming, Mark Firmin and Ben Cairns as administrators.

23. The Application was heard on April 9, 2020, and the English Court entered an order (the "**Administration Order**") granting the relief requested in the Application, and among other things, appointing the administrators of the Company (the "**Administrators**"). (*See* Petition, Ex. A ¶¶ 1-5). The Administration Order also provides that, during the period for which the Administration Order is in force, (i) the affairs, business and property of the Company are to be

-9-

managed by the Administrators; (ii) any act required or authorised under any enactment to be done by either or all of the Administrators in respect of the Company may be done by any one or more of the persons for the time being holding that office with respect to the Company. (*See* Petition, Ex. A ¶¶ 2-4.)

24.     Further, by placing the Company into administration, the English Court imposed an automatic moratorium on creditor actions pursuant to paragraph 43 of Schedule B1 to the Insolvency Act, which prohibits the commencement of winding up proceedings in respect of the Company, the taking of steps to enforce security over the Company's property or repossess goods in the Company's possession, the institution or continuation of legal proceedings, execution, distress and diligence against the Company, and the exercise of certain rights of forfeiture in relation to premises leased to the Company, in each case either without either the consent of the Administrators or the permission of the English Court. (*See* Parker Decl., ¶¶ 23-25))

### E.     Litigation Against the Company in the United States

25.     On March 10, 2020, Chris Hashem, individually and on behalf of all others similarly situated filed a class action complaint (the "**Hashem Litigation**") against the Company and Prasanth Manghat, Khalifa Bin Butti, Prashanth Shenoy, J.J. Mark Tomkins and B.R. Shetty (together with the Company, the "**Hashem Defendants**") in the United States District Court for the Central District of California (the "**Central District of California Court**"), alleging that the Hashem Defendants (i) employed devices, schemes and artifices to defraud; (ii) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiffs in connection with their purchases of the Foreign Debtor's securities during the relevant

EXHIBIT A
Page 19

period in violation of Sections 10(b) and 20(a) of title 15 U.S.C. § 78 *et seq.* (the "**Exchange Act**")
and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

26. The Central District of California Court issued a summons on the Hashem
Defendants on April 1, 2020.

27. On March 27, 2020, Shengming Huang, individually and on behalf of all others
similarly situated, filed a class action complaint (the "**Huang Litigation**") against the Company
and Prasanth Manghat, Khalifa Bin Butti, Prashanth Shenoy, J.J. Mark Tomkins and B.R. Shetty
(together with the Company, the "**Huang Defendants**") in the Central District of California Court,
alleging that the Huang Defendants (i) employed devices, schemes and artifices to defraud; (ii)
made untrue statements of material facts or omitted to state material facts necessary in order to
make the statements made, in light of the circumstances under which they were made, not
misleading; or (iii) engaged in acts, practices and a course of business that operated as a fraud or
deceit upon plaintiffs in connection with their purchases of the Foreign Debtor's securities during
the relevant period in violation of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5
promulgated thereunder by the Securities and Exchange Commission.

28. The Central District of California Court issued a summons on the Huang
Defendants on April 1, 2020.

29. On May 11, 2020, counsel for the plaintiffs in the Hashem Litigation filed a motion
to consolidate the Hashem Litigation and the Huang Litigation.

30. Under the various summonses in the Hashem Litigation and the Huang Litigation,
the Foreign Debtor is obligated to answer or otherwise respond within 21 days of receipt of service
of each summons. To the best of our knowledge, service has not yet occurred.

**F.      Litigation in Foreign Jurisdictions by Aggressive Alleged Financial Creditors**

31.     Certain alleged financial creditors have commenced litigation against the Foreign Debtor or its subsidiaries in multiple international jurisdictions.  To date, at least five alleged financial creditors have asserted claims in the courts of Dubai and the Dubai International Financial Centre to enforce their rights and attach assets of the subsidiaries of the Foreign Debtor pursuant to certain lending facilities, including those facilities that were previously undisclosed by the Foreign Debtor and are being investigated by the Administrators as a component of the UK Proceeding.  In recent days reputable global financial press has reported actions by creditors across the globe seeking to secure assets and mitigate the damage caused by the Foreign Debtor's collapse.  In light of the facts and circumstances leading to the Administration and the uncertainty regarding the Foreign Debtor's finances, it is foreseeable that alleged financial creditors could soon take aggressive action against the Foreign Debtor in the United States.

**G.      The Chapter 15 Filing**

32.     Given that the protections imposed in favor of the Foreign Debtor in the UK Proceeding do not have extraterritorial reach into the United States, the recognition of the UK Proceeding under chapter 15 of the Bankruptcy Court will close the gap in protections within the territorial jurisdiction of the United States.  Thus, in order to preserve the value of its assets located within the territorial jurisdiction of the United States, the Company filed this chapter 15 case, in order to obtain recognition of the Administration and to obtain the benefit of the stay under sections 1520 and 362 of the Bankruptcy Code as well as the protections of section 365(e) of the Bankruptcy Code.

-12-

## **RELIEF REQUESTED**

33.     Based on the foregoing, the Martin Declaration, and the Parker Declaration offered in support of the Chapter 15 Petition, together with the materials attached to them, the Foreign Representatives request that this Court recognize the UK Proceeding as a foreign main proceeding under sections 101(23), 1502(4), and 1517 of the Bankruptcy Code and grant related relief under sections 1520 and 1521 of the Bankruptcy Code.

34.     After notice and a hearing at which this Chapter 15 Petition is considered, the Foreign Representatives seek entry of a final order, substantially in the form attached to the Recognition Motion as **Exhibit A** (the "**Proposed Recognition Order**"), granting relief, including, but not limited to:

a. Recognizing the Foreign Representatives as the Foreign Debtor's "foreign representatives" as such term is defined in section 101(24) of the Bankruptcy Code;

b. Recognizing the UK Proceeding as a "foreign main proceeding" in accordance with sections 101(23), 1502(4), 1517, and 1520 of the Bankruptcy Code;

c. Granting all relief provided in aid of the UK Proceeding as a foreign main proceeding upon recognition under section 1520 of the Bankruptcy Code, including without limitation, imposing the automatic stay of section 362 of the Bankruptcy Code in favor of the Foreign Debtor and any property of the Foreign Debtor that is within the territorial jurisdiction of the United States throughout the duration of this chapter 15 case or until otherwise ordered by this Court;

d. Entrusting the administration, realization, and distribution of the Foreign Debtor's assets located within the territorial jurisdiction of the United States to

the Foreign Representatives in accordance with subsections 1521(a)(5) and 1521(b) of the Bankruptcy Code;

e.  Granting the Foreign Representatives the rights and protections to which they are entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of U.S. Courts over the Foreign Representatives in accordance with sections 306 and 1510 of the Bankruptcy Code; and

f.  Granting such other relief as may be necessary and appropriate, including entry of a final decree after entry of the order granting the relief requested.

35.  The Foreign Representatives seek this relief at this time, but expressly reserve their right to request other, additional, or further relief or assistance as may be just and appropriate by further application after the hearing in accordance with section 1507 of the Bankruptcy Code or otherwise.

## BASIS FOR RELIEF

36.  For the reasons set forth in the Recognition Motion and in the Memorandum of Law in Support thereof, the Court should enter the Proposed Recognition Order as the Foreign Representatives meet the standards for obtaining the relief requested herein and otherwise satisfy the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code.

37.  The Foreign Representatives respectfully submit that the UK Proceeding should be recognized by this Court because, as required under section 1517 of the Bankruptcy Code, the Foreign Representatives applying for recognition are a "person," the UK Proceeding is a foreign

EXHIBIT A
Page 23

main proceeding within the meaning of section 1502 of the Bankruptcy Code, and the Petition meets the requirements of section 1515 of the Bankruptcy Code.

38. Section 1517(a) of the Bankruptcy Code authorizes the Court to enter a final order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign nonmain proceeding, (ii) the foreign representative applying for recognition is a person or body and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a). Section 1517(b) of the Bankruptcy Code further provides that a proceeding shall be recognized as a foreign main proceeding if its pending in the country where the debtor has the center of its main interest. *See* 11 U.S.C. § 1517(a).

39. The Foreign Representatives are "person[s]" within the meaning of section 101(41) of the Bankruptcy Code that have been appointed by the English Court, as memorialized in the Administration Order, and expressly authorized by the English Court to commence this case under chapter 15 of the Bankruptcy Code by filing the Chapter 15 Petition for recognition of the UK Proceeding. *See* 11 U.S.C. § 1504. The UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because, among other reasons, the UK Proceeding is a collective judicial proceeding conducted in England under the law related to insolvency or debt adjustment, and the assets and affairs of the Foreign Debtor are subject to supervision by the English Court for the purpose of reorganization or liquidation.

40. Further, as required by section 1515(b) of the Bankruptcy Code, the Chapter 15 Petition is accompanied by a true copy of the decision commencing the UK Proceeding and appointing the Foreign Representatives of the Foreign Debtor. (*See* Petition [D.I. 1], Ex. A.) The decision commencing the UK Proceeding is in English and, thus, comports with section 1515(d)

-15-

of the Bankruptcy Code.  (*Id*.)  In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representatives have filed a statement disclosing that, to the best of their knowledge, there are no other foreign proceedings pending with respect to the Foreign Debtor.  The Foreign Representatives have, therefore, satisfied the conditions requiring entry of an order recognizing the UK Proceeding.  *See* 11 U.S.C. § 1517(a).  Additionally, recognition of the UK Proceeding is not manifestly contrary to the public policy of the United States.  Based on the foregoing, the Foreign Representatives petition the Court for entry of an order, recognizing the UK Proceeding.

41.   The UK Proceeding should be recognized as a foreign main proceeding.  Indeed, the Foreign Debtor's center of main interest is in England, United Kingdom, and, thus, it has its nerve center in the United Kingdom.  Specifically, the Foreign Debtor is formed under the law of England and Wales and, prior to the commencement of Administration, had its registered offices and headquarters in London, England, United Kingdom, and, therefore, England is presumed to be the Foreign Debtor's center of main interest.  See 11 U.S.C. § 1516(c).  Moreover, when the English Court took jurisdiction over the Foreign Debtor, it implicitly recognized that its center of main interest was in England, United Kingdom.  Since the United Kingdom is the center of main interest for the Foreign Debtor, the UK Proceeding should be recognized as a foreign main proceeding.  *Id*. § 1517(b)(1).

42.   Upon recognition of the UK Proceeding as a foreign main proceeding, final relief is authorized by sections 1520 and 1521 of the Bankruptcy Code.  In particular:

    a.   Upon recognition of the UK Proceeding as a foreign main proceeding, the Foreign Representatives are automatically entitled to the protections of the automatic stay of section 362 of the Bankruptcy Code.  *See* 11 U.S.C. §§ 1520(a)(1), 362.

-16-

b.   Also, upon recognition of the UK Proceeding as a foreign main proceeding, sections 363, 549 and 552 of the Bankruptcy Code apply to a transfer of an interest of the Foreign Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate. *See* 11 U.S.C. § 1520(a)(2).

c.   Further, upon recognition of the UK Proceeding as a foreign main proceeding, unless the Court orders otherwise, the Foreign Representatives may operate the Foreign Debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(3).

d.   The Court may also suspend the right to transfer, encumber or otherwise dispose of the Foreign Debtor's assets. *See* 11 U.S.C. § 1520(a). To the extent that this relief is not granted under section 1520 of the Bankruptcy Code by applying section 362 of the Bankruptcy Code, the Court may grant this relief pursuant to section 1521(a)(3) of the Bankruptcy Code.

e.   Additionally, upon recognition of the UK Proceeding as a foreign main proceeding, the Foreign Representatives are entrusted, if not as of right under section 1520 of the Bankruptcy Code, with the discretionary approval of the Court under section 1521 of the Bankruptcy Code with the right to operate the Foreign Debtor's business, exercise rights and power of a trustee, and are entitled to administer and realize all or part of the Foreign Debtor's assets within the territorial jurisdiction of the United States. *See* 11 U.S.C. § 1521(a)(5).

-17-

f.  Upon recognition of the UK Proceeding as a foreign proceeding, the Court may, at the request of the Foreign Representatives, grant any additional relief that may be available to a trustee (except for the relief available under sections 522, 544, 545, 547, 548, 550 and 724(a)), including the protections afforded in section 365(e) of the Bankruptcy Code.

43.  The Court also has the power to provide additional assistance to a foreign representative under the Bankruptcy Code or other laws of the United States, consistent with the principles of comity. *See* 11 U.S.C. §§ 1507 and 1521. The Court's entry of the relief requested by the Chapter 15 Petition and of any additional assistance requested will not prohibit just treatment of holders of claims against the Foreign Debtor's property and will not prejudice its creditors. As such, the Foreign Representatives submit that the Court has the discretion to enter the additional assistance set forth in the attached proposed form of order.

## CONCLUSION

WHEREFORE, the Administrators of NMC Health PLC, in their capacity as Foreign Representatives, respectfully petition the Court for recognition and relief under chapter 15 of the Bankruptcy Code, the relief requested here, and for such other relief and assistance as may be necessary.

Dated:  Wilmington, Delaware
        May 28, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

By:/s/ R. Craig Martin_____
R. Craig Martin, Esq. (DE Bar No. 5032)
1201 North Market Street, 21st Floor
Wilmington, DE 19801
Tel: (302) 468-5700
Fax: (302) 778-7834
Email: craig.martin@us.dlapiper.com

-and-

Thomas R. Califano, Esq.
Erik F. Stier, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@us.dlapiper.com
       erik.stier@us.dlapiper.com

*Attorneys for the Foreign Representatives*

## VERIFICATION

I, Richard Dixon Fleming, as one of the duly authorized foreign representatives, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am authorized to make this verification in my capacity as one of the duly appointed foreign representatives NMC Health PLC (in Administration), and that based upon reasonable and good faith investigations, and the knowledge and information known to me to date, the facts set forth in the *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* are true and correct to the best of my knowledge, information, and belief.

Dated: May 28, 2020

/s/ Richard Dixon Fleming
Solely in his capacity as one of the Foreign Representatives
of NMC Health PLC (in Administration)

# Petition Exhibit A


# Order

**Amended in paragraph 3 pursuant to the slip rule by direction of ICC Judge Prentis of Tuesday 14 April 2020**

CR-2020-002098

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INSOLVENCY AND COMPANIES LIST (ChD)**

**BEFORE ICC JUDGE PRENTIS**

**DATED 9 APRIL 2020**

**IN THE MATTER OF NMC HEALTH PLC**

**AND IN THE MATTER OF THE INSOLVENCY ACT 1986**

_____

**ORDER**

_____

**UPON THE APPLICATION** of Abu Dhabi Commercial Bank PJSC (the "**Applicant**") for the appointment of administrators in respect of NMC Health plc (the "**Company**") by Application Notice dated 2 April 2020 (the "**Application**")

**AND UPON READING** the evidence

**AND UPON HEARING** Mr Stephen Robins and Mr Adam Al-Attar of Counsel for the Applicant and the Company not appearing

**AND UPON THE COURT DIRECTING** that the hearing shall be heard remotely by Skype

**AND UPON READING** a letter dated 8 April 2020 from the Company

EXHIBIT A
Page 31

**AND UPON THE COURT BEING SATISFIED** that Regulation (EU) 2015/848 of the European Parliament and of the Council on insolvency proceedings (recast) (the "**EU Regulation**") applies and that the proceedings in respect of the Company will be main proceedings within Article 3 of the EU Regulation

**IT IS ORDERED** that:

1. Richard Dixon Fleming, Mark Firmin, and Ben Cairns of Alvarez & Marsal Europe LLP, Park House, 16-18 Finsbury Circus, London EC2M 7EB (the "**Administrators**") are hereby appointed as the joint administrators of the Company.

2. During the period in which this Order is in force, the affairs, business and property of the Company are to be managed by the Administrators.

3. This Order takes effect at 13:06 BST on 9 April 2020.

4. For the purpose of paragraph 100(2) of Schedule B1 to the Insolvency Act 1986 ("**Schedule B1**"), any act required or authorised under any enactment to be done by any or all of the Administrators may be done by any one or more of the persons for the time being holding that office.

5. For the avoidance of doubt, the Administrators have the power under paragraph 61 of Schedule B1 to remove and replace directors of the Company.

6. The Applicant shall serve a sealed copy of this Order on the Company.

7. The Applicant's costs of and occasioned by the application shall be paid as an expense of the administration and shall be assessed by way of detailed assessment on the standard basis if not agreed.


**Service of this Order**

The Court provided a sealed copy of this Order to the Applicant, c/o Quinn Emanuel Urquhart & Sullivan, LLP, 90 High Holborn, London WC1V 6LJ, United Kingdom.

**Exhibit B**
**(Statements of Foreign Representative Required by Section 1515(c) and Rule 1007(a)(4))**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NMC Health PLC (in Administration),[1] | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 20-_____ (___) |
| | ) | |

**STATEMENTS OF FOREIGN DEBTOR REQUIRED BY
SECTION 1515(C) OF THE BANKRUPTCY CODE AND RULE 1007(A)(4)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Richard Dixon Fleming, Mark Firmin and Ben Cairns, in their capacity as the duly authorized joint administrators (in such capacity, jointly, the "**Foreign Representatives**") of NMC Health PLC (in Administration) (the "**Foreign Debtor**" or the "**Company**") as a debtor in administration under English law, pursuant to the Insolvency Act 1986 (the "**UK Proceeding**" or the "**Administration**") before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (the "**English Court**"), by and through their undersigned counsel, hereby make the following statements required by section 1515(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

**A.  STATEMENT REQUIRED BY SECTION 1515(c) OF THE BANKRUPTCY CODE**

The Foreign Representatives submit that, to the best of their knowledge, other than the UK Proceeding, there are no foreign proceedings concerning it.

---

[1] The Foreign Debtor is incorporated in England and Wales and has the English Company Number of 07712220. The Foreign Debtor's mailing address (and its registered office) is Suite 3 Regency House, 91 Western Road, Brighton, BN1 2NW.

EAST\174205178.2

EXHIBIT A
Page 35

## B. ALL AUTHORIZED ADMINISTRATORS OF THE FOREIGN DEBTOR IN THE UK PROCEEDING, EACH AUTHORIZED TO ACT INDIVIDUALLY OR TOGETHER JOINTLY

**Richard Dixon Fleming, Mark Firmin and Ben Cairns**
Alvarez & Marsal Europe LLP
Park House, 16-18 Finsbury Circus
London EC2M 7EB, England

## C. PARTIES TO LITIGATION PENDING IN THE UNITED STATES

i. **Shengming Huang, Individually and on behalf of All Others Similarly Situated**
c/o Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Attention: Jennifer Pafiti

ii. **Chris Hashem, Individually and on Behalf of All Others Similarly Situated**
c/o The Rosen Law Firm, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Attention: Laurence M. Rosen

## D. ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT

i. **Shengming Huang, Individually and on behalf of All Others Similarly Situated**
c/o Pomerantz LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Attention: Jennifer Pafiti

ii. **Chris Hashem, Individually and on Behalf of All Others Similarly Situated**
c/o The Rosen Law Firm, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Attention: Laurence M. Rosen

iii. **Gulf International Bank B.S.C**
330 Madison Avenue
New York, NY 10017

- 2 -

EAST\174205178.2

    **iv.**    **United Bank Limited**
        17th Floor Park Place Building
        Sh. Zayed Road, P.O. Box 1367
        Dubai, United Arab Emirates

    **v.**    **Noor Capital PSC**
        Al-Montazah Tower B
        Office 203/204 Second Floor
        Zayed the First Street
        Khalidiyah, Abu Dhabi, United Arab Emirates

    **vi.**    **Bank of Baroda**
        One Park Avenue,
        New York, NY 10016

    **vii.**    **Credit Europe Bank**
        Karspeldreef 6A
        1101 CJ Amsterdam
        The Netherlands

The information provided is based on the review of the Foreign Debtor's books and records. The Foreign Representatives reserve the right to modify or supplement any of the information provided here.

*[Signature Page Follows]*

- 3 -

Dated: Wilmington, Delaware
May 28, 2020

Respectfully submitted,

**DLA PIPER LLP (US)**

By:/s/ R. Craig Martin_____
R. Craig Martin, Esq. (DE Bar No. 5032)
1201 North Market Street, 21st Floor
Wilmington, DE 19801
Tel: (302) 468-5700
Fax: (302) 778-7834
Email: craig.martin@us.dlapiper.com

-and-

Thomas R. Califano, Esq.
Erik F. Stier, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
Email: thomas.califano@us.dlapiper.com
        erik.stier@us.dlapiper.com

*Attorneys for the Foreign Representatives*

- 4 -

EAST\174205178.2

EXHIBIT A
Page 38

<div style="border:1px solid black; padding:10px;">

**Fill in this information to identify the case and this filing:**

Debtor Name: **NMC Health PLC**

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (*If known*):_____

</div>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule _____*

☐      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U*

☒      *Other document that requires a declaration* **Statements of Foreign Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2020

✘/s/ Richard Dixon Fleming_____
Signature of individual signing on behalf of debtor
Richard Dixon Fleming
_____
Printed name
<u>Foreign Representative</u>_____
Position or relationship to debtor

EAST\174205178.2

EXHIBIT A
Page 39

- 2 -

EAST\174205178.2

# Exhibit C
**(Corporate Ownership Statement Under Bankruptcy Rule 7007.1)**

EAST\174205550.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NMC Health PLC (in Administration),[1] | ) | Chapter 15 |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Case No. 20-_____ (___) |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Richard Dixon Fleming, Mark Firmin and Ben Cairns, in their capacity as the duly authorized joint administrators (in such capacity, jointly, the "**Foreign Representatives**") of NMC Health PLC (in Administration) (the "**Foreign Debtor**") as a debtor in administration under English law, pursuant to the Insolvency Act 1986 (the "**UK Proceeding**" or the "**Administration**") before the High Court of Justice, Business and Property Courts of England and Wales, Insolvency and Companies List (the "**English Court**") certify that, to the best of their knowledge, the following entities hold more than 10% of the outstanding shares of the Foreign Debtor:

| Entity | Place of Incorporation | Percent of Outstanding Shares Held |
|---|---|---|
| Euroclear Nominees Limited | England | 17.32% |
| National City Nominees Limited | England | 22.52% |

The Foreign Debtor is a public company, with approximately 45% of its outstanding shares subject to public equity float. A copy of the shareholders register of the Foreign Debtor is attached as **Exhibit 3** to the *Declaration of Richard Dixon Fleming in Support of Verified*

---

[1] The Foreign Debtor is incorporated in England and Wales and has the English Company Number of 07712220. The Foreign Debtor's mailing address (and its registered office) is Suite 3 Regency House, 91 Western Road, Brighton, BN1 2NW.

*Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main*

*Proceeding and Other Related Relief* [D.I. 6].

<div align="center">

*[Declaration Page Follows]*

</div>

EAST\174205550.3

Fill in this information to identify the case and this filing:

Debtor Name: **NMC Health PLC**

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (*If known*): _____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U*

☒    *Other document that requires a declaration* **Statements of Foreign Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2020

✗/s/ Richard Dixon Fleming_____
Signature of individual signing on behalf of debtor

Richard Dixon Fleming_____
Printed name
<u>Foreign Representative</u>
Position or relationship to debtor

EAST\174205550.3

EXHIBIT A
Page 44