Laurence M. Rosen (SBN 219683)
lrosen@rosenlegal.com
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
(213) 785-2610
[Additional Counsel on Signature Page]

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on Behalf of All Others Similar Situated,<br><br>Plaintiff,<br><br>v.<br><br>NMC HEALTH PLC, et al.<br><br>Defendants. | Case No. 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with 2:20-cv-02895-CBM-MAA)<br><br>**MOTION FOR CLARIFICATION OF COURT'S ORDER DATED FEBRUARY 2, 2021 (DKT. 28)** |

Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs") respectfully move the Court for clarification of the February 2, 2021 Order (Dkt. No. 28) (the "Order"), which granted the stipulation between Plaintiffs and Defendant H.J. Mark Tompkins ("Tompkins"), filed on January 26, 2021 (Dkt. No. 26) (the "Stipulation"), and vacated the Default by Clerk entered January 27, 2021 (Dkt. No. 27). As detailed below, the Clerk did not default Tompkins; the Stipulation only sought to withdraw Plaintiffs' *request* for the Clerk to enter default against him. The Clerk's Default that is referenced in the Order was only against Defendant Khalifa Bin Butti ("Butti"), who was served on August 17, 2020 but has yet to respond. Plaintiffs respectfully request the Court to clarify whether the Order intended to vacate the default against Butti. Tompkins does not oppose Plaintiffs' request herein.

## DISCUSSION

Plaintiffs instituted this action against Defendants NMC Health plc ("NMC"),[1] Prasanth Manghat, B.R. Shetty, Prashanth Shenoy, Butti, and Tompkins, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §10(b), 20(a). On August 17, 2020 and September 1, 2020, Plaintiffs personally served summonses and copies of the Complaint on Defendants Butti and Tompkins. *See* Dkt. Nos. 27, 28, *Huang v. NMC Health plc*, Case No. 2:20-cv-02895 (C.D. Cal.).[2] On January 26, 2021, as neither Butti nor Tompkins had responded to the Complaint, Plaintiffs requested the Clerk to enter default as to both of them. *See* Dkt. No. 25. Shortly thereafter, Plaintiffs' counsel was contacted by Tompkins' counsel, who advised that he had recently been retained. Counsel stipulated, subject to Court approval, that Tompkins would have until March 1, 2021 to respond to the Complaint, and that Plaintiffs' request for default against him—which at that time had not yet been entered—be withdrawn. Tompkins filed the Stipulation that same day. Dkt. No. 26.

The following day, on January 27, 2021, the Clerk entered default, but only as to Butti, not Tompkins. Dkt. No. 27. On February 2, 2021, the Court granted the Stipulation, withdrew the request for default against Tompkins, and "further order[ed] the Default by Clerk [27] . . . vacated and set aside." *See* Dkt. No. 28. As a result, the Order vacated the default against Butti, who has yet to respond to the Complaint and was not a party to the Stipulation. As it is unclear to Plaintiffs whether the Court intended to vacate the default that had been properly entered against Butti, Plaintiffs respectfully seek clarification of the Order.

---

[1] On June 10, 2020, Plaintiffs advised the Court that NMC had been placed in administration (the English analogue of bankruptcy), and had filed a petition for recognition of a foreign bankruptcy proceeding. *See* Dkt. No. 17. The Bankruptcy Court granted the Petition on June 17, 2020; as a result, the case as to NMC (but only NMC) is stayed. *See id.*; *Order Recognizing UK Proceeding as a Foreign Main Proceeding and Granting Relief in Aid Thereof*, *In re NMC Health plc (in Administration)*, Case No. 20-11385 (MFW) (Bankr. D. Del. June 17, 2020).

[2] On September 24, 2020, the Court consolidated *Huang v. NMC Health plc* into this action. Dkt. 21.

# CONCLUSION

For the foregoing reasons, Plaintiffs seek clarification from this Court as to whether the Order intended to vacate the default entered against Butti.

Dated: February 8, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**POMERANTZ LLP**

Joshua B. Silverman (*pro hac vice*)
Jared M. Schneider (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jsilverman@pomlaw.com
jschneider@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 8, 2021, I electronically filed the following **MOTION FOR CLARIFICATION OF COURT'S ORDER DATED FEBRUARY 2, 2021 (DKT. 28)** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 8, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen