**POMERANTZ LLP**

Joshua B. Silverman (*pro hac vice*)
Jared M. Schneider (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jsilverman@pomlaw.com
jschneider@pomlaw.com
[Additional Counsel on Signature Page]

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on Behalf of All Others Similar Situated,<br><br>Plaintiff,<br><br>v.<br><br>NMC HEALTH PLC, et al.<br><br>Defendants. | Case No. 2:20-cv-02303-CBM-MAA<br><br>**NOTICE OF MOTION AND MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF THREE INDIVIDUAL DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3); MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**[Proposed] Order Lodged Concurrently Herewith**<br><br>DATE:       March 30, 2021<br>TIME:        10:00 a.m.<br>COURTROOM:  8B<br>Honorable Consuelo B. Marshall |

TO:    THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad hereby move this Court to authorize the service of three individual defendants pursuant to Federal Rule of Civil Procedure 4(f)(3). Plaintiffs request that this motion be heard on March 30, 2021, at 10:00 a.m., before the Honorable Consuelo B. Marshall in Courtroom 8B, 8th Floor, 350 West 1st Street, Los Angeles,

California 90012.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Jared M. Schneider, the Proposed Order, all pleadings and records on file in this action, and any other arguments and evidence presented to the Court.

Dated: February 26, 2021

**POMERANTZ LLP**

*/s/ Joshua B. Silverman*
Joshua B. Silverman (*pro hac vice*)
Jared M. Schneider (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jsilverman@pomlaw.com
jschneider@pomlaw.com

Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
lrosen@rosenlegal.com
sshepardson@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for an order permitting service of three individual defendants not yet served in this case: B. R. Shetty a/k/a Bavaguthu Raghuram Shetty ("Shetty"), Prasanth Manghat ("Manghat"), and Prashanth Shenoy ("Shenoy") (Shetty, Manghat, and Shenoy are collectively referred to herein as the "Unserved Defendants").  Plaintiffs believe that each of the Unserved Defendants has actual knowledge of this lawsuit, as set forth below.  However, due to their movement to evade other creditors, Plaintiffs have been unable to ascertain the physical location of the Unserved Defendants so as to effect traditional service.  Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs seek to effect alternative service in a means reasonably calculated to inform the Unserved Defendants – to the extent they somehow did not already have actual knowledge of this lawsuit – of this lawsuit and their role as defendants.  Specifically, Plaintiffs propose effecting alternate service by: (1) sending each Unserved Defendant a copy of the summons, complaint, and any order of alternate service entered by this Court to the email addresses specified below, believed to be used by them; (2) publishing notice of the lawsuit and the obligation of any order of alternate service entered by this Court via a wire service covering India and Abu Dhabi; and (3) to Shetty, sending a copy of the complaint and any order of alternate service entered by this Court to the place he holds out as his primary place of business, BRS Ventures located in Abu Dhabi, United Arab Emirates (the "UAE"), and through Zulfiquar Memon of MZM Legal LLP, who holds himself out to the public as Shetty's counsel.

## I.     **INTRODUCTION**

This case is brought against NMC Health plc ("NMC" or the "Company"),[1] an English global healthcare company with its principal place of business in Abu Dhabi, United Arab Emirates; Manghat, its CEO; Shenoy, its CFO; Khalifa Bin Butti ("Butti"), the Company's Executive Vice Chairman and one of its controlling shareholders; Shetty, one of the Company's Non-Executive Joint Chairmen; and NMC's other Non-Executive Joint Chairman, H.J. Mark Tompkins ("Tompkins"). Butti and Tompkins have been served and are not subjects of this Motion.  *See* Am. Order Granting Stip. Withdrawing Req. Entry Default Against Def. H.J. Mark Tompkins & Extending Time Resp. Compls., ECF No. 30 (Feb. 2, 2021).  This case arises out of revelations that the Company concealed several related-party transactions and otherwise misstated its financial position, including the omission of USD$3-4 billion in debt.

Prior to, and during the Class Period, the Unserved Defendants each resided permanently in Abu Dhabi.  After Defendants' fraud was revealed, however, reports soon surfaced that the Unserved Defendants fled the country to India.  *See* p. 6, *infra.* As the extent of Defendants' fraud became known, NMC's largest creditor successfully petitioned for NMC to be placed into administration (the English analogue to an American bankruptcy).  The creditor also filed a USD$817 million "fraud and forgery" criminal complaint with Abu Dhabi's Public Prosecutor, against the Unserved Defendants, Butti, and other NMC officers.  *See* pp. 6-7, *infra.*

Plaintiffs served Butti and Tompkins on August 17, 2020 and September 1, 2020; all that remains is to complete service on the Unserved Defendants.  While

---

[1] On June 10, 2020, Plaintiffs advised the Court that NMC had been placed in administration (the English analogue of bankruptcy) and had filed a petition for recognition of a foreign bankruptcy proceeding.  *See* Dkt. No. 17.  The Bankruptcy Court granted the Petition on June 17, 2020; as a result, the case as to NMC (but only NMC) is stayed.  *See id.*; *Order Recognizing UK Proceeding as a Foreign Main Proceeding and Granting Relief in Aid Thereof, In re NMC Health plc (in Administration)*, Case No. 20-11385 (MFW) (Bankr. D. Del. June 17, 2020).

ordinarily Plaintiffs would serve the Unserved Defendants at their residences and/or businesses in Abu Dhabi, they have disappeared into India, apparently to evade major creditors and the Dhabyani government. As a result, attempting service on the Unserved Defendants via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") would be unreasonably difficult, expensive, and protracted. More importantly, with the Unserved Defendants on the move to evade creditors, Hague service would be unlikely to succeed.

For such situations, Federal Rule of Civil Procedure 4(f)(3) allows a reasonable alternative to the costly, time consuming, and possibly fruitless procedure of attempting service outside the country. Consequently, to expedite this litigation, and to reduce the costs associated with it, Plaintiffs respectfully move the Court to permit service of the Unserved Defendants through their email addresses and through publication via press releases in India and Abu Dhabi; and of Shetty through his primary place of business, BRS Ventures located in Abu Dhabi, UAE; and through his Indian counsel.

## II.    BACKGROUND

This is a consolidated class action brought under the federal securities laws against NMC, an English global healthcare company, and certain of its officers and directors. During the Class Period, NMC's shares traded on the London Stock Exchange and in the United States via American Depositary Shares. Plaintiffs' Complaints allege that Defendants violated federal securities laws by knowingly or recklessly omitting extensive debt obligations, related-party transactions, insider selling, and share pledges among the Company and its controlling shareholders, while publicly touting NMC's strong financial base and risk management, its organic expansion and acquisitions, and its conservative financing. On December 17, 2019, however, Muddy Waters Capital LLC published a report detailing how Defendants misled investors and failed to disclose NMC's (i) lack of internal controls, (ii) related party transactions, (iii) true debt burden, (iv) true asset values, and (v) use of reverse

factoring. While Defendants initially denied any wrongdoing, Butti, Shetty, Tompkins, Manghat, and Shenoy all left NMC in February and March 2020.

Reports surfaced that soon after they were removed from NMC, the Unserved Defendants fled Abu Dhabi for India. *See* Nada El Sawy, *NMC Health Founder BR Shetty Breaks His Silence: I Intend to Return to the UAE*, The National, *available at*: https://www.thenationalnews.com/business/economy/nmc-health-founder-br-shetty-breaks-his-silence-i-intend-to-return-to-the-uae-1.1007373 (Apr. 17, 2020) ("Mr Shetty told *The National* . . . that he left the UAE to Mangalore on February 7"); *Prasanth Manghat, accused of extorting money from an Arab bank with His brother!*, Karma News, *available at*: https://en.thekarmanews.com/prashant-mangat-accused-of-extorting-money-from-an-arab-bank-with-his-brother/ (July 3, 2020) ("Prashant Mang[h]at, accused of extorting money from an Arab bank with His brother, his family, and about 20 loyal people left the UAE."); Anjana Sankar, *NMC CFO exits UAE with family and housemaid on repatriation flight to India*, Khaleej Times, *available at*: https://www.khaleejtimes.com/uae/abu-dhabi/nmc-cfo-exits-uae-with-family-and-housemaid-on-repatriation-flight-to-india (May 11, 2020) ("All top 25 top NMC bosses left the UAE overnight in February.").

Meanwhile, a consortium of creditors filed a series of lawsuits related to Defendants' fraud. NMC's largest creditor, the Abu Dhabi Commercial Bank ("ADCB") successfully petitioned the English courts to place NMC in Administration,[2] and filed a criminal complaint for fraud and forgery with the UAE Department of Public Prosecution against Shetty, Manghat, Shenoy, and Butti, among others, for approximately Dh3 billion (USD$1 billion). Manoj Nair, *UAE's NMC Health to go into 'administration'*, Gulf News, *available at*: https://gulfnews.com/business/banking

---

[2] "Administration is an insolvency process by which a company is placed under the control of an insolvency practitioner to enable him to achieve objectives laid down by statute." Practical Law UK, *Administration: a quick guide*, *available at*: http://uk.practicallaw.thomsonreuters.com/7-385-3012.

/uaes-nmc-health-to-go-into-administration-1.1586364593583 (Apr. 8, 2020); Issac John, *NMC's BR Shetty, 5 others face fraud, forgery charges*, Khaleej Times, *available at*: https://www.khaleejtimes.com/business/corporate/nmcs-br-shetty-5-others-face-fraud-forgery-charges (Apr. 15, 2020). Subsequently, NMC's creditors filed a series of lawsuits in the Dubai International Financial Court ("DIFC") against NMC, some of its corporate affiliates, and Shetty. *See* Michael Fahy, *British banking giant Barclays sues BR Shetty to recover $130m*, The National, *available at*: https://www.thenationalnews.com/business/banking/british-banking-giant-barclays-sues-br-shetty-to-recover-130m-1.1098822 (Oct. 25, 2020).

On May 28, 2020, NMC's Administrators filed a Petition under Chapter 15 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, seeking recognition in this Country of the UK's Administration. *See* Verf. Pet. Under Ch. 15 Order & Final Decree Granting Recognition Foreign Main Proceeding & Other Related Relief, *In re NMC Health PLC (in Administration)*, Case No. 20-11385-MFW (Del. Bankr. May 28, 2020) (the "NMC Bankr. Pet."). The request for recognition was based in part on the "need to pause certain litigation pending in the United States during their administration" including this action. *Id.* ¶¶1, 25-30.

On or about October 12, 2020, Shetty, acting through his lawyer, Zulfiquar Memon of the Indian firm MZM Legal LLP,[3] filed a 55-page fraud complaint against Manghat and his brother, claiming that Shetty had no involvement in NMC's fraud. *Businessman Shetty Seeks India Probe of NMC, Finablr Ex-CEOs Over $6 Billion Scandal*, Reuters, *available at*: https://mzmlegal.com/news/businessman-shetty-seeks-india-probe-of-nmc-finablr-ex-ceos-over-6-bln-scandal/ (Oct. 12, 2020). Recent reports indicate that Shetty is still residing somewhere in India. *B R Shetty stopped at*

---

[3] MZM Legal also represents that Shetty is one of the firm's "key clients" in its "White Collar Crime/Criminal Defense" department. *See MZM Legal*, Chambers & Partners, *available at*: https://chambers.com/law-firm/mzm-legal-asia-pacific-8:22572511 (last visited Feb. 23, 2021).

*airport on way to UAE*, Kerala Kaumudi, *available at*: https://keralakaumudi.com/en/news/news.php?id=433918&u=b-r-shetty-stopped-at-airport-on-way-to-uae (Nov. 15, 2020).

Plaintiffs believe that each of the Unserved Defendants already has actual knowledge of this Action, and the claims against them therein, because Plaintiffs previously emailed the summons and complaint to each of them, as explained below, and this Action and the underlying fraud have been widely publicized in the press and in NMC's bankruptcy proceeding. *See, e.g.*, *NMC UK Sends Team of Experts to UAE, Here's Why*, Al Bawaba, *available at*: https://www.albawaba.com/business/nmc-uk-sends-team-experts-uae-here's-why-1355525 (May 7, 2020); Michael Fahy, *US law firms file class action suits against NMC Health*, The National, *available at*: https://www.thenationalnews.com/business/markets/us-law-firms-file-class-action-suits-against-nmc-health-1.1014302 (May 3, 2020); NMC Bankr. Pet. ¶¶25, 27 (referencing this Action "against . . . Prasanth Manghat, . . . Prashanth Shenoy, . . . and B.R. Shetty").  However, Plaintiffs have been unable to effect traditional service because, despite a reasonable and diligent search, Plaintiffs have been unable to determine the locations of the Unserved Defendants.  Schneider Decl. ¶2.  Prior to the revelation of Defendants' fraud, the Unserved Defendants lived and worked in Abu Dhabi.  Now, however, all three appear to be on the run in India from Dhabyani authorities, likely imprisonment in that country, and hundreds of millions of dollars in civil and criminal liabilities and penalties.

After being unable to determine their physical locations, Plaintiffs used RocketReach—"the world's largest and most accurate database of emails"[4]—to locate what appear to be the Unserved Defendants' non-NMC email addresses.  Schneider Decl. ¶3.  On August 14, 2020, Plaintiffs sent copies of the summons and complaint to the Unserved Defendants at these email addresses.  *Id.* ¶5, Exs. A-C.  Plaintiffs did not

---

[4] *See* http://rocketreach.co (last visited Feb. 12, 2021).

receive a response from any of these addresses, nor did Plaintiffs receive notice that the messages were not delivered. *Id.* ¶¶5, 7.  Additionally, Plaintiffs recently verified the Unserved Defendants' email addresses via a service that "connect[s] to the email server to confirm the validity of the email address that you are searching." *See http://www.VerifyEmailAddress.org* (last visited Feb. 19, 2021); Schneider Decl. ¶¶8, Exs. E-G.   Due to the combination of verification from RocketReach and VerifyEmailAddress, and the lack of any response, for example, that Plaintiffs "have the wrong Shenoy," Plaintiffs believe that brshetty@brsventures.com, pmanghat@gmail.com, and shenoypca@gmail.com are valid email addresses for Shetty, Manghat, and Shenoy.  *Id.* ¶¶6, 9.  Accordingly, in order to expedite this litigation and reduce the associated costs, Plaintiffs respectfully seek to serve the Unserved Defendants at these email addresses and through notice disseminated via a wire service with coverage in the UAE and India, with copies sent to Shetty at (1) his company, BRS Ventures, at its home office in Abu Dhabi; and (2) his Indian counsel, Memon.

## III.   ARGUMENT

### A.    The Hague Convention Does Not Preclude Service of Process by the Requested Methods

Service of process outside the United States is governed by Federal Rule of Civil Procedure 4(f), which provides that such service may be made by means that include international agreements such as the Hague Convention, or, under subsection 4(f)(3), "by other means not prohibited by international agreement, as the court orders." Plaintiffs are not required to use the other methods of overseas service authorized by Rule 4(f), such as the Hauge Convention, before asking a court to authorize service by "other means."  Indeed, the *Rio* Court explicitly found "[n]o such requirement . . . in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Rio Props, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also In re LDK Solar Sec. Litig.*, No. 07-cv-5182-WHA, 2008 U.S. Dist. LEXIS

9072, at *5-6 (N.D. Cal. June 12, 2008) (quoting *Rio* and relying on it to conclude that "plaintiffs are free to attempt an alternate means of service without having to show an attempt of service" through the contracting party's Central Authority); *Bank Julius Baer & Co. Ltd. v. Wikileaks*, No. C 08-00824 JSW, 2008 U.S. Dist. LEXIS 14758, at *5 (N.D. Cal. Feb. 13, 2008) ("[A] plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2)" before seeking court approval to serve under Rule 4(f)(3)). Nor is it "[]necessary for plaintiffs to show the lack of judicial assistance by the host nation. Instead, plaintiffs need[] only demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *LDK*, 2008 U.S. Dist. LEXIS 90702, at *9.

Accordingly, service under Rule 4(f)(3) is sufficient so long as it is "(1) directed by the court; and (2) not prohibited by international agreement." *Rio Props.* at 1014 ("No other limitations are evident from the text."). "Under Rule 4(f)(3), courts can order service through a variety of methods, 'including publication, . . . delivery to the defendant's attorney, . . . and most recently, email.'" *Victaulic Co. v. Allied Rubber & Gasket Co.*, Case No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, *4-5 (S.D. Cal. May 8, 2020) (quoting *Rio Props.*, 284 F.3d at 1016). "[N]umerous courts have authorized alternative service [via email] under Rule 4(f)(3) even where the Hague Convention applies . . . [and] even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention," such as service "'by postal channels.'" *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269, *40 (N.D. Cal. July 1, 2011) (allowing service via defendants' email); *see also DisputeSuite.com, LLC v. Credit Umbrella Inc.*, Case No. CV 14-6340-MWF (MANx), 2015 U.S. Dist. LEXIS 193737, *12 (C.D. Cal. June 2, 2015) (allowing service by email on defendant in country that objected to Article 10, reasoning that "e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention"); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011)

(explaining that India's "objection to service through postal channels does not amount to an express rejection of service via electronic mail" and noting that "[s]everal other courts have found service by electronic mail appropriate where a signatory nation has not objected to that specific means of service").  Moreover, the Hague Convention does not prohibit service via publication or on the defendants' attorney.  *See generally* Hague Convention, 20 U.S.T. 361; *see also Intercontinental Indus. Corp. v. Qingquan Luo*, Case No. CV 10-4174-JST, 2011 U.S. Dist. LEXIS 9081, *5 (C.D. Cal. Jan. 20, 2011) ("[T]he Hague Convention does not prohibit service by publication."); *Supima v. Tradeline Enters. Pvt*, No. LA CV19-10568 JAK (RAOx), 2020 U.S. Dist. LEXIS 164606, at *8 (C.D. Cal. July 15, 2020) (authorizing service on attorney of defendant residing in India, a contracting party to the Hague Convention).

**B.    The Requested Methods of Service are Reasonable and Comport with Due Process**

Court-ordered service under Rule 4(f)(3) must be reasonable and comport with constitutional notions of due process.  To meet these requirements, the service crafted by the district court must be "reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Shinde v. Nithyananda Found.*, Case No. EDCV 13-00363-JGB (SPx), 2014 U.S. Dist. LEXIS 197030, at *19 (C.D. Cal. Aug 25, 2014) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see also Rio Props.*, 284 F.3d at 1016.

Applying this standard, and the foregoing authorities, service via email, publication, and through Shetty's business and counsel is appropriate in this action. The Unserved Defendants have actual knowledge of this Action due to the summonses and complaints that were mailed to their email addresses, notorious press coverage, and NMC's bankruptcy proceeding.  Moreover, Plaintiffs "identified email addresses for the defendants and sent messages regarding this matter which did not receive responses" or "bounce back," which indicates "that email reasonably is calculated to

provide Defendants notice of the lawsuit and comport with due process."[5]  *Will Co. v. Lee*, Case No. C20-5802 BHS, 2021 U.S. Dist. LEXIS 15621 *2-4 (W.D. Wash. Jan. 27, 2021) (internal citation omitted).  Additionally, courts have authorized service by publication as an additional method to apprise the defendant of the litigation.  *See*, *e.g.*, *Victaulic*, 2020 U.S. Dist. LEXIS 82150 at *9.  Moreover, service on Mr. Memon, Shetty's Indian counsel, comports with due process as to Shetty because he is "already representing the defendant" in connection with related litigation in India and "otherwise had knowledge of the underlying facts of the case."  *See AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 U.S. Dist. LEXIS 70577, at *14 (S.D.N.Y. May 29, 2015), *cited with approval in de Leon v. Ayman Ismail Abudawood*, No. 8:18-cv-01030-JLS-JDE, 2018 U.S. Dist. LEXIS 224784, at *12 (C.D. Cal. Oct. 23, 2018).  Further, it is reasonable to believe that service papers and other important documents that are sent to Shetty at BRS Ventures' home office in Abu Dhabi will actually be transmitted to him, thereby affording him notice of the "pendency of the action and afford[ing] [him] an opportunity to present [his] objections."  *Rio Props.*, 284 F.3d at 1016.

While service through any of these methods alone would be sufficient, Plaintiffs believe that service through these methods in tandem greatly increases the likelihood of the documents actually reaching the unserved Unserved Defendants.  Based on these facts, and the difficulty, burden, expense, and impracticality of effecting service under the Hague Convention, Plaintiffs respectfully request this Court to permit alternative service on the Unserved Defendants under Rule 4(f)(3).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion should be granted.

---

[5] "An 'email bounce-back message' is the message you get from the automated email system that lets you know that your message has not reached the recipient." Salman, *Email Bounce Backs – The Complete Guide for 2020*, VerifyBee, *available at*: https://verifybee.com/email-bounce-backs/ (Apr. 7, 2020).

Dated:  February 26, 2021

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Joshua B. Silverman*
    Joshua B. Silverman (*pro hac vice*)
    Jared M. Schneider (*pro hac vice*)
    10 South La Salle Street, Suite 3505
    Chicago, Illinois 60603
    Telephone: (312) 377-1181
    Facsimile: (312) 377-1184
    jbsilverman@pomlaw.com
    jschneider@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Stephen Shepardson (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Email: sshepardson@rosenlegal.com

*Counsel for Lead Plaintiff*