Laurence M. Rosen (SBN 219683)
lrosen@rosenlegal.com
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
(213) 785-2610

*Co-Lead Counsel for the Lead Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on Behalf of All Others Similar Situated,, <br><br> Plaintiff, <br><br> v. <br><br> NMC HEALTH PLC, et al, <br><br> Defendants. | Case No.: 20-cv-02303-CBM-MAA <br><br> [Consolidated with Case No. 2:20-cv-02895-CBM-MAA] <br><br> **STIPULATION STAYING DEADLINE TO RESPOND TO COMPLAINTS AND ALL OTHER CASE DEADLINES AND PROCEEDINGS AS TO DEFENDANT H.J. MARK TOMPKINS** <br><br> [Proposed] Order Lodged Concurrently Herewith <br><br> [Honorable Consuelo B. Marshall] |

STIPULATION AND PROPOSED ORDER STAYING DEADLINES, Case No. 2:20-cv-02303-CBM-MAA    1

604839.1

Lead Plaintiffs Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad ("Plaintiffs") and defendant H.J. Mark Tompkins ("Tompkins"), by and through their respective counsel of record, hereby stipulate as follows, subject to the approval of the Court.

1. On March 10, 2020, a complaint ("Hashem Complaint") was filed in Case No. 2:20-cv-02303-CBM-MAA ("Hashem Action").

2. On March 27, 2020, a complaint ("Huang Complaint") was filed in Case No. 2:20-cv-02895-CBM-MAA ("Huang Action"). The Huang Complaint and the Hashem Complaint are collectively referred to as the "Complaints."

3. The Huang Action was consolidated with the Hashem Action on September 24, 2020 ("Consolidated Action"). On September 24, 2020, the Court also appointed Plaintiffs as Lead Plaintiffs.

4. On January 26, 2021, Plaintiffs and Tompkins filed a stipulation and proposed order withdrawing the request for default that had been filed on January 26, 2021 as to Tompkins and giving Tompkins an extension until March 1, 2021 to answer or otherwise respond to the Complaints.

5. On February 2, 2021, the Court ordered that the request for default was withdrawn as to Tompkins and that Tompkins shall have until March 1, 2021 to answer or otherwise respond to the Complaints.

6. On February 11, 2021, Plaintiffs and Tompkins participated in a Local Rule 7-3 conference of counsel regarding Tompkins' anticipated (i) motion to dismiss the Complaints pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and forum non conveniens, and (ii) motion to stay this action based on the pending foreign bankruptcy (i.e. administration) proceedings of defendant NMC Health PLC. Plaintiffs and Tompkins did not reach a resolution of the above matters.

7. On February 18, 2021, Plaintiffs and Tompkins filed a stipulation and proposed order giving Tompkins a further extension to respond to the Complaints to

March 31, 2021. That stipulation was executed and submitted because Plaintiffs and Tompkins had commenced settlement discussions, and they wished to focus their time and efforts on trying to reach a prompt resolution as to Tompkins rather than engage in extensive and costly motion practice with regard to the Complaints as described above (which would be counterproductive to settlement discussions).

8. Based on the above stipulation, on February 22, 2021, the Court entered an order providing that Tompkins shall have until March 31, 2021 to answer or otherwise respond to the Complaints. (ECF No. 32.)

9. Plaintiffs and Tompkins have continued to diligently engage in settlement discussions over the last several weeks.

10. Plaintiffs and Tompkins have reached a preliminary agreement in principle to settle this action as to Tompkins only, subject to the negotiation and execution of a suitable and mutually agreeable stipulation of settlement and subject to the Court's preliminary and final approval of the contemplated settlement.

11. Plaintiffs and Tompkins require additional time to complete the documentation and execution of a proposed stipulation of settlement, Plaintiffs thereafter shall require time to prepare and file a motion for preliminary approval of the contemplated settlement, and, if said preliminary motion is granted, Plaintiffs will then require further time to complete the settlement approval process, including without limitation, Plaintiffs' preparation and filing of a motion for final approval and completion of the hearing on said motion.

12. As part of the terms of their tentative agreement to settle, Plaintiffs and Tompkins have agreed that during the settlement documentation and approval process, (i) Tompkins shall not be required to (and shall not) respond to the Complaints; (ii) Plaintiffs shall not be required to oppose Tompkins' anticipated motions (described above); and (iii) Tompkins shall not be required to participate in discovery (including Rule 26 initial disclosures) or other proceedings in this action, which shall be stayed as to Tompkins.

1  13. Therefore, to facilitate the consummation of the contemplated settlement
2  and avoid potentially unnecessary motion practice and expenditure of costs and
3  resources in the meantime, Plaintiffs and Tompkins have agreed, subject to Court
4  approval, that Tompkins' deadline to respond to the Complaints, and all other case
5  deadlines and proceedings as they pertain to Tompkins (including, without limitation,
6  those set forth in Fed. R. Civ. P. 16 and 26), shall be stayed pending completion of
7  the settlement documentation and approval process (as described above) and/or
8  pending further order of the Court.

9  14. This Stipulation will not cause prejudice to any of the parties to this
10 action.  Further, the requested stay will conserve the parties' and judicial resources
11 and serve the interests of justice.

12 15. By entering into this Stipulation, and by engaging in the settlement-
13 related activities described above, Tompkins preserves and does not waive any rights,
14 objections or defenses, including but not limited to the defenses listed in Fed. R. Civ.
15 P. 12(b), with regard to the Complaints (and including his rights, objections and
16 defenses with regard to lack of personal jurisdiction and venue/forum).  If, for
17 whatever reason, the contemplated settlement is not consummated or otherwise
18 approved by the Court, Tompkins intends to file the motions described in paragraph 6
19 above, at the appropriate time as may be stipulated by the parties and/or ordered by
20 the Court.

21 Now, therefore, Plaintiffs and Tompkins, by and through their counsel of
22 record, hereby stipulate and agree as follows, subject to the approval of the Court:

23 Tompkins' deadline to respond to the Complaints, and all other case deadlines
24 and proceedings as they pertain to Tompkins (including, without limitation, those set
25 forth in Fed. R. Civ. P. 16 and 26), are stayed pending completion of the settlement
26 documentation and approval process and/or pending further order of the Court.
27 .
28

| | | |
|---|---|---|
| Dated: March 24, 2021 | | THE ROSEN LAW FIRM, P.A. |
| | | By: /s/ Laurence M. Rosen |
| | | Laurence M. Rosen (SBN 219683) |
| | | 355 South Grand Avenue, Suite 2450 |
| | | Los Angeles, CA 90071 |
| | | Telephone: (213) 785-2610 |
| | | Facsimile: (213) 226-4684 |
| | | Email: lrosen@rosenlegal.com |
| | | *Co-Lead Counsel for Lead Plaintiffs* |
| Dated: March 24, 2021 | | POMERANTZ LLP |
| | | By: /s/ Joshua B. Silverman |
| | | Joshua B. Silverman (*pro hac vice*) |
| | | Jared M. Schneider (*pro hac vice*) |
| | | 10 South La Salle Street, Suite 3505 |
| | | Chicago, Illinois 60603 |
| | | Telephone: (312) 377-1181 |
| | | Facsimile: (312) 377-1184 |
| | | jbsilverman@pomlaw.com |
| | | jschneider@pomlaw.com |
| | | *Co-Lead Counsel for Lead Plaintiffs* |
| Dated: March 24, 2021 | | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| | | By: /s/ William A. Wright |
| | | William A. Wright |
| | | Stephen Y. Ma |
| | | Attorneys for Defendant |
| | | H.J. MARK TOMPKINS |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer, Laurence M. Rosen, attests that all other signatories listed, and on whose behalf the filing is submitted, concur in

1  the filing's content and have authorized the filing.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On March 24, 2021, I electronically filed the following **STIPULATION AND PROPOSED ORDER STAYING DEADLINE TO RESPOND TO COMPLAINTS AND ALL OTHER CASE DEADLINES AS TO DEFENDANT H.J. MARK THOMPKINS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 24, 2021.

/s/ Laurence M. Rosen
Laurence M. Rosen

604839.1