UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 20-cv-02303-CBM-(MAAx) | Date | March 25, 2021 |
| Title | Chris Hashem v. NMC Health Plc et al | | |

| | |
|---|---|
| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:  **IN CHAMBERS- ORDER RE MOTION FOR SERVICE BY PUBLICATION AND OTHER ALTERNATIVE SERVICE [33]**

Pending before the Court is Plaintiffs' Motion for Service by Publication and other Alternative Service. (Dkt. 33.) Plaintiffs request the Court permit service on three individual defendants not yet served in this case: B. R. Shetty a/k/a Bavaguthu Raghuram Shetty ("Shetty"), Prasanth Manghat ("Manghat"), and Prashanth Shenoy ("Shenoy") (Shetty, Manghat, and Shenoy are collectively referred to herein as the "Unserved Defendants") by alternative means pursuant to Fed. R. Civ. P. 4(f)(3), due to Unserved Defendants' physical location being unknown. (Mot. at p. 3, 4 "[D]uring the Class Period, the Unserved Defendants each resided permanently in Abu Dhabi.")

## BACKGROUND

Plaintiff, individually and on behalf of all other persons similarly situated or otherwise acquired publicly traded NMC securities between March 13, 2016, and March 10, 2020, filed a Complaint alleging violations of the Securities Exchange Act. Defendant NMC Health Plc ("NMC") provides healthcare services in the United Arab Emirates, the United Kingdom, Spain, and internationally. (Compl. ¶ 8.) The Underserved Defendants work for Defendant NMC as the Company's Executive Officers and Board member.

## JURISDICTION

This Court has jurisdiction over this action pursuant to the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b) and 78t(a).

## LEGAL STANDARD

Rule 4(f)(3) permits the service of any individual in a foreign country "by other means not prohibited by international agreement, as the court orders." *Microsoft Corp. v. Buy More, Inc.*, 703 Fed. Appx. 476, 480 (9th Cir. 2017). The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion of the district court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiffs are not required to attempt service by all feasible alternatives before service under Rule 4(f)(3) is allowed. *Id.* "[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address . . . and most recently, email." *Id.* (upholding a district court's decision allowing plaintiff to serve defendant via email address).

## DISCUSSION

Here, it appears to the Court that Defendants whereabouts are unknown to Plaintiff. (Mot. at p. 3, 8. "Plaintiffs have been unable to ascertain the physical location of the Unserved Defendants so as to effect traditional service.") In the Declaration of Jared Schneider, Plaintiffs' counsel states that he used a serviced called "RocketReach" to attempt to locate accurate emails addresses for Shetty, Manghat, and Shenoy. Plaintiffs' counsel was able to confirm that (brshetty@brsvventures.com), (pmanghat@gmail.com), and (shenoypca@gmail.com) were valid email addresses for the Unserved Defendants and the email address was active and operational as of February 19, 2021. (Decl. Schneider, ¶¶ 3, 4, 8; Ex. E, F, G.)

Plaintiffs propose effecting alternate service by: 1) sending each Unserved Defendant a copy of the summons and complaint to the email addresses, 2) publishing notice of the lawsuit and the obligation of any order by this Court via a wire service (press releases) covering India and Abu Dhabi and 3) to Defendant Shetty's primary place of business, BRS Ventures located in Abu Dhabi and through Memon of MZM Legal LLP, "who holds himself out to the public as Shetty's counsel." (Mot. at p. 3.)

The Court finds this Motion is appropriate for decision without an appearance or oral argument. No appearance is needed on March 30, 2021. Accordingly, the Court **grants** Plaintiffs' request for service by publication and/or alternative service including listed email address.

**IT IS SO ORDERED.**