1

2　　　　**UNITED STATES DISTRICT COURT**
　　　　**CENTRAL DISTRICT OF CALIFORNIA**
3

4　CHRIS HASHEM, individually and　　　Case No.: 2:20-cv-02303-CBM-MAA
　on behalf of all others similarly situated,
5　　　　　　　　　　　　　　　　　　(Consolidated with Case No. 2:20-cv-
　　　　　　　　　　　　　Plaintiff,　　　02895-CBM-MAA)
6
　　　　　vs.　　　　　　　　　　　　**STIPULATION AND AGREEMENT**
7　　　　　　　　　　　　　　　　　　**OF SETTLEMENT**
　NMC HEALTH PLC, PRASANTH
8　MANGHAT, KHALIFA BIN BUTTI,　　　[Honorable Consuelo B. Marshall]
　PRASHANTH SHENOY, H.J. MARK
9　TOMPKINS, and B.R. SHETTY,

10　　　　　　　　　　　　Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all exhibits thereto, the "Settlement Stipulation"), dated as of June 14, 2021, which is entered into by and among (i) Lead Plaintiffs Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad ("Plaintiffs"), on behalf of themselves and the Settlement Class; and (ii) H.J. Mark Tompkins ("Tompkins" or "Settling Defendant"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Tompkins Released Parties (as defined herein), subject to the approval of the United States District Court for the Central District of California ("Court").

Throughout this Settlement Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**The Action**

This case was commenced by the filing of a putative class action complaint in the Court on March 10, 2020, captioned *Chris Hashem, v. NMC Health PLC., et al.*, No. 20-cv-02303-CBM-MAA ("Hashem Action"), alleging claims for violations of federal securities laws by defendants NMC Health PLC, Prasanth Manghat, Khalifa Bin Butti, Prashanth Shenoy, B.R. Shetty and Tompkins (collectively "Defendants"). On March 27, 2020, a second putative class action complaint captioned *Shengming Huang v. NMC Health PLC., et al.*, No. 2:20-cv-02895-CBM-MAA ("Huang Action") was filed in the same Court, alleging the same securities claims as the Hashem Action against Defendants.

On September 24, 2020, the Huang Action was consolidated with the Hashem Action. The Hashem Action and Huang Action are collectively referred to herein as

the "Action" as defined below in Paragraph 1.1. The Court also appointed Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad as Lead Plaintiffs and approved their selection of The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Counsel.

On February 11, 2021, Plaintiffs and Tompkins participated in a Local Rule 7-3 conference of counsel regarding Tompkins' anticipated (i) motion to dismiss the complaints in the Action pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and forum non conveniens, and (ii) motion to stay the Action based on the pending foreign bankruptcy (i.e. administration) proceedings of defendant NMC Health PLC.  Plaintiffs and Tompkins did not reach a resolution of the above matters.

Settlement negotiations between Plaintiffs and Tompkins followed thereafter.

Pursuant to the Court's June 4, 2021 order, Tompkins' current deadline to respond to the complaints in the Action is June 18, 2021.

**The Settlement**

This Settlement Stipulation memorializes the agreement between the Settling Parties to fully and finally settle the Action and to fully release all Released Claims against Tompkins and the Tompkins Released Parties (as defined below), with prejudice, in return for specified consideration as set forth herein.

**Tompkins' Denial Of Wrongdoing And Liability**

Tompkins denies any wrongdoing, fault, liability or damage to Plaintiffs and the Settling Class (as defined below), denies that he engaged in any wrongdoing, denies that he committed any violation of law, denies that he acted improperly in any way, believes that he acted properly at all times, asserts that the Action has no merit as against him, and contends that the Court lacks personal jurisdiction over him.  In light, however, of the uncertainty and the risk of the outcome of any litigation, especially complex securities litigation, and the difficulties, burdens and substantial expense and length of time necessary to defend the Action, Tompkins has decided to enter into this

1   Settlement Stipulation (without waiver of, and preserving, all of his defenses,
2   including as to lack of personal jurisdiction).  To eliminate the burden, expense and
3   uncertainty of further litigation, Tompkins wishes to settle the Action as against him
4   on the terms and conditions stated in this Settlement Stipulation and to put the
5   Released  Claims (as defined below) to rest finally and forever, without in any way
6   acknowledging (and expressly denying) any wrongdoing, fault, liability or damage to
7   Plaintiffs and the Settlement Class.  Nothing in this Settlement Stipulation or in the
8   exhibits attached hereto or in any of the negotiations or proceedings connected with it,
9   shall in any way be construed or deemed to be evidence of an admission or concession
10  or waiver on the part of Tompkins with respect to any claim, or of any fault or liability
11  or wrongdoing or damage whatsoever, or with respect to the defenses that Tompkins
12  has asserted or may assert (all of which are expressly preserved).

13          **Claims of Plaintiffs And Benefits of Settlement**

14          Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs,
15  however, recognize and acknowledge the expense and length of continued proceedings
16  necessary to prosecute the Action against Tompkins through trial and any further
17  appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of
18  any litigation. In particular, Plaintiffs have considered the inherent problems of proof,
19  the Court's potential lack of personal jurisdiction, and possible defenses to the federal
20  securities law violations asserted in the Action, including the defenses that have been
21  or could be asserted by Tompkins during the litigation, including, but not limited to,
22  in a motion to dismiss, motion for summary judgment, motion for class certification
23  and at trial. Plaintiffs have therefore determined that the Settlement set forth in this
24  Settlement Stipulation is fair, adequate, reasonable, and in the best interests of the
25  Settlement Class.

26          **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by
27  and among the Plaintiffs (on behalf of themselves and each of the Settlement Class
28  Members) and Tompkins, by and through their respective undersigned counsel, that,

1   subject to the approval of the Court, in consideration of the benefits flowing to the
2   Settling Parties from the Settlement set forth herein, the Action and the Released
3   Claims as against the Tompkins Released Parties shall be finally and fully
4   compromised, settled and released, the Action shall be dismissed fully, finally and
5   with prejudice as to Tompkins and the Released Claims shall be finally and fully
6   released as against the Tompkins Released Parties, upon and subject to the terms and
7   conditions of this Settlement Stipulation, as follows:

8                              **1.    Definitions**

9        In addition to the terms defined above, the following capitalized terms, used in
10   this Settlement Stipulation, shall have the meanings specified below:

11        1.1    "Action" means the putative consolidated class action captioned *Chris*
12   *Hashem, v. NMC Health PLC., et al.,* No. 20-cv-02303-CBM-MAA (C.D. Cal.), which
13   includes both the Hashem Action and the Huang Action.

14        1.2    "Authorized Claimant" means any Settlement Class Member who is a
15   Claimant and whose claim for recovery has been allowed pursuant to the terms of this
16   Settlement Stipulation, the exhibits hereto, and any order of the Court.

17        1.3    "Award to Plaintiffs" means the requested reimbursement to Lead
18   Plaintiffs for their reasonable costs and expenses (including lost wages) directly
19   related to Plaintiffs' representation of the Settlement Class in the Action.

20        1.4    "Business Day" means any day except Saturday or Sunday or any other
21   day on which national banks are authorized by law or executive order to close in the
22   State of California.

23        1.5    "Claimant" means any Settlement Class Member who files a Proof of
24   Claim in such form and manner, and within such time, as the Court shall prescribe.

25        1.6    "Claims" means any and all manner of claims, debts, demands,
26   controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights,
27   duties, judgments, sums of money, suits, contracts, agreements, promises, damages,
28   actions, causes of action and liabilities, of every nature and description in law or equity

(including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.7    "Claims Administrator" means Strategic Claims Services, Inc. ("SCS") which shall administer the Settlement.

1.8    "Non-Settling Defendants" means NMC Health PLC, Prasanth Manghat, Khalifa Bin Butti, Prashanth Shenoy, and B.R. Shetty.

1.9    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

1.10    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined below).

1.11    "Escrow Agent" means SCS or its appointed agents or successors.

1.12    "Final" when referring to the Partial Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Partial Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Partial Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1 hereof, or shall affect or delay the date on which the Partial Final Judgment becomes Final.

1.13    "Partial Final Judgment" means the order and judgment to be entered by

the Court finally approving the Settlement and dismissing the Action with prejudice as to Tompkins, materially in the form attached hereto as Exhibit B.

1.14 "Lead Plaintiffs" means Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad.

1.15 "Co-Lead Counsel" means The Rosen Law Firm, P.A. and Pomerantz LLP.

1.16 "Notice" means the "Notice of Pendency and Proposed Partial Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.17 "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.18 "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.19 "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Settlement Stipulation, and the Tompkins Released Parties shall have no responsibility or liability with respect thereto.

1.20 "Plaintiffs" means Lead Plaintiffs.

1.21 "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class

7

1    substantially in the form attached hereto as Exhibit A.

2         1.22    "Proof of Claim" means the Proof of Claim and Release Form to be

3    submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

4         1.23    "Released Claims" means and includes any and all Claims (including

5    Unknown Claims as defined in ¶ 1.37), demands, rights, liabilities, and causes of

6    action of every nature and description whatsoever (including, but not limited to, any

7    claims for damages, restitution, rescission, interest, attorneys' fees, expert or

8    consulting fees, and any other costs, expenses, or liability whatsoever), whether based

9    on federal, state, local, statutory or common law or any other law, rule or regulation,

10   whether known or unknown, contingent or absolute, mature or immature, discoverable

11   or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now

12   exist, or heretofore have existed, that were asserted or that could have been asserted

13   by or on behalf of Plaintiffs or any of the Plaintiffs Releasing Parties, in any capacity,

14   arising out of or relating in any way to the purchase or sale of NMC Health PLC

15   American Depositary Shares ("ADSs") during the Settlement Class Period or to any

16   and all of the acts, facts, events, matters, transactions, occurrences, statements, or

17   omissions that relate to the claims in the Action or which were or could have been

18   alleged by or on behalf of Plaintiffs or any of the Plaintiffs Releasing Parties in the

19   Action. Notwithstanding the foregoing, "Released Claims" does not include claims

20   against any Non-Settling Defendants or claims to enforce the terms of this Settlement

21   Stipulation or orders or judgments issued by the Court in connection with this

22   Settlement.

23        1.24    "Plaintiffs Released Parties" means Plaintiffs, Co-Lead Counsel and

24   Settlement Class Members, and each of their respective parent entities, associates,

25   affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family

26   members, heirs, representatives, administrators, executors, devisees, legatees, and

27   estates.  (The Tompkins Released Parties and the Plaintiffs Released Parties shall

28   sometimes be referred to herein collectively as the "Released Parties").

8

1.25 "Plaintiffs Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person which is or was related to or affiliated with any of Plaintiffs Releasing Parties or in which any of the Plaintiffs Releasing Parties has a controlling interest, and each of their respective immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates. (The Plaintiffs Releasing Parties and the Tompkins Releasing Parties (as defined in paragraph 6.3 below) shall sometimes be referred to herein collectively as the "Releasing Parties").

1.25A "Postcard Notice" means the notice to be formatted to a postcard containing substantially the same text as Exhibit A-4.

1.26 "Settlement" means the settlement contemplated by this Settlement Stipulation.

1.27 "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: the costs of publishing the Summary Notice, Notice and Proof of Claim, the costs of printing and mailing the Postcard notice, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.1) to the Authorized Claimants. Such costs do not include legal fees.

1.28 "Settlement Amount" means the sum of $120,000 (One Hundred Twenty Thousand U.S. Dollars). The Settlement Amount includes, to the extent applicable, all Settlement Administration Costs, Co-Lead Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Plaintiffs (as allowed by the Court), Settlement

9

Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.29 "Settlement Class" means all Persons that purchased or acquired NMC Health PLC ADSs between March 13, 2016 and March 10, 2020, both dates inclusive ("Settlement Class Period") excluding: (i) the Defendants; (ii) current and former officers and directors of NMC Health PLC and the Tompkins Released Parties; (iii) the respective spouses, children, or parents of any Person excluded under subparagraphs (i) through (ii) of this paragraph; (iv) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iii) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person or entity is related or affiliated to a beneficiary or a trustee; (v) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (iv); and (vi) those Persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order. Plaintiffs may take discovery to determine whether any Claimant is an excluded Person.

1.30 "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.31 "Settlement Class Period" means the period from March 13, 2016 through March 10, 2020, both dates inclusive.

1.32 "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Settlement Stipulation and any interest or other income earned thereon.

1.33 "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Settlement Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.34 "Settling Defendant" or "Tompkins" means H.J. Mark Tompkins.

1.35 "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Settlement Stipulation, namely Tompkins and Plaintiffs (on behalf of

10

themselves and the Settlement Class).

1.35A  "Summary Notice" means the publication notice having substantially the same text as Exhibit A-3.

1.36  "Tompkins Released Parties" and, individually, "Tompkins Released Party" means Tompkins, his attorneys, immediate family members, heirs, representatives, insurers (solely in their capacity as insurers for Tompkins), agents, administrators, executors, devisees, legatees, estates, predecessors, successors in interest or assigns, or any person, firm, trust, corporation or other entity in which Tompkins has a controlling interest.

1.37  "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement. The Settling Parties expressly acknowledge, and the Releasing Parties by operation of the Partial Final Judgment, shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

*A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiffs, Releasing Parties, or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released

11

1   Claims, but upon the Effective Date and by operation of the Partial Final Judgment,

2   each Releasing Party and Released Party shall have settled and released, fully, finally,

3   and forever, any and all Released Claims, without regard to the subsequent discovery

4   or existence of such different or additional facts, legal theories, or authorities. The

5   Settling Parties expressly acknowledge, and each Releasing Party and Released Party

6   by operation of law shall be deemed to have acknowledged, that the inclusion of

7   "Unknown Claims" in the definition of Released Claims was separately bargained for

8   and a material element of the Settlement.

9   ## 2.   The Settlement Consideration

10      2.1    In consideration of the full and final release, settlement and discharge of

11  all Released Claims against the Tompkins Released Parties, Tompkins shall (subject

12  to ¶ 10.3) within thirty (30) calendar days after the date of entry by the Court of the

13  Preliminary Approval Order, pay or cause to be paid the Settlement Amount into the

14  Escrow Account.  The payment referenced above is not required to be made until  after

15  Tompkins' counsel receives from Co-Lead Counsel wire instructions (that include the

16  bank name, ABA routing number, account name and number of the Escrow Account)

17  and a signed W-9 form reflecting a valid taxpayer identification number for the

18  qualified settlement fund into which the Settlement Amount is to be deposited.

19      2.2    Under no circumstances will Tompkins or his insurers be required to pay,

20  or cause payment of, more than the Settlement Amount pursuant to this Settlement

21  Stipulation and the Settlement for any reason whatsoever, including, without

22  limitation, as compensation to any Settlement Class Member, as payment of attorneys'

23  fees and expenses awarded by the Court, in payment of any fees or expenses incurred

24  by any Settlement Class Member or Co-Lead Counsel, or as interest on the Settlement

25  Amount of any kind and relating to any time period (including prior to the payment of

26  the Settlement Amount into the Escrow Account).

27  ## 3.   Handling And Disbursement Of Funds By The Escrow Agent

28

3.1     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a) As provided in ¶ 3.3 below;

(b) As provided in ¶ 8.2 below;

(c) As provided in ¶ 10.9 below, if applicable; and

(d) To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the insurer (if applicable). Tompkins, his counsel, his insurers (if applicable), and the other Tompkins Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Settlement Stipulation, by an order of the Court, or with the written agreement of counsel for Tompkins.

## 4.     Taxes

4.1     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.

13

In addition, Co-Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Co-Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)        For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Co-Lead Counsel or their designee. Co-Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)        All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Tompkins or his insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Tompkins, his counsel, his insurers (if applicable) and the other Tompkins Released Parties shall have

14

no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Tompkins, his counsel, his insurers and the other Tompkins Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

## 5.    Preliminary Approval Order, Notice Order, And Settlement Hearing

5.1    No later than seven (7) days after the full execution of this Settlement Stipulation, Co-Lead Counsel shall submit this Settlement Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Settlement Stipulation, entry of a Preliminary Approval Order approving the website posting of the Notice and Proof of Claim, the publication via newswire of a Summary Notice, and the mailing of a Postcard Notice, substantially in the form of Exhibits A, A-1, A-2, A-3 and A-4. The Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Postcard Notice, Summary Notice and Notice before they are mailed or otherwise provided to Settlement Class Members. Tompkins shall not object to, or have any responsibility for, Co-Lead Counsel's proposed Plan of Allocation.

5.2    At the time of the submission described in ¶ 5.1 hereof, Plaintiffs, through their counsel, shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a order and judgment (the Partial Final Judgment) substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

## 6.    Releases, Covenants Not To Sue and Bar Order

6.1    Upon the Effective Date, the Plaintiffs Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Plaintiffs Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Partial Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Tompkins Released Parties and shall have covenanted not to sue the Tompkins Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Tompkins Released Parties. Nothing contained herein shall, however, bar the Plaintiffs Releasing Parties from bringing any action or claim to enforce the terms of this Settlement Stipulation or the Partial Final Judgment.

6.2    Upon the Effective Date, and by operation of the Partial Final Judgment, all Persons (including, without limitation, the Non-Settling Defendants) shall be barred, enjoined and restrained from instituting, commencing, prosecuting or asserting any claim for contribution or indemnity, however denominated, against the Tompkins Released Parties, arising out of or related to the claims or allegations asserted by Plaintiffs in the Action. Any Person so enjoined, barred or restrained shall be entitled to appropriate judgment reduction pursuant to 15 U.S.C. § 78u–4(f)(7)(B)). The

16

Partial Final Judgment shall also bar all claims by the Tompkins Released Parties against all Persons, including but not limited to the Non-Settling Defendants, for indemnity or contribution, however denominated, seeking the recovery of all or any part of the Settlement Amount or the cost of defending the Action. The Partial Final Judgment shall also contain the "Complete Bar Order," as set forth in paragraph 9 of Exhibit B hereto, which is a material element of the Settlement.

6.3    Upon the Effective Date, Tompkins, on behalf of himself and his successors and assigns ("Tompkins Releasing Parties"), shall be deemed to have, and by operation of the Partial Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs Released Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action insofar as it concerns the Tompkins Released Parties ("Tompkins Released Claims"), and shall be permanently enjoined from prosecuting the Tompkins Released Claims against the Plaintiffs Released Parties. Nothing contained herein shall, however, bar the Tompkins Released Parties from bringing any action or claim to enforce the terms of this Settlement Stipulation or the Partial Final Judgment.

## 7.    Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund

7.1    Under the supervision of Co-Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2    The Settlement Fund shall be applied as follows:

    (a)    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

    (b)    To pay Administrative Costs;

17

(c)    To reimburse Co-Lead Counsel for their expenses ("Expense Award"), to the extent allowed by the Court; and

(d)    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof ("Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Settlement Stipulation, the Plan of Allocation, or the Court.

7.3    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4    This is not a claims-made settlement, and if all conditions of the Settlement Stipulation are satisfied and the Partial Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Tompkins or his insurers. Tompkins, his counsel, his insurers and the other Tompkins Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Co-Lead Counsel, the Claims Administrator or any other agent designated by Co-Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Settlement Stipulation and is to be considered by the Court separately from the Court's

consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Stipulation, or affect or delay the finality of the Partial Final Judgment and the releases contained therein, or any other orders entered pursuant to this Settlement Stipulation.

7.6   If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Co-Lead Counsel, with the approval of the Court.

### 8.   Co-Lead Counsel's Reimbursement Of Expenses

8.1   Co-Lead Counsel may submit an application or applications ("Expense Application") for distributions from the Settlement Fund to Co-Lead Counsel for reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action. Tompkins shall take no position with respect to the Expense Application(s).  Co-Lead Counsel do not intend to seek an award of attorneys' fees from the distribution of the proceeds of the Settlement.  In the event that future settlements are achieved for the benefit of the Settlement Class, Co-Lead Counsel reserve the right to seek an award of attorneys' fees based on a percentage of total amounts recovered, which shall come solely from

19

1    the proceeds of any future settlements.

2         8.2    Except as otherwise provided in this paragraph, the expenses awarded by

3    the Court shall be paid to Co-Lead Counsel from the Settlement Fund within five (5)

4    calendar days after the date the Court enters the Partial Final Judgment and an order

5    awarding such expenses, notwithstanding any objections to or appeals of such order

6    or of the Partial Final Judgment. In the event that the Effective Date does not occur,

7    or the Partial Final Judgment is reversed or modified in any way that affects the award

8    of expenses, or the Settlement Stipulation is terminated for any other reason, then Co-

9    Lead Counsel shall be jointly and severally obligated to refund to the Escrow Account,

10   within ten (10) Business Days from receiving notice from Tompkins' counsel or from

11   a court of appropriate jurisdiction, either the full amount of the expenses or an amount

12   consistent with any modification of the Partial Final Judgment with respect to the

13   Expense Award, including accrued interest at the same rate as is earned by the

14   Settlement Fund. Co-Lead Counsel agree that the law firms and its partners and/or

15   shareholders are subject to jurisdiction of the Court for the purpose of enforcing the

16   provisions of this paragraph, and shall be jointly and severally liable for repayment of

17   all expenses awarded by the Court. Furthermore, without limitation, Co-Lead Counsel

18   agree that the Court may, upon application of Tompkins, summarily issue orders,

19   including, without limitation, judgments and attachment orders and may make

20   appropriate findings of or sanctions for contempt against the firms should they fail

21   timely to repay expenses pursuant to this paragraph. Any Award to Plaintiffs shall not

22   be paid from the Settlement Fund until after the Effective Date.

23        8.3    The procedure for, and allowance or disallowance by the Court of, the

24   Expense Application are not a condition of the Settlement set forth in this Settlement

25   Stipulation and are to be considered by the Court separately from the Court's

26   consideration of the fairness, reasonableness, and adequacy of the Settlement set forth

27   in this Settlement Stipulation. Any order or proceeding relating to the Expense

28   Application, or any objection to, motion regarding, or appeal from any order or

proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Stipulation, or affect or delay the finality of the Partial Final Judgment or the releases contained therein or any other orders entered pursuant to this Settlement Stipulation.

8.4    Any award of expenses to Co-Lead Counsel shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Tompkins shall not have any responsibility for payment of Co-Lead Counsel's attorneys' fees and interest, expenses or other awards to Plaintiffs. The Tompkins Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Co-Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 9.    Class Certification

9.1    In the Partial Final Judgment, the Settlement Class shall be certified only for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Partial Final Judgment, Tompkins shall not oppose (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Co-Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of this Settlement.

## 10.    Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination

10.1    Plaintiffs, on behalf of the Settlement Class, and Tompkins shall each have the right to terminate the Settlement and the Settlement Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) business days of:

(i)    entry of a Court order declining to enter the Preliminary Approval Order

21

1  in any material respect;

2       (ii)    entry of a Court order refusing to approve this Settlement Stipulation in

3  any material respect;

4       (iii)   entry of a Court order declining to enter the Partial Final Judgment (in

5  the form attached hereto as Exhibit B) in any material respect;

6       (iv)   entry of a Court order refusing to dismiss the Action with prejudice as to

7  Tompkins;

8       (v)    entry of an order by which the Partial Final Judgment is modified or

9  reversed in any material respect by any appeal or review;

10       (vi)   failure on the part of any Settling Party to abide, in material respect, with

11  the terms of this Settlement Stipulation. In the absence of any of the events enumerated

12  in the preceding sentence, ¶ 10.2, ¶ 10.3, ¶ 10.5, ¶ 10.6 or ¶ 10.7, no Settling Party

13  shall have the right to terminate the Settlement Stipulation for any reason.

14       10.2  If the Settlement Amount is not paid into the Escrow Account in

15  accordance with ¶ 2.1 of this Settlement Stipulation, then Plaintiffs, on behalf of the

16  Settlement Class, and not Tompkins (other than in accordance with ¶ 10.3), shall have

17  the right to (a) terminate the Settlement and Settlement Stipulation by providing

18  written notice to Tompkins at any time prior to the Court's entry of the Partial Final

19  Judgment; or (b) enforce the terms of the Settlement and this Settlement Stipulation

20  and seek a judgment effecting the terms herein.

21       10.3  The Effective Date of this Settlement Stipulation ("Effective Date") shall

22  not occur unless and until each of the following events occurs, and it shall be the date

23  upon which the last in time of the following events occurs:

24       (a)    Tompkins has not exercised his option to terminate the Settlement

25  pursuant to ¶ 10.5;

26       (b)    The Court has entered the Preliminary Approval Order attached hereto as

27  Exhibit A or an order containing materially the same terms;

28       (c)    The sum of $120,000 (One Hundred Twenty Thousand U.S. Dollars) has

been paid into the Escrow Account, as set forth in ¶ 2.1 above;

(d)    The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Partial Final Judgment;

(e)    The Partial Final Judgment has become Final as defined in ¶ 1.12 and

(f)    The Action has been dismissed with prejudice as to Tompkins.

10.4    Upon the occurrence of the Effective Date, any and all interest or right of Tompkins or his insurers (if applicable) in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Settlement Stipulation.

10.5    If prior to entry of Partial Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased NMC Health PLC ADSs during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), then Tompkins shall have the option to terminate this Settlement Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

10.6    Tompkins shall not have the right to terminate the Settlement Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1 (other than in accordance with ¶ 10.3). None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Settlement Stipulation on notice to all the Settling

23

1    Parties.

2       In the event the Settlement Stipulation shall terminate, or be canceled, or shall

3 not become effective for any reason, the Settling Parties shall be restored to their

4 respective positions in the Action immediately prior to June 1, 2021, and they shall

5 proceed in all respects as if the Settlement Stipulation had not been executed and the

6 related orders had not been entered, and in that event all of their respective claims

7 and defenses as to any issue in the Action (including, without limitation, Tompkins'

8 defenses based on lack of personal jurisdiction and forum non conveniens) shall be

9 preserved without prejudice.

10       10.7   An express and material condition of this Settlement is that, during the

11 settlement documentation and approval process (and unless the Settlement is

12 terminated, canceled or fails to become effective for any reason), (i) Tompkins shall

13 not be required to respond to the complaints in the Action; (ii) Plaintiffs shall not be

14 required to oppose Tompkins' anticipated motions (described above); and (iii)

15 Plaintiffs shall not serve any discovery requests on, or otherwise attempt to obtain

16 discovery from, Tompkins in the Action.   In the event that the Settlement is

17 terminated, canceled, or fails to become effective, Tompkins shall have 21 days from

18 such event to respond to the complaints. To that end, Plaintiffs and Tompkins shall

19 execute and submit to the Court such stipulation(s), motion(s) and proposed order(s)

20 as are necessary to obtain a Court order (or orders) extending Tompkins' deadline to

21 respond to the complaints (which is currently June 18, 2021), pending completion of

22 the settlement approval process (i.e. pending final determination of whether the

23 Settlement should be finally approved and pending the Effective Date).   In the event

24 that the Court is not amenable to extending Tompkins' response deadline as described

25 above, then this Settlement and the Settlement Stipulation shall automatically be null

26 and void and of no further force or effect (unless Plaintiffs and Tompkins expressly

27 agree otherwise).

28       10.8   In the event that the Settlement Stipulation is not approved by the Court

24

or the Settlement set forth in this Settlement Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Settlement Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Stipulation shall be treated as vacated, *nunc pro tunc.*

10.9   In the event the Settlement Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded to Tompkins' insurers, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Tompkins' counsel.

10.10 No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or Expense Application shall constitute grounds for cancellation or termination of the Settlement Stipulation.

## 11.    No Admission Of Liability Or Wrongdoing

11.1   The Settling Parties covenant and agree that neither this Settlement Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Tompkins Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding. This Settlement Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any

25

wrongdoing by any Settling Party, Settlement Class Member, or any of the Tompkins Released Parties, or any damages or injury to any Settling Party or Settlement Class Member. Neither this Settlement Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Settlement Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Settling Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Tompkins Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Tompkins Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Settlement Stipulation or the Supplemental Agreement or the Partial Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Partial Final Judgment, or as otherwise required by law.

## 12. Miscellaneous Provisions

12.1   Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.5, 10.6 or 10.7 of this Settlement Stipulation or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this Settlement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Stipulation.

12.2 The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

12.3 Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

12.4 Plaintiffs and Co-Lead Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against Tompkins in the Action, or referred to in this Stipulation, or that could have been alleged against Tompkins in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

12.5 This Settlement Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Settling Party concerning this Settlement Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Settlement Stipulation. In entering this Settlement Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.6 This Settlement Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

12.7 This Settlement Stipulation shall be binding upon, and shall inure to the

27

benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

12.8   The Tompkins Released Parties and Plaintiffs Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Settlement Stipulation and Settlement.

12.9   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10 This Settlement Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Settlement Stipulation as if all signatories hereto had executed the same document. Copies of this Settlement Stipulation executed in counterpart shall constitute one agreement.

12.11 This Settlement Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Settlement Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.

12.12 The Settlement Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Settlement Stipulation.

12.13 Plaintiffs, Co-Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any Person in the pursuit of legal action related to the subject matter of this Action against the Tompkins Released Parties, (b) they will not intentionally

28

1    assist or cooperate with any Person seeking to publicly disparage or economically

2    harm the Tompkins Released Parties with respect to any matter relating to the subject

3    matter of this Action, and (c) they will not discuss any confidential matters related to

4    this Action or the Settlement with anyone.

5         12.14 All agreements by, between or among the Settling Parties, their counsel

6    and their other advisors as to the confidentiality of information exchanged between or

7    among them shall remain in full force and effect, and shall survive the execution and

8    any termination of this Settlement Stipulation and the final consummation of the

9    Settlement, if finally consummated, without regard to any of the conditions of the

10   Settlement.

11        12.15 The Settling Parties shall not assert or pursue any action, claim or rights

12   that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure

13   and/or the Private Securities Litigation Reform Act of 1995 in connection with this

14   Action, the Settlement, the Settlement Stipulation or the Supplemental Agreement.

15   The Settling Parties agree that the Action was resolved in good faith following arm's-

16   length bargaining, in full compliance with applicable requirements of good faith

17   litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of

18   Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

19        12.16 Any failure by any of the Settling Parties to insist upon the strict

20   performance by any other Settling Party of any of the provisions of the Stipulation

21   shall not be deemed a waiver of any of the provisions hereof, and such Settling Party,

22   notwithstanding such failure, shall have the right thereafter to insist upon the strict

23   performance of any and all of the provisions of this Stipulation to be performed by the

24   other Settling Parties to this Settlement Stipulation.

25        12.17 The waiver, express or implied, by any Settling Party of any breach or

26   default by any other Settling Party in the performance of such Settling Party of its

27   obligations under the Settlement Stipulation shall not be deemed or construed to be a

28   waiver of any other breach, whether prior, subsequent, or contemporaneous, under this

1    Settlement Stipulation.

2        12.18 The Settling Parties reserve the right, subject to the Court's approval, to
3    make any reasonable extensions of time that might be necessary to carry out any of
4    the provisions of this Settlement Stipulation.

5        **IN WITNESS WHEREOF**, the Settling Parties have executed this Settlement
6    Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: **6/15/21**

POMERANTZ LLP

By: _____

Joshua B. Silverman (*pro hac vice*)
Jared M. Schneider (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jbsilverman@pomlaw.com
jschneider@pomlaw.com

THE ROSEN LAW FIRM, P.A.

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Nicholas Manningham
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: nmanningham@rosenlegal.com

*Counsel for Lead Plaintiffs*

Dated: **6-14-21**

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By: _____

William A. Wright
Stephen Y. Ma

*Counsel for Defendant H.J. Mark Tompkins*

31

# EXHIBIT A

Exhibit A

1

2 ## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

3

4   CHRIS HASHEM, individually and           Case No.: 2:20-cv-02303-CBM-MAA
    on behalf of all others similarly situated,

5                                            (Consolidated with Case No. 2:20-cv-
                          Plaintiff,         02895-CBM-MAA)

6
                    vs.                      **[PROPOSED] ORDER GRANTING
7                                            PLAINTIFFS' MOTION FOR
    NMC HEALTH PLC, PRASANTH                 PRELIMINARY APPROVAL OF
8   MANGHAT, KHALIFA BIN BUTTI,              PARTIAL CLASS ACTION
    PRASHANTH SHENOY, H.J. MARK              SETTLEMENT**
9   TOMPKINS, and B.R. SHETTY,
                                             [Honorable Consuelo B. Marshall]
10                        Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL
CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiffs Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant H.J. Mark Tompkins ("Tompkins" or the "Settling Defendant" and with Lead Plaintiffs, the "Settling Parties") entered into the Stipulation and Agreement of Settlement, dated June 14, 2021 ( "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court titled, *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.), which is consolidated with *Shengming Huang v. NMC Health PLC., et al.*, No. 2:20-cv-02895-CBM-MAA (collectively, the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2021, that:

1.     Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons that purchased or acquired NMC Health PLC ("NMC") American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive ( "Class Period") excluding: (i) Defendants; (ii) current and former officers and directors of NMC and any Tompkins Released Parties; (iii) the Persons expressly excluded from the

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

definition of Settlement Class in paragraph 1.29 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any Person excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (v); and (vii) those Persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order.

3.    This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel, previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Co-Lead Counsel for the Settlement Class.

5.    The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently

3

619971.1

1   fair, reasonable and adequate to the Settlement Class Members to warrant providing

2   notice of the Settlement to Settlement Class Members and holding a Settlement

3   Hearing.

4           6.      The Court hereby preliminarily approves the Settlement, subject to

5   further consideration at a hearing ( "Settlement Hearing") pursuant to Federal Rule

6   of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on

7   _____ 2021 at __:___ _.m. for the following purposes:

8           (a)     to determine finally whether the applicable prerequisites for class

9   action treatment under Federal Rules of Civil Procedure 23(a) and (b) are

10  satisfied;

11          (b)     to determine finally whether the Settlement is fair, reasonable,

12  and adequate, and should be approved by the Court;

13          (c)     to determine finally whether the Order and Partial Final

14  Judgment as provided under the Settlement Stipulation should be entered,

15  dismissing the Action on the merits and with prejudice as to Tompkins, and to

16  determine, among other things, whether the release by the Plaintiffs Releasing

17  Parties of the Released Claims against the Tompkins Released Parties, as set

18  forth in the Settlement Stipulation, should be ordered, along with a permanent

19  injunction barring efforts to prosecute or attempt to prosecute any Plaintiffs'

20  Released Claims extinguished by the release against any of the Tompkins

21  Released Parties, as also set forth in the Settlement Stipulation;

22          (d)     to determine finally whether the proposed Plan of Allocation for

23  the distribution of the Net Settlement Fund is fair and reasonable and should

24  be approved by the Court;

25          (e)     to consider any application of Co-Lead Counsel for an award of

26  expenses to Lead Counsel;

27          (f)     to consider Settlement Class Members' or any other Person's

28

619971.1

objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Partial Final Judgment approving the Settlement and dismissing the Action as to Tompkins, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded expenses.  Nothing in this Order shall affect the ability of Lead Plaintiffs or the Settlement Class to continue to prosecute claims in this Action against Defendants other than Tompkins.

8.     The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, (c) the Postcard Notice, and (d) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

9.     Co-Lead Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.  Up to $25,000 in notice and administration costs may be paid to the Claims Administrator without further order

619971.1

of this Court.

11.     Within sixteen (16) calendar days of the entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall either (a) email the Summary Notice to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Settlement Stipulation as Exhibit A-3 or (b) cause the Postcard Notice, substantially in the form annexed to the Settlement Stipulation as Exhibit A-4, if no electronic mail address can be obtained, mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Co-Lead Counsel, through the Claims Administrator.

12.     Co-Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held NMC ADSs during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) request an electronic link to the Notice and Proof of Claim and Release Form ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Links to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a Notice and Claim Link electronically. Nominees or custodians who elect to send the Postcard Notice or Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice or Notice and Claim Links shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Postcard Notice plus postage at the rate used by the Claims Administrator;  or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13.     Co-Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Settling Defendant and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

14.     Co-Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

15.     Co-Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within ten (10) calendar days after the Postcard Notice mailing or Notice and Claim Link emailing. Co-Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Settling Defendant and file with the Court proof of publication of the Summary Notice.

16.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section

21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, www.strategicclaims.net/NMCHealth by 11:59 p.m. EST on _____, 2021; or (b) at the Post Office Box indicated in the Notice, postmarked no later than _____, 2021 (thirty (30) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Proof of Claim and Release Form submitted by each

619971.1

Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)   Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the

9

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

18.     All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Partial Final Judgment, if entered

19.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2021 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Hashem v. NMC Health PLC, et al.,* 2:20-cv-

10

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

02303-CBM-MAA (C.D. Cal.) *and Shengming Huang v. NMC Health PLC., et al.*, No. 2:20-cv-02895-CBM-MAA (C.D. Cal.)" and (B) state the date, number of shares and dollar amount of each NMC ADS purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of NMC ADSs held by the Person as of March 13, 2016 and March 10, 2020. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of NMC ADSs during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the NMC ADSs. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Co-Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

20.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

21.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

22.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

11

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

23.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Expense Application, <u>provided</u>, <u>however</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Partial Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

POMERANTZ LLP
Joshua Silverman, Esq.
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603

THE ROSEN LAW FIRM, P.A.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
William A. Wright, Esq.
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases and sales of the NMC ADSs during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her,

619971.1

or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.   Any Settlement Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Partial Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

25.   The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

26.   All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT, Case No. 2:20cv02895-CBM-MAA

619971.1

27.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28.    Settling Defendant, his counsel, his insurers and other Tompkins Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Lead Plaintiffs submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29.    Pending final determination of whether the Settlement should be approved, all Plaintiffs Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Tompkins Released Party in any court or tribunal or proceeding (including in the Action), unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation.

30.    Tompkins shall not be required to answer or otherwise respond to the complaints in this Action unless the Settlement is terminated, canceled or otherwise fails to become effective. In the event the Settlement is terminated, canceled or otherwise fails to become effective, Tompkins shall have 21 days from such event to answer or otherwise respond to the complaints.

31.    All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

32.    Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Settling Defendant, his counsel, his

insurers or any of the other Tompkins Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any of Tompkins' defenses in the Action, including but not limited to the defenses listed in Fed. R. Civ. P. 12(b) with regard to the complaints in the Action (and including Tompkins' rights, objections and defenses based on lack of personal jurisdiction and venue/forum). Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Lead Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

33.    In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Tompkins Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to June 1, 2021, pursuant to the terms of the Settlement Stipulation.

34.    The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time

1   or date earlier than the time and date set forth in ¶ 6 above.  The Court retains

2   exclusive jurisdiction to consider all further matters arising out of, or relating to, the

3   Settlement Stipulation, including by way of illustration and not limitation, any

4   dispute concerning any Proof of Claim and Release Form submitted and any future

5   requests by one or more of the Settling Parties that the Order and Partial Final

6   Judgment, the releases and/or the permanent injunction set forth in the Settlement

7   Stipulation be enforced.

8

9          Dated: _____, 2021

10

11                                           _____

12                                           Honorable Consuelo B. Marshall
                                             UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

619971.1

# EXHIBIT A-1

Exhibit A-1

1

2  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

3

4  CHRIS HASHEM, individually and          Case No.: 2:20-cv-02303-CBM-MAA
   on behalf of all others similarly situated,
5                                          (Consolidated with Case No. 2:20-cv-
                                           02895-CBM-MAA)
                  Plaintiff,
6                                          **NOTICE OF PENDENCY AND**
                  vs.                      **PROPOSED PARTIAL**
7                                          **SETTLEMENT OF CLASS ACTION**
   NMC HEALTH PLC, PRASANTH
8  MANGHAT, KHALIFA BIN BUTTI,                [Honorable Consuelo B. Marshall]
   PRASHANTH SHENOY, H.J. MARK
9  TOMPKINS, and B.R. SHETTY,

10                Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Exhibit A-1

1   <u>**NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF**</u>
2   <u>**CLASS ACTION**</u>

3   If you purchased or acquired NMC Health PLC's ("NMC" or the "Company")

4   American Depositary Shares ("ADSs") during the period from March 13, 2016 and

5   March 10, 2020, both dates inclusive ("Class Period"), you could get a payment from

6   a class action settlement ("Settlement").

7

8   *Under law, a federal court has authorized this Notice.  This is not attorney*

9   *advertising.*

10

11   • If approved by the Court, the Settlement will provide one hundred twenty

12   thousand dollars ($120,000) ("Settlement Fund") gross, plus interest as it

13   accrues, minus costs, administrative and distributive expenses for processing

14   claims, and net of any taxes on interest, to pay claims of investors who

15   purchased NMC ADSs during the Class Period.

16

17   • The Settlement represents an estimated average recovery of $.30 per share of

18   NMC for the approximately 400,000 American Depositary Shares ("ADSs"),

19   before expenses, that Co-Lead Counsel estimate were outstanding as of March

20   10, 2020 if 100% of such ADS holder file claims to participate in the recovery.

21   An ADS may have been traded more than once during the Class Period, and

22   the actual number of ADS outstanding during the Settlement Class Period may

23   be higher or lower than estimated. This estimate solely reflects the average

24   estimated recovery per outstanding share of estimated NMC ADSs.

25

26   • Co-Lead Counsel will seek reimbursement of no more than $35,000 in

27   reasonable and necessary litigation expenses that Co-Lead Counsel advanced

28   2

to prosecute this Action on behalf of Settlement Class Members.  Collectively, the expenses and awards to Plaintiffs are estimated to average $.0875 per outstanding ADS. If approved by the Court, these amounts will be paid from the Settlement Amount.

- The average estimated recovery per ADS (assuming 100% of estimated ADS holders file claims for recovery), after deduction of litigation expenses approved by the Court, is $.2125 per ADS. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold NMC ADSs, the purchase and sales prices, and the total number of claims filed.

- The Settlement resolves the Action concerning whether H. J. Mark Thompkins ("Settling Defendant") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public concerning NMC's business operations, prospects, and financial health. Settling Defendant has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Settling Defendant has also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.  Settling Defendant does not by this settlement waive any of his defenses under Fed. R. Civ. P. 12(b), and Settling Defendant also denies that the Court has personal jurisdiction over him.  Settling Defendant continues to believe the claims asserted against him in the Action are without

merit.  Plaintiffs do not agree with these positions, but accept that motion practice and trial have considerable risks.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____. This is the only way you can ever be part of any other lawsuit against Settling Defendant or the other Tompkins Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing.** |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

**INQUIRIES**

4

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| NMC Health PLC Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, Pennsylvania 19063 Telephone:  866-274-4004 Facsimile:  610-565-7985 info@strategicclaims.net | **OR** | POMERANTZ LLP Joshua Silverman, Esq. 10 South La Salle Street, Suite 3505 Chicago, Illinois 60603 Telephone: (312) 377-1181 Facsimile: (312) 377-1184  THE ROSEN LAW FIRM, P.A. Phillip Kim, Esq. 275 Madison Avenue, 40th Floor New York, New York 10016 Telephone: (212) 686-1060 Fax: (212) 202-3827 |

**DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated June 14, 2021("Settlement Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.     Why did I get this Notice?**

You or someone in your family may have acquired NMC ADSs from March 13, 2016 and March 10, 2020, both dates inclusive.

**2.      What is this lawsuit about?**

The case is known as *Hashem v. NMC Health PLC, et al.,* 2:20-cv-02303-CBM-MAA (C.D. Cal.), which is consolidated with *Shengming Huang v. NMC Health PLC, et al*., 2:20-cv-02895-CBM-MAA (C.D. Cal) (collectively, the "Action"). The Court in charge of the case is the United States District Court, Central District of California.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning NMC's business, operations, and prospects. The complaint alleges that the misstatements or omissions artificially inflated the price of NMC ADSs, and that the ADSs' price dropped in response to certain subsequent disclosures. Settling Defendant has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Settling Defendant or the Tompkins Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims against Settling Defendant in the Action, including certain other claims or potential claims, whether known or unknown.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons

and/or entities are referred to collectively as a class, and these persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

## 4.    Why is there a Settlement?

Plaintiffs and Settling Defendant do not agree regarding the merits of Plaintiffs' allegations and Settling Defendant's defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendant disagree include, among other things: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Settling Defendant acted with scienter and whether Settling Defendant can be held liable for any of challenged statements; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of the ADSs and whether Plaintiffs can show they relied on any of the challenged statements; (5) whether the Court has personal jurisdiction over Settling Defendant and whether the claims in this Action should be adjudicated in another forum; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or Settling Defendant. Instead, Plaintiffs and Settling Defendant have agreed to settle the case. Plaintiffs and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Settling Defendant. Among the reasons that Plaintiffs and Co-Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and

omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, litigation of this type is usually expensive, including extensive out-of-pocket costs.  Even if Plaintiffs won at trial, the costs incurred would substantially reduce any verdict awarded.

**5.     How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased publicly traded NMC ADSs from March 13, 2016 and March 10, 2020, both dates inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of NMC and the Tompkins Released Parties; (iii) the persons expressly excluded from the definition of Settlement Class in paragraph 1.29 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any person or entity more than 5% owned or directly or indirectly controlled by any person or entity excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person is a beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs (i) through (v); and (vii) those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order").

**6.     Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of NMC and the Tompkins Released Parties; (iii) the persons expressly excluded from the definition of Settlement Class in paragraph 1.29 of the Settlement Stipulation (a) through (d); (iv) the respective spouses, children, or parents of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any person or entity more than 5% owned or directly or indirectly controlled by any person or entity excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person is a beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs (i) through (v); and (vii) those persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.     I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/NMCHealth, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.     What does the Settlement provide?**

**a.     What is the Settlement Fund?**

The proposed Settlement provides for Settling Defendant to pay or cause to be paid one hundred twenty thousand dollars ($120,000) into a settlement fund ("Settlement Fund"). The Settlement is subject to Court approval. Also, subject to

the Court's approval, a portion of the Settlement Fund will be used to pay reasonable litigation expenses to Co-Lead Counsel. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

In order to maximize the initial distribution to Settlement Class Members, Co-Lead Counsel will not move the Court for an award of attorneys' fees to be paid from the proceeds of this Settlement.  Co-Lead Counsel will seek only reimbursement for their actual litigation expenses to date in an amount not to exceed $35,000.  Co-Lead Counsel will defer a request for attorneys' fees, and will not seek an award for Class Plaintiffs, unless and until additional recoveries (whether by settlement or jury award) are achieved with remaining Defendants.  Co-Lead Counsel reserve the right at such time to move for an award or awards (in the event of multiple additional recoveries) of attorneys' fees not to exceed one-third (33 1/3%) of the sum of all recoveries.

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold NMC ADSs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Co-Lead Counsel for attorneys' fees, costs, and expenses and the amounts awarded to the Lead Plaintiff.

1

2          The Net Settlement Fund will be distributed to Settlement Class Members who

3    submit a Proof of Claim and Release Form and whose claims for recovery are

4    allowed by the Claims Administrator pursuant to the terms of the Settlement

5    Stipulation or by order of the Court under the below Plan of Allocation ("Authorized

6    Claimants"), which reflects Plaintiffs' contention that because of the alleged

7    misrepresentations made by Defendants, the price of NMC ADSs was artificially

8    inflated during the relevant period and that certain subsequent disclosures caused

9    changes in the inflated price of NMC ADSs. Settling Defendant has denied and

10   continue to deny these allegations and any and all allegations of wrongdoing, fault,

11   liability or damage whatsoever asserted in the Action.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROPOSED PLAN OF ALLOCATION

The $120,000.00 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Settlement Fund.  The Settlement Fund, less taxes, and approved costs and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claims ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1.      There is no Recognized Loss for any ADSs purchased before March 13, 2016.

2.      For ADSs purchased on or between March 13, 2016 and December 16, 2019, and

        (a)     sold on or before December 16, 2019, the Recognized Loss per ADS is $0.00.

        (b)     sold on or between December 17, 2019 and January 7, 2020, the Recognized Loss per ADS is the lesser of:

1        i.      $11.68; or

2        ii.     the purchase price minus the sale price (excluding all fees,

3                taxes, and commissions).  If this calculation results in a

4                negative number, then the Recognized Loss is $0.00.

5    (c)  sold on or between January 8, 2020 and February 13, 2020, the

6         Recognized Loss per ADS is the lesser of:

7        i.      $18.16; or

8        ii.     the purchase price minus the sale price (excluding all fees,

9                taxes, and commissions).  If this calculation results in a

10               negative number, then the Recognized Loss is $0.00.

11   (d)  sold on or between February 14, 2020 and February 18, 2020, the

12        Recognized Loss per ADS is the lesser of:

13       i.      $18.70; or

14       ii.     the purchase price minus the sale price (excluding all fees,

15               taxes, and commissions).  If this calculation results in a

16               negative number, then the Recognized Loss is $0.00.

17   (e)  sold on or between February 19, 2020 and February 23, 2020, the

18        Recognized Loss per ADS is the lesser of:

19       i.      $19.44; or

20       ii.     the purchase price minus the sale price (excluding all fees,

21               taxes, and commissions).  If this calculation results in a

22               negative number, then the Recognized Loss is $0.00.

23   (f)  sold on or between February 24, 2020 and March 9, 2020, the

24        Recognized Loss per ADS is the lesser of:

25       i.      $20.10; or

26

27

28

NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, Case No. 2:20cv02895-CBM-MAA

      ii.   the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

(g) sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per ADS is the lesser of:

      i.   $23.38;

      ii.   the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

      iii.   the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per ADS is $0.00.

(h) that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

      i.   $23.38;

      ii.   the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per ADS is $0.00.

3.   For ADSs purchased on or between December 17, 2019 and January 7, 2020, and

(a) sold on or before January 8, 2020, the Recognized Loss per ADS is $0.00.

(b) sold on or between January 8, 2020 and February 13, 2020, the Recognized Loss per ADS is the lesser of:

14

        i.     $6.48; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (c)   sold on or between February 14, 2020 and February 18, 2020, the Recognized Loss per ADS is the lesser of:

        i.     $7.02; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (d)   sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:

        i.     $7.76; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (e)   sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

        i.     $8.42; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (f)   sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

        i.     $11.70;

ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(g)  that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

i.      $11.70;

ii.     the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

4.   For ADSs purchased on or between January 8, 2020 and February 13, 2020, and

(a)  sold on or before February 13, 2020, the Recognized Loss per ADS is $0.00.

(b)  sold on or between February 14, 2020 and February 18, 2020, the Recognized Loss per ADS is the lesser of:

i.      $0.54; or

ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

(c)    sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:

    i.    $1.28; or

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

(d)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

    i.    $1.94; or

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

(e)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per ADS is the lesser of:

    i.    $5.22;

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

    iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(f)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

    i.    $5.22;

    ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the ADSs

17

during the 90-day period following the Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

5.    For ADSs purchased on or between February 14, 2020 and February 18, 2020, and

    (a)    sold on or before February 18, 2020, the Recognized Loss per ADS is $0.00.

    (b)    sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:

        i.    $0.74; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (c)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

        i.    $1.40; or

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

    (d)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

        i.    $4.68;

        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

        iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If

18

this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(e)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

    i.    $4.68;

    ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

6.    For ADSs purchased on or between February 19, 2020 and February 23, 2020, and

(a)    sold on or before February 23, 2020, the Recognized Loss per ADS is $0.00.

(b)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

    i.    $0.66; or

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.

(c)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

    i.    $3.94;

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

19

iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(d) that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

i. $3.94;

ii. the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $1.07. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

7. For ADSs purchased on or between February 24, 2020 and March 9, 2020, and

(a) sold on or before March 9, 2020, the Recognized Loss per ADS is $0.00.

(b) sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

i. $3.28;

ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00; or

iii. the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, Case No. 2:20cv02895-CBM-MAA

(c)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

    i.    $3.28;

    ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

| Table 1 90-Day Lookback Period | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 3/10/2020 | $1.85 | 4/8/2020 | $1.68 | 5/8/2020 | $1.36 |
| 3/11/2020 | $2.02 | 4/9/2020 | $1.64 | 5/11/2020 | $1.35 |
| 3/12/2020 | $1.81 | 4/13/2020 | $1.64 | 5/12/2020 | $1.33 |
| 3/13/2020 | $1.86 | 4/14/2020 | $1.76 | 5/13/2020 | $1.31 |
| 3/16/2020 | $2.19 | 4/15/2020 | $1.90 | 5/14/2020 | $1.29 |
| 3/17/2020 | $2.82 | 4/16/2020 | $1.92 | 5/15/2020 | $1.28 |
| 3/18/2020 | $2.81 | 4/17/2020 | $1.89 | 5/18/2020 | $1.26 |
| 3/19/2020 | $2.68 | 4/20/2020 | $1.85 | 5/19/2020 | $1.25 |
| 3/20/2020 | $2.52 | 4/21/2020 | $1.80 | 5/20/2020 | $1.23 |
| 3/23/2020 | $2.37 | 4/22/2020 | $1.74 | 5/21/2020 | $1.21 |
| 3/24/2020 | $2.25 | 4/23/2020 | $1.69 | 5/22/2020 | $1.20 |
| 3/25/2020 | $2.17 | 4/24/2020 | $1.65 | 5/26/2020 | $1.19 |
| 3/26/2020 | $2.09 | 4/27/2020 | $1.63 | 5/27/2020 | $1.17 |
| 3/27/2020 | $2.02 | 4/28/2020 | $1.60 | 5/28/2020 | $1.16 |
| 3/30/2020 | $1.98 | 4/29/2020 | $1.57 | 5/29/2020 | $1.15 |
| 3/31/2020 | $1.93 | 4/30/2020 | $1.53 | 6/1/2020 | $1.13 |

| 4/1/2020 | $1.88 | 5/1/2020 | $1.50 | 6/2/2020 | $1.12 |
|----------|-------|----------|-------|----------|-------|
| 4/2/2020 | $1.84 | 5/4/2020 | $1.47 | 6/3/2020 | $1.10 |
| 4/3/2020 | $1.80 | 5/5/2020 | $1.44 | 6/4/2020 | $1.09 |
| 4/6/2020 | $1.76 | 5/6/2020 | $1.41 | 6/5/2020 | $1.08 |
| 4/7/2020 | $1.72 | 5/7/2020 | $1.38 | 6/8/2020 | $1.07 |

**General Provisions:**

1. There shall be no Recognized Loss for any NMC securities other than ADSs.

2. The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. First-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. ADSs originally sold short will have no Recognized Loss.

5. ADSs acquired by conversion of convertible notes that were purchased before the Class Period shall have no Recognized Loss. ADSs acquired by conversion of convertible notes that were purchased during the Class Period shall be considered to be purchased as of the date of conversion, and the conversion price shall be considered the purchase price.

6. No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Tompkins Released Parties, whether or not you are entitled to a cash payment.

7. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

8. No Person shall have any claim against Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel, or Settling Defendant or any of Settling Defendant's Counsel based on the distribution made substantially in

22

accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9.  Settlement Class Members who do not submit valid Proofs of Claim will not share in the Net Settlement Fund.  Settlement Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Partial Final Judgment of the Court dismissing this Action.

**9.     How can I get a payment?**

To qualify for a payment, you must send in a form titled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/NMCHealth. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaim.net/NMCHealth **by 11:59 p.m. EST on _____ __, 2021**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 2021**, to:

> NMC Health PLC Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063
> Fax: (610) 565-7985
> info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the _____ ___, 2021 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Settling Defendant and other Tompkins Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Settling Defendant and other Tompkins Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of NMC ADSs during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of NMC ADSs during the Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Settling Defendant or other Tompkins Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.) and *Shengming Huang v. NMC Health PLC, et al.*, 2:20-cv-02895-CBM-MAA (C.D.

Cal)" and (B) states the date, number of shares and dollar amount of each NMC ADS purchase or acquisition during the Class Period, any sale transactions, and the number of NMC ADSs held by you as of March 13, 2016 and March 10, 2020. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of NMC ADSs during the Class Period; and (ii) demonstrating your status as a beneficial owner of the NMC ADSs. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 2021**, to the Claims Administrator at the following address:

> NMC Health PLC Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Partial Final Judgment in this case.

**12.   If I do not exclude myself, can I sue Settling Defendant or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Settling Defendant or other Tompkins Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case

immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.     Do I have a lawyer in this case?**

The Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and The Rosen Law Firm, P.A. is provided below.

**14.     How will the lawyers be paid?**

Co-Lead Counsel has expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the cases themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Co-Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. To maximize this distribution to the Settlement Class, however, Co-Lead Counsel have agreed not to seek a fee from the distribution of this Settlement.  They will request reimbursement of out-of-pocket litigation expenses not to exceed $_____.  If there are additional recoveries for the benefit of Settlement Class Members, such as a settlement or jury award against remaining Defendants, Co-Lead Counsel reserve the right to seek a fee of no more than 33 1/3% of total amounts recovered.  Co-Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from such additional recoveries, as awarded by the Court.

**15.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Co-Lead Counsel's motion for expenses and application for Awards to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.) and *Shengming Huang v. NMC Health PLC, et al*., 2:20-cv-02895-CBM-MAA (C.D. Cal). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of NMC ADSs during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2021**:

| Clerk of the Court United States District Court Central District of California 350 W. 1st Street, Courtroom Los Angeles, California 90012 | CO-LEAD COUNSEL:<br><br>POMERANTZ LLP<br>Joshua Silverman, Esq.<br>10 South La Salle Street, Suite 3505<br>Chicago, Illinois 60603<br>Telephone: (312) 377-1181<br>Facsimile: (312) 377-1184<br><br>THE ROSEN LAW FIRM, P.A.<br>Phillip Kim, Esq.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827 | COUNSEL FOR SETTLING DEFENDANT<br><br>EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP<br>William A. Wright, Esq.<br>6420 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048<br>Phone: (323) 301-4660<br>Fax: (323) 301-4676 |

**16.** **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.** **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2021, at __:__ _a.m., at the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom # 8B, 8th Floor, Los Angeles, California 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.

**18.     Do I have to come to the hearing?**

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendant or the Tompkins Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, between March 13, 2016 and March 10, 2020, inclusive, you purchased, otherwise acquired, or sold NMC Health PLC ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased such NMC ADSs during such time period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the NMC ADSs. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.05 for providing names, addresses and email addresses to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EXHIBIT A-2

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU PURCHASED OR ACQUIRED NMC HEALTH PLC'S ("NMC" OR THE "COMPANY") AMERICAN DEPOSITARY SHARES ("ADSs") BETWEEN MARCH 13, 2016 AND MARCH 10, 2020, BOTH DATES INCLUSIVE ( "SETTLEMENT CLASS PERIOD") AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

**THE FOLLOWING PERSONS ARE EXCLUDED FROM THE CLASS AND ARE NOT CLASS MEMBERS: (I) DEFENDANTS; (II) CURRENT AND FORMER OFFICERS AND DIRECTORS OF NMC AND ANY TOMPKINS RELEASED PARTY; (III) THE PERSONS EXPRESSLY EXCLUDED FROM THE DEFINITION OF SETTLEMENT CLASSIN PARAGRAPH 1.29 OF THE SETTLEMENT STIPULATION; (IV) THE RESPECTIVE SPOUSES, CHILDREN, OR PARENTS OF ANY PERSON OR ENTITY EXCLUDED UNDER SUBPARAGRAPHS, (I) THROUGH (III) OF THIS PARAGRAPH; (V) ANY PERSON OR ENTITY MORE THAN 5% OWNED OR DIRECTLY OR INDIRECTLY CONTROLLED BY ANY PERSON OR ENTITY EXCLUDED UNDER SUBPARAGRAPHS (I) THROUGH (IV) OF THIS PARAGRAPH OR ANY TRUST OF WHICH SUCH A PERSON IS A BENEFICIARY OR OF WHICH ANY PERSON OR ENTITY IS RELATED OR AFFILIATED TO A BENEFICIARY OR A TRUSTEE; (VI) THE RESPECTIVE HEIRS, SUCCESSORS, TRUSTEES AND ASSIGNS OF ANY PERSON EXCLUDED UNDER PARAGRAPHS (I) THROUGH (V); AND (VII) THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT.**

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON _____, 2021 AT WWW.STRATEGICCLAIMS.NET/NMCHEALTH.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2021 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

EXHIBIT A-2

Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2021 WILL SUBJECT
YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY
IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR
DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR
COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN
SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF
YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF
OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT, BUT
YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND PARTIAL FINAL
JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT
YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

EXHIBIT A-2

**CLAIMANT'S STATEMENT**

1. I (we) purchased or acquired NMC Health PLC's ("NMC") American Depositary Shares during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase NMC American Depositary Shares during the Settlement Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action ( "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of NMC ADSs, and each sale, if any, of such ADSs. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of NMC ADSs listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Tompkins Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement (the "Settlement Stipulation").

-3-

EXHIBIT A-2

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Tompkins Released Parties.

9. "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

EXHIBIT A-2

## I. CLAIMANT INFORMATION

| Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN NMC HEALTH PLC AMERICAN DEPOSITARY SHARES

**Beginning Holdings:**

A.  State the total number of shares of NMC Health PLC ("NMC") ADSs held at the close of trading on March 13, 2016 (*must be documented).*  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of NMC ADSs between March 13, 2016 and March 10, 2020, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

EXHIBIT A-2

**Sales:**

C.  Separately list each and every sale of NMC ADSs between March 13, 2016 and March 10, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of NMC ADSs held at the close of trading on March 10, 2020 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of NMC ADSs during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of

EXHIBIT A-2

a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐  Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

-7-

EXHIBIT A-2

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN _____, 2021 AND MUST BE MAILED TO:**

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim and Release Form on page \_\_\_\_.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>                              Defendants. | Case No.: 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br><br>**SUMMARY NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION**<br><br>  [Honorable Consuelo B. Marshall] |

**TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED NMC HEALTH PLC ("NMC") AMERICAN DEPOSITARY SHARES ("ADSs") BETWEEN MARCH 13, 2016 AND MARCH 10, 2020, BOTH DATES INCLUSIVE**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY.   PLEASE   REVIEW   THE   NOTICE   POSTED   AT WWW.STRATEGICCLAIMS.NET/NMCHEALTH FOR ADDITIONAL DETAILS AND INSTRUCTIONS.**

        YOU ARE HEREBY NOTIFIED that a hearing will be held in the above-captioned action (the "Action") on _____, 202___, at _:__ _.m., before the Honorable Consuelo B. Marshall in Courtroom 8B of the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, California 90012, to determine: (1) whether the proposed Settlement of the Settlement Class's claims against Defendant H.J. Mark Tompkins ("Tompkins" or "Settling Defendant") for $120,000 should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently bar and enjoin the assertion of any claims against the Tompkins Released Parties that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against Tompkins as set forth in the Settlement Stipulation filed with the Court; and

(5) whether the application by Co-Lead Counsel for reimbursement of reasonable expenses should be approved. At the Court's discretion, the Final Approval Hearing may be telephonic, in which case call-in details will be displayed by the Claims Administrator at its website: www.strategicclaims.net.

IF YOU PURCHASED OR OTHERWISE ACQUIRED NMC ADSs FROM MARCH 13, 2016 TO MARCH 10, 2020, BOTH DATES INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim, postmarked or delivered to the Settlement Administrator no later than _____, 2021.  Your failure to submit your Proof of Claim by _____, 2021, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of the Action.  If you are a member of the Settlement Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgments, whether or not you submit a Proof of Claim.

Copies of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Settlement), a Proof of Claim form, and the Settlement Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) may be obtained online at www.strategicclaims.net, or by writing to:

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, Pennsylvania 19063 Telephone: 1-866-274-4004
info@strategicclaims.net

Inquiries should NOT be directed to Defendants, the Courts, or the Clerks of the Courts. Inquiries may also be made to a representative of Co-Lead Counsel:

Joshua B. Silverman, Esq.
POMERANTZ LLP
10 S. LaSalle St., Ste. 3505
Chicago, IL 60603
Telephone: (312) 377-1181

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Ave., 34th Fl.
New York, NY 10016
Telephone: (212) 686-1060

*Co-Lead Counsel*

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2021, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE JUDGMENTS ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY CO-LEAD COUNSEL FOR AN AWARD OF EXPENSES.  ANY OBJECTIONS MAY BE FILED WITH EITHER COURT AND MUST BE SENT TO CO-LEAD COUNSEL BY _____, 2021, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
HONORABLE CONSUELO B. MARSHALL

# EXHIBIT A-4

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Case No. :20-cv-02303-CBM-MAA
(C.D. Cal.)

Case Pending in the United States District Court for the
Central District of California

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Maya A. v. NMC Health PLC, et al., No. 2:20-cv-02303-CBM (MAA.)*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/NMCHEALTH OR CALL 1-866-274-4004 FOR MORE*
*INFORMATION.*

The United States District Court for the Central District of California ("Court") has preliminarily approved a proposed Settlement of claims against H. J. Mark Tompkins ("Settling Defendant"). The proposed Settlement would resolve claims against the Settling Defendant in a class action lawsuit alleging that, in violation of the federal securities laws, Settling Defendant made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning NMC Health's ("NMC") business operations, prospects, and financial health. The Settling Defendant denies the allegations.

You received this notice because you may have purchased or acquired NMC American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against the Settling Defendant, a fund consisting of \$120,000, less expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/NMCHealth. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: NMC Health PLC Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/NMCHealth. PROOFS OF CLAIM ARE DUE BY _____ __, 2021 TO NMC HEALTH PLC SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063. If you do not want to be legally bound by the Settlement, you must exclude yourself by ____ __, 2021. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2021. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on _____ __, 2021 at __:__ _.m. at the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom # 8B, 8th Floor, Los Angeles, California 90012 to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to \$35,000 reimbursement for expenses incurred in litigating the case. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net/NMCHealth.

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>Defendants. | Case No.: 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br><br>**[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT**<br><br>[Honorable Consuelo B. Marshall] |

**[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT**

On the _____ day of _____, 2021 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 14, 2021 ("Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against H.J. Mark Tompkins ("Settling Defendant" or "Tompkins"), including the release of the Released Claims against the Tompkins Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Settling Defendant with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and (4) whether and in what amount to award Lead Counsel reimbursement of expenses; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated _____, 2021 ("Preliminary Approval Order") was published; the Postcard Notice was mailed to all reasonably identifiable Settlement Class Members; a link to the Notice was emailed to all reasonably identifiably Settlement Class Members and the Notice was posted to the website of the Claims Administrator; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      This Order and Partial Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action.

2

619970.1

3.     The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Lead Plaintiffs and Co-Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.     the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.     the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.     the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.     the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4.     The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or acquired NMC Health PLC ("NMC" or the

3

"Company") American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of NMC and any Tompkins Released Parties; (iii) the Persons expressly excluded from the definition of Settlement Class in paragraph 1.29 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any Person excluded under subparagraphs (i) through (iii) of this paragraph; (v) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (v); and (vii) those Persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Co-Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as class counsel for the Settlement Class ("Co-Lead Counsel").

6.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation,

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT, Case No. 2:20cv02895-CBM-MAA

619970.1

1   based upon the contention or proof that such Settlement Class Member failed to

2   receive actual or adequate notice.  A full opportunity has been offered to the

3   Settlement Class Members to object to the proposed Settlement and to participate in

4   the hearing thereon. The Court further finds that the notice provisions of the Class

5   Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby

6   determined that all Settlement Class Members are bound by this Order and Partial

7   Final Judgment except those Persons listed on Exhibit A to this Order and Partial

8   Final Judgment.

9          7.      The Settlement is approved as fair, reasonable and adequate under Rule

10   23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement

11   Class. This Court further finds that the Settlement set forth in the Settlement

12   Stipulation is the result of good faith, arm's-length negotiations between experienced

13   counsel representing the interests of Lead Plaintiffs, Settlement Class Members, and

14   the Settling Defendant. The Settling Parties are directed to consummate the

15   Settlement in accordance with the terms and provisions of the Settlement Stipulation.

16          8.      The Action and all claims contained therein, as well as all of the

17   Released Claims, are dismissed with prejudice as against Tompkins and the

18   Tompkins Released Parties. The Settling Parties are to bear their own costs, except

19   as otherwise provided in the Settlement Stipulation.

20          9.      The Court orders:

21          (a)      In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims

22   for contribution arising out of the Released Claims: (i) by any Person against

23   any of the Tompkins Released Parties and (ii) by any of the Tompkins

24   Released Parties against any Person (other than as set out in 15 U.S.C. § 78u-

25   4(f)(7)(A)(ii)) are hereby permanently barred, extinguished, discharged,

26   satisfied and unenforceable. Accordingly, without limitation to any of the

27   above, (i) any Person is hereby permanently enjoined from commencing,

28   prosecuting, or asserting against any of the Tompkins Released Parties any

5

619970.1

such claim for contribution, and (ii) the Tompkins Released Parties are hereby
permanently enjoined from commencing, prosecuting, or asserting against any
Person any such claim for contribution.  In accordance with U.S.C. § 78u-
4(f)(7)(B), any final verdict or judgment that might be obtained by or on
behalf of the Lead Plaintiffs, the Settlement Class or a Settlement Class
Member against any Person for loss for which such Person and any Tompkins
Released Parties are found to be jointly responsible shall be reduced by the
greater of (i) an amount that corresponds to the total amount of the Settling
Defendant's percentage of responsibility for the loss to the Lead Plaintiffs, the
Settlement Class or Settlement Class Member, or (ii) the Settlement Amount.

(b)        Any and all Persons are permanently barred, enjoined, and
restrained from commencing, prosecuting, or asserting any claim against any
of the Tompkins Released Parties arising under any federal, state, or foreign
statutory or common-law rule, however styled, whether for indemnification or
contribution or otherwise denominated, including claims for breach of contract
or for misrepresentation, where the claim is or arises from a Released Claim
and the alleged injury to such Person arises from that Person's alleged liability
to Lead Plaintiffs, the Settlement Class or any Settlement Class Member,
including any claim in which a Person seeks to recover from any of the
Tompkins Released Parties any amounts such Person has or might become
liable to pay to Lead Plaintiffs or the Settlement Class or any Settlement Class
Member (hereafter the "Complete Bar Order").  All such claims are hereby
extinguished, discharged, satisfied, and unenforceable.  The provisions of the
Complete Bar Order are intended to preclude any liability of any of the
Tompkins Released Parties to any Person for indemnification, contribution, or
otherwise on any claim that is or arises from a Released Claim and where the
alleged injury to such Person arises from that Person's alleged liability to the
Lead Plaintiffs, the Settlement Class or any Settlement Class Member;

provided however, that if the Lead Plaintiffs, Settlement Class or any Settlement Class Member obtains any judgment against any such Person based upon, arising out of, or relating to any Released Claim for which such Person and any of the Tompkins Released Parties are found to be jointly responsible, that Person shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Tompkins Released Party's or Parties' percentage of responsibility for the loss to the Lead Plaintiffs or Settlement Class or Settlement Class Member, or (ii) the Settlement Amount.

(c)          Each and every Tompkins Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other Person (including any other Tompkins Released Parties) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Tompkins Released Party arises from that Tompkins Released Party's alleged liability to Lead Plaintiffs, the Settlement Class or any Settlement Class Member, including any claim in which any Tompkins Released Party seeks to recover from any Person (including another Tompkins Released Party) (i) any amounts any such Tompkins Released Party has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

(d)          If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the

619970.1

Tompkins Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

(e)       Notwithstanding the Complete Bar Order or anything else in the Settlement Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Tompkins Released Party of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

(f)       Nothing in this Order or the Tompkins Settlement shall be deemed to release any claim by Lead Plaintiffs or the Settlement Class against any Defendant in this Action other than Tompkins.

10.     The Plaintiffs Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Plaintiffs Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Tompkins Released Parties. The Plaintiffs Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Tompkins Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Plaintiffs Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Tompkins Released Parties. Nothing contained herein shall, however, bar the

619970.1

Plaintiffs Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Partial Final Judgment.

11.     The Tompkins Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs Released Parties from all Tompkins Released Claims, and shall be permanently enjoined from prosecuting the Tompkins  Released Claims against the Plaintiffs Released Parties.  Nothing contained herein shall, however, bar Lead Plaintiffs or the Settling Defendant from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Partial Final Judgment.

12.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Co-Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

13.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14.     Neither this Order and Partial Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)          is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendant, the Tompkins Released Parties, or each or any of them;

9

619970.1

(b)      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendant or Tompkins Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)      is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendant or the Tompkins Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Lead Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendant, or the Tompkins Released Parties, or each or any of them, that any of Lead Plaintiffs' claims or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15.    The Tompkins Released Parties may file the Settlement Stipulation and/or this Order and Partial Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement

10

Stipulation and/or this Order and Partial Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Partial Final Judgment.

16.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

17.     Without affecting the finality of this Order and Partial Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Partial Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, Settling Defendant and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

19.     There is no just reason for delay in the entry of this Order and Partial Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.     The finality of this Order and Partial Final Judgment shall not be affected, in any manner, by rulings that the Court may make on any of Co-Lead Counsel's applications in the Action for expenses to Co-Lead Counsel .

21.     If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Partial Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and

11

619970.1

1    may not be introduced as evidence or used in any action or proceeding by any Person

2    against the Settling Parties or the Tompkins Released Parties, and each Settling Party

3    shall be restored to his, her or its respective litigation positions as they existed prior

4    to June 1, 2021, pursuant to the terms of the Settlement Stipulation.

5

6         Dated: _____, 2021

7

8                                          _____

9                                          HON. CONSUELO B. MARSHALL
                                           UNITED STATES DISTRICT
10                                         JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT, Case No. 2:20cv02895-CBM-MAA

619970.1