Mark B. Chassman, SBN 119619
Email: mchassman@chassmanseelig.com
Ana Vasquez, SBN 231903
Email: avasquez@chassmanseelig.com
CHASSMAN & SEELIG, LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Fax: (310) 929-7627

Alexander D. Pencu (*pro hac vice*)
Email: adp@msf-law.com
Benjamin D. Bianco (*pro hac vice*)
Email: bdb@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

*Attorneys for Defendant B.R. Shetty*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>Defendants. | Case No.: 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT B.R. SHETTY**<br><br>Date: July 27, 2021<br>Time: 10:00AM<br>Place: Courtroom |

Defendant B.R. Shetty requests that the Court take judicial notice of and consider the following documents as incorporated by reference to the Complaint.

Under Federal Rule of Evidence ("Fed. R. Evid.") 201, courts may "take judicial notice of undisputed matters of public record." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).   Federal Rule of Evidence 201 provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Under the incorporation by reference doctrine, the court ruling on a motion to dismiss may "consider documents whose contents are alleged in the complaint but not attached, so long as their authenticity is not questioned and the complaint necessarily relies on them." *In re American Apparel, Inc. Shareholder Derivative Litigation*, No. CV 10–06576 MMM (RCx), 2012 WL 9506072 *17 (C.D. Cal. Jul. 31, 2012). Incorporation by reference "prevents plaintiffs from selecting only portions of the documents" supporting their claims, while omitting unfavorable portions of the document. *Garcia v. J2 Global, Inc.*, Case No. 2:20-cv-06096-FLA (MAAx), 2021 WL 1558331 at *5 (C.D.Cal. Mar. 5, 2021) citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

**Exhibit 1**: Muddy Waters Capital LLC's Report on NMC Health PLC ("NMC") published on December 17, 2019 (the "Muddy Waters Report").  The Muddy Waters Report is publicly available and can be found in its entirety at the following link: https://www.muddywatersresearch.com/research/nmc/mw-is-short-nmc/ (last visited June 1, 2021).

Consideration of the Muddy Waters Report is proper under the incorporation by reference doctrine because the report forms the core nucleus of Plaintiffs' securities fraud allegations against Defendants.   See Complaint, ¶¶ 64-72.   For example, Paragraph 65 of the Complaint includes a block quote lifted from page 4 of the Muddy

1

Waters Report. Compare Complaint, ¶65 and Muddy Waters Report, p. 4 ("Reasonably sophisticated hospitals in the UAE seem to cost $3,000 to $4,000 per square meter to build on an all-in cost basis, and the trend is broadly consistent across metropolitan areas in the Gulf states. We calculate that NMC Royal Women's, on the other hand, cost $7,700 per square meter. This is more than double the average cost of the group of hospitals we examined.").

There is no reasonable dispute that the Muddy Waters Report attached as Exhibit 1 is the report referenced in the Complaint. The chart below identifies the allegations from the Complaint that refer to the Muddy Waters Report along with the corresponding page(s) from the Muddy Waters Report.

| Complaint (¶) | 65 | 66 | 67 | 68 | 69 | 70 | 71 | 72 |
|---|---|---|---|---|---|---|---|---|
| The Report (p.) | 4 | 5 | 2 | 2, 11,12 | 34 | 14 | 3,18-21 | 18 |

Consideration of the Muddy Waters Report is of heightened importance because Plaintiffs cite selective passages from the Muddy Waters Report, quoting favorable portions that support their claim, while omitting unfavorable portions of the report. See *In re Wet Seal, Inc. Sec. Litig.*, 518 F.Supp.2d 1148, 1158 (C.D. Cal. 2007) ("[d]ocuments crucial to the plaintiff's claims but not explicitly incorporated in a complaint can be noticed in order to prevent a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

For example, Plaintiffs omit reference to the fact that Muddy Waters is a short seller and that the Muddy Waters Report was published for Muddy Waters to profit from a devaluation of NMC's securities. Indeed, the Muddy Waters Report opens with "[w]e are short NMC Health plc." See Exhibit 1, p. 2. Also, omitted are the following key disclaimers and disclosures from the Muddy Waters Report: (1) "all information contained herein … has been obtained from public sources …;" (2) the information In

the Muddy Waters Report "is presented 'as is,' without warranty of any kind;" and (3) "Muddy Waters Capital makes no representation, express or implied, as to the accuracy, timeliness, or completeness of any such information or with regard to the results to be obtained from its use." *Id.*, p. 1.  See *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (holding that the doctrine of incorporation by reference is extended to include "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint," and the documents authenticity is not in question.).

**Exhibit 2**:  Citibank, N.A.'s ("Citibank") Form F-6 for NMC filed with the Securities and Exchange Commission ("SEC") on May 31, 2015 ("Citibank Form F-6") registering Citibank's offering of the NMC ADSs.

A court ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F.Supp. 746, 758 (9th Cir. 1997).

The Citibank Form F-6 is subject to judicial notice because Plaintiffs reference the American Depository Shares ("ADSs") traded on the OTC Pink under the ticker symbol "NMHLY" in the Complaint.  See Complaint, ¶ 9.  By directly referencing NMC ADSs, Plaintiffs "are clearly, if indirectly" referencing the SEC filings that established the NMC ADSs.  See *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1109 (N.D. Cal. 2003); see also *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1032 (C.D. Cal. 2015) ("[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available").

There is no reasonable dispute that Citibank's Form F-6 relates to the same ADSs referenced in the Complaint. Citibank's Form F-6 is relevant because the allegations contained in the Complaint directly refer to the NMC ADSs offered by Citibank.

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT B.R. SHETTY                    CASE NO. 2:20CV02895-CBM-MAA

**Exhibit 3**: Deutsche Bank Trust Company Americas' ("Deutsche Bank") Form F-6 for NMC filed with the SEC on April 6, 2015 ("Deutsche Bank Form F-6") registering Deutsche Bank's offering of the NMC ADSs.

A court ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F.Supp. 746, 758 (9th Cir. 1997).

Plaintiffs' securities fraud claims concern NMC ADSs traded on the OTC Pink under the ticker symbol "NMHLY." See Complaint, ¶ 9. Deutsche Bank's Form F-6 for NMC ("Deutsche Bank's Form F-6") is subject to judicial notice because by directly referencing NMC ADSs, Plaintiffs "are clearly, if indirectly" referencing the SEC filings that registered and established the NMC ADSs. See *Wietschner v. Monterey Pasta Co.*, 294 F.Supp.2d 1102, 1109 (N.D. Cal. 2003); see also *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1032 (C.D. Cal. 2015) ("[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available").

There is no reasonable dispute that the Deutsche Bank Form F-6 relates to the same NMC ADSs referenced in the Complaint. The Deutsche Bank Form F-6 is relevant because the allegations contained in the Complaint directly refer to the NMC ADSs offered by Deutsche Bank.

For the reasons stated above, this request for judicial notice should be granted.

4

Dated: June 21, 2021

By: */s/ Mark B. Chassman*

Mark B. Chassman (CA Bar No. 119619)
Email: mchassman@chassmanseelig.com
CHASSMAN & SEELIG LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Fax: (310) 929-7627

Alexander D. Pencu
(*pro hac vice*)
Email: adp@msf-law.com
Benjamin D. Bianco
(*pro hac vice*)
Email: bdb@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 655-3500
Fax: (646) 539-3649

*Attorneys for Defendant B.R. Shetty*

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT B.R. SHETTY   CASE NO. 2:20CV02895-CBM-MAA

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 21, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the Electronic Service List for this Case. I declare that the foregoing is true and correct.


Dated: June 21, 2021                    */s/ Mark B. Chassman*
                                        Mark B. Chassman

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT B.R. SHETTY                    CASE NO. 2:20cv02895-CBM-MAA