1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

10    CHRIS HASHEM, *et al.*,

11        Plaintiffs,

12    vs.

13    NMC HEALTH PLC, *et al.*,

14        Defendants.

| Case No.: CV 20-2303 CBM (MAAx) |
|---|
| **ORDER RE: DEFENDANT B.R. SHETTY'S MOTION TO DISMISS [DKT. 70]** |

15

16    The matter before the Court is Defendant B.R. Shetty's Motion to Dismiss

17    pursuant to Rule 12(b)(6) and Request for Judicial Notice. (Dkt. 70, 70-6.)

18                        **I. BACKGROUND**

19    Defendant NMC Health PLC ("NMC")[1] is a foreign corporation

20    incorporated in England and Wales.  (First Amended Complaint ("FAC") ¶ 11.)

21    Defendant B.R. Shetty founded NMC and served as NMC's CEO and Executive

22    Vice Chairman until March 2017 and served as NMC's Non-Executive Joint

23    Chairman of the Board from March 2017 until February 2020.  (FAC ¶ 14.)  NMC

24    is purported to own and manage approximately 200 healthcare facilities

25    throughout the United Arab Emirates, the United Kingdom, Spain, and

26    internationally.  (FAC ¶ 10.)

27

28    [1] Claims against Defendant NMC are stayed due to its bankruptcy and Plaintiffs do not expect any recovery to be possible.

1        Plaintiffs allege that on December 17, 2019, Muddy Waters Capital LLC

2  ("Muddy Waters") published a Report stating that NMC had misled investors and

3  failed to disclose: (i) its lack of internal controls; (ii) (de facto) related party

4  transactions; (iii) its true debt burden; (iv) its true cash-on-hand and asset values;

5  and (v) its use of reverse factoring.  (FAC ¶ 70.)  Plaintiffs assert the follow causes

6  of action against Defendant Shetty: 1) section 10(b) of the Exchange Act and Rule

7  10b-5 promulgated thereunder by committing securities fraud and 2) section 20(a)

8  of the Exchange Act.

9                          **II. JURISDICTION**

10        The Court has jurisdiction over this action pursuant to the Securities

11  Exchange Act of 1934, 15 U.S.C. § 78(a).

12                   **III. LEGAL STANDARD**

13        To survive a motion to dismiss, a complaint must "contain sufficient factual

14  matter, accepted as true, to 'state a claim to relief that is plausible on its face."

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

16  550 U.S. 544, 570 (2007)).  This requirement is satisfied when "the plaintiff pleads

17  factual content that allows the court to draw the reasonable inference that the

18  defendant is liable for the misconduct alleged."  *Id.*  "In alleging fraud or mistake,

19  a party must state with particularity the circumstances constituting fraud or

20  mistake."  Fed. R. Civ. P. 9(b).  When considering motions to dismiss, courts

21  accept all facts alleged in the complaint as true, construe the pleadings in the light

22  most favorable to the nonmoving party, and draws all reasonable inferences in

23  favor of the plaintiff.  *Ass'n for Los Angeles Deputy Sheriffs v. Cnty of Los*

24  *Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).

25                          **IV. DISCUSSION**

26  **A.**    **Request for Judicial Notice and Incorporation by Reference**

27        Defendant requests that the Court take judicial notice of and consider the

28  following documents as incorporated by reference to the Complaint:

1) Muddy Waters Capital LLC's Report on NMC Health PLC;
2) Citibank, N.A.'s Form F-6 for NMC filed with the Securities and Exchange Commission on May 31, 2015;
3) Deutsche Bank Trust Company Americas' Form F-6 for NMC filed with the SEC on April 6, 2015;
4) NMC Health Plc Annual Report & Accounts 2015 dated March 13, 2016; and
5) NMC Health Plc Annual Report & Accounts 2017 dated March 6, 2018.

(Dkt. 70-6.)

The second request asks this Court to take judicial notice of the following documents:

6) NMC Health Plc Annual Report & Accounts 2018 dated March 6, 2019
7) Second Amended and Consolidated Class Action Complaint for Violation of the Securities Laws of the United States and Japan filed in *Mark Stoyas et al. v. Automotive Industries Pension Trust Fund*, Case No. 2:15-cv-04194-DDP (C.D. Cal.) (Dkt. 75) ("*Toshiba II* Complaint")
8) NMC Health Plc Annual Report & Accounts 2014 dated February 23, 2015.

(Dkt. 82.)

Generally, a district court may not consider material outside the pleadings when assessing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, there are two exceptions to this rule: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* Courts have "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

1    Here, the Muddy Waters Capital LLC Report on NMC Health PLC is

2    referenced in paragraph 54 of the FAC, which includes a block quote from page 4

3    of the Muddy Waters Reports. ( FAC ¶¶ 54, 64–72).  Additionally, the Citibank

4    Form F-6 and the Deutsche Bank Trust Company Americas' Form F-6 are

5    referenced in the FAC.  (FAC ¶ 5 "NMC's ADSs traded in the United States on the

6    OTC Pink, an American trading venue operated by OTC Markets, Inc., an

7    American company, under the ticker symbol 'NMHLY.'")   Exhibit 4, the NMC

8    Health Plc Annual Report & Accounts 2015, and Exhibit 5, the NMC Health Plc

9    Annual Report & Accounts 2017, are both referenced and extensively quoted in

10   the FAC.  (FAC ¶¶ 26–36; FAC ¶¶ 46–54.)

11   Additionally, Plaintiffs' FAC quotes Exhibit 6, the NMC Health PLC

12   Annual Report and relies on the Report as the basis for alleged false and

13   misleading statements issued during the class period.  (FAC ¶¶ 55–64.)  Plaintiffs'

14   FAC also quotes and relies on Exhibit 8, the NMC Health PLC Annual Report &

15   Accounts 2014.  (FAC ¶ 71.)  Lastly, Exhibit 7, the *Toshiba II* Complaint, is a

16   court filing and matter of public record, so the Court may take judicial notice of

17   such document.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6

18   (9th Cir. 2006) (noting that a "court may take judicial notice of court filings and

19   other matters of public record.").

20   Accordingly, the Court grants Defendant's request to incorporate Exhibits 1

21   through 6 and 8 by reference and grants Defendant's request to take judicial notice

22   of Exhibit 7.

23   **B.    Motion to Dismiss**

24   **1. Domestic Transaction**

25   Defendant argues Plaintiff failed to allege that the securities transaction

26   occurred on a domestic exchange. The Court finds that Plaintiffs alleged facts

27   plausibly infer that the purchaser, Plaintiffs, incurred irrevocable liability within

28

the United States and thus, sufficiently alleged facts that indicate the securities transaction occurred on a domestic exchange.

### 2. First Cause of Action: Violations of Section 10(b) and Rule 10b-5 Promulgated Thereunder

To state a claim for securities fraud under Rule 10b-5, a plaintiff must plead the following elements: (1) a material misrepresentation or omission of fact; (2) scienter; (3) reliance; (4) economic loss; and (5) loss causation. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).

The Court finds that Plaintiffs have sufficiently alleged a material misrepresentation or omission of fact, scienter, economic loss and causation.

### a. Third Element: Reliance[2]

Reliance by Plaintiffs upon the misrepresentations or omissions is an essential element of the Section 10(b) action as it "ensures that, for liability to arise, the 'requisite causal connection between a defendant's misrepresentation and a plaintiff's injury' exists as a predicate for liability." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 159 (2008). Plaintiffs "must plead facts that show actual, direct reliance on a particular alleged misstatement or omission . . . [and] allege the details of their securities transactions." *Centaur Classic Convertible Arbitrage Fund Ltd. V. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1020 (C.D. Cal. 2011). Alternative to pleading reliance, Plaintiffs may also allege that they are entitled to a presumption of reliance. *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 942 (9th Cir. 2009). The Supreme Court has recognized two types of reliance presumptions: *Affiliated Ute* and fraud-on-the-market. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 152 (2008).

### i. Plaintiffs may not rely on the *Affiliated Ute* Presumption

---

[2] Plaintiffs do not plead direct reliance. Instead, they argue presumption of reliance.

1    The presumption of reliance recognized in *Affiliated Ute Citizens of the*
2    *State of Utah v. United States*, 406 U.S. 128 (1972), allows a plaintiff to avoid
3    pleading direct reliance in cases that "primarily allege omissions." There is a
4    Circuit split as to whether a plaintiff can rely on a presumption of reliance when
5    they plead both misrepresentations and omissions. *Binder v. Gillespie*, 184 F.3d
6    1059, 1064 (9th Cir. 1999). The Ninth Circuit adopts the approach that the
7    *Affiliated Ute* presumption be "confined to cases that primarily allege omissions."
8    *Id.*

9    In their Opposition, Plaintiffs assert that the FAC "primarily alleges
10   omissions," reasoning that ¶¶ 26–68 of the FAC related back to key omissions.[3]
11   However, in ¶ 69 of the FAC, Plaintiffs allege that "statements contained in ¶¶ 26–
12   68 were materially false and/or misleading . . . ." Specifically, in ¶ 69 of the FAC,
13   Plaintiffs allege misrepresentations, including "NMC's debts were significantly
14   understated and obfuscated," "NMC's cash-on-hand figures were overstated," and
15   "NMC's principal shareholders were not accurately reporting or accounting their
16   interests or stakes in the Company." The aforementioned statements are
17   misrepresentations and thus, Plaintiffs do not primarily plead an omissions case.

18   Therefore, the Court finds that Plaintiffs cannot invoke the *Affiliated Ute*
19   presumption because the crux of the pleading is comprised of both
20   misrepresentations and omissions, and not primarily omissions as required by
21   *Affiliated Ute*.

22   ### ii. Fraud-on-the-Market Presumption

23   The "fraud on the market theory is based on the hypothesis that, in an open
24   developed securities market, the price of a company's stock is determined by the
25   available material information regarding the company and its business; [and]

26

27   [3] The title of the section that begins with paragraph 26 is "Materially False and Misleading
28   Statements Issued During the Class Period," which further indicates that this section does not
     primarily allege omissions.

[m]isleading statements will therefore defraud purchasers even if purchasers do not directly rely on the misstatements." *Basic Inc. v. Levinson*, 485 U.S. 224, 241-42 (1988). Fraud on the market requires allegations that: (i) the misrepresentations were publicly known and material, (ii) the security was traded in an efficient market, and (iii) the plaintiffs traded the stock between the time the misrepresentations were made and when the truth was revealed. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014).

Defendants argue Plaintiffs FAC does not allege sufficient facts pursuant to Rule 12(b)(6) and the PSLRA. In their Opposition, Plaintiffs cite to *In re USA Talks.com Sec. Litig.*, No. 99-CV-0162-L(JA), 2000 WL 1887516, at * 6 (S.D. Cal. Sept. 14, 2000) to argue that the PSLRA does not require a heightened pleading standard for fraud-on-the-market theory allegations. However, courts in this district apply "Rule 9(b) standards to the pleading of reliance under a fraud-on-the-market theory." *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1252–53 (C.D. Cal. Aug. 11, 2015).

### a. The misrepresentations were publicly known and material.

Plaintiffs do plead an actionable material misrepresentation or omission. (FAC ¶¶ 5–8). The misrepresentations were public because they were made in NMC's annual reports, a public report. Thus, the first element of the fraud on the market theory is satisfied.

### b. Allegations are not sufficient to support that the security was traded in an efficient market.

To determine efficiency in a particular market, the *Binder* court addressed five factors/characteristics of a company and its stock: (1) "whether the stock trades at a high weekly volume;" (2) "whether securities analysts follow and report on the stock;" (3) "whether the stock has market makers and arbitrageurs;" (4) "whether the company is eligible to file SEC registration form S-3, as opposed

1   to form S-1 or S-2;" (5) "whether there are empirical facts showing a cause and

2   effect relationship between unexpected corporate events or financial releases and

3   an immediate response in the stock price." *Binder*, 184 F.3d at 1065 (quoting

4   *Cammer v. Bloom*, 711 F. Supp. 1264, 1286–87 (D. N.J. 1989)).  In *ScripsAmerica*,

5   the court noted that "a cause and effect relationship between unexpected corporate

6   events or financial releases and an immediate response in the stock price . . . is the

7   essence of an efficient market and the foundation for the fraud on the market

8   theory." *ScripsAmerica, Inc.*, 119 F.Supp.3d at 1256 (quoting *Cammer*, 711 F.

9   Supp. at 1287).

10      First, Plaintiffs allege that "NMC's securities were liquid and traded with

11   sufficient volume during the Class Period."  (FAC ¶ 102).  However, the Plaintiffs

12   have failed to plead facts to support sufficient volume was traded with

13   particularity.  Next, Plaintiffs allege that "NMC was followed by a number of

14   securities analysts employed by major brokerage firms who wrote reports that

15   were widely distributed and publicly available." *Id.*  Thus, the Court finds

16   Plaintiffs have sufficiently plead analyst reporting.  Third, Plaintiffs do not allege

17   any facts regarding market makers or arbitrageurs.    Next, Plaintiffs do not allege

18   any facts regarding SEC Form S-3.  Therefore, the Court finds that the Plaintiffs

19   have not sufficiently plead whether the company is eligible to file SEC registration

20   form S-3.  Lastly, Plaintiffs allege "empirical facts showing a cause and effect

21   relationship between unexpected corporate events or financial releases and an

22   immediate response in the stock price."  (FAC ¶¶ 79–95).  Based on the allegations

23   in paragraphs 79–95 of the first amended complaint, there exists a cause and effect

24   relationship between NMC's corporate events or financial releases and the

25   movement of its stock price.

26      The Court finds Plaintiff does not allege sufficient facts to support an

27   efficient market.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**c. Plaintiffs alleged sufficient facts that Plaintiffs traded between the time the misrepresentations were made and the "truth" was revealed.**

Plaintiffs have alleged facts that they traded NMC ADSs between the time the alleged misrepresentations were made, and the truth began to emerge. The truth began to emerge on December 17, 2019. (FAC ¶ 70). Plaintiff Hashem purchased shares of NMC on January 1, 2020. (Dkt. 11-2). Plaintiff Huang purchased shares of NMC on December 30, 2019. *Id.* Plaintiff Ahad purchased shares of NMC on March 05, 2020. *Id.* Defendant argues this element is not met because all three Plaintiffs purchased NMC ADSs after the release of the Muddy Waters Report on December 17, 2019. However, on March 10, 2020, the *Financial Times* published an article titled "NMC Health Discovers Almost $3bn of Debt Hidden from Its Board," and thus this public disclosure occurred after all three Plaintiffs had purchased NMC ADSs. Therefore, the Court finds that Plaintiffs alleged sufficient facts to support that Plaintiffs did trade between the time the misrepresentations were made and the "truth" was revealed.

Accordingly, the Court finds that Plaintiffs failed to allege facts to support reliance or presumption of reliance.

**3. Second Cause of Action: Violations of §20(a) of The Exchange Act**

The pleading requirements for both Section 10(b) and Section 20(a) violations are the same. *Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1027 (N.D. Cal. 2006). Because Plaintiff's Section 20(a) claim based on an underlying violation of Section 10(b), and Plaintiffs failed to allege reliance, the Court finds that Plaintiff's Section 20(a) cannot survive a motion to dismiss.

**V. CONCLUSION**

Accordingly, the Court **GRANTS** Defendants' motion to dismiss **with leave to amend**. If Plaintiffs choose to file a second amended complaint, said complaint

must be filed **no later than November 30, 2021**.  Failure to file an amended complaint will result in this case being dismissed <u>with prejudice</u>.


**IT IS SO ORDERED.**


DATED: November 1, 2021

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE