UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHRIS HASHEM, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BHUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,

Defendants.

Case No.: 2:20-cv-02303-CBM-MAA

(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)

**[PROPOSED] ORDER AWARDING REIMBURSEMENT OF EXPENSES**

[Honorable Consuelo B. Marshall]

1

**PROPOSED ORDER AWARDING REIMBURSEMENT OF EXPENSES**

On the 30th day of November, 2021, a hearing having been held before this Court on Co-Lead Counsel's motion for reimbursement of litigation expenses; and the Court having considered all matters submitted to it at the hearing and otherwise; and the Court having considered and determined the fairness and reasonableness of the award of litigation expenses requested;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 14, 2021 (Dkt. No. 50-2) ("Settlement Stipulation"), and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for reimbursement of litigation expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq., as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Co-Lead Counsel are hereby awarded $30,815.89 in reimbursement of Co-Lead Counsel's litigation expenses, which fees and expenses shall be paid from the Settlement Fund, and which sum the Court finds to be fair and reasonable.

5. In making this award of reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

[PROPOSED] ORDER AWARDING REIMBURSEMENT OF EXPENSES

a.  The Settlement has created a fund of $120,000 in cash, plus interest, that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who or which submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

b.  Copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for reimbursement of Litigation Expenses in an amount not to exceed $35,000;

c.  Co-Lead has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

d.  The Action raised a number of complex issues;

e.  Had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendant Tompkins;

f.  There were no objections to the requested reimbursement of expenses.

6.    Any appeal or any challenge affecting this Court's approval regarding any expense application shall in no way disturb or affect the finality of the Partial Final Judgment.

7.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order.

8.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

[PROPOSED] ORDER AWARDING REIMBURSEMENT OF EXPENSES

9.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2021

_____
HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

4