Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BHUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>Defendants. | No. 2:20-cv-02303-CBM(MAAx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR REIMBURSEMENT OF EXPENSES**<br><br>Date: November 30, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8B<br>Judge: Hon. Consuelo B. Marshall |

1

Co-Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs") submit this memorandum in support of their motion for reimbursement of expenses.

## I.   INTRODUCTION

The Parties reached a Settlement to resolve this Action against Tompkins for $120,000.[1] The Settlement is a favorable result, as it recovers more than 6% of Plaintiffs' estimation of damages, despite significant risk, and leaves open the possibility of an even more substantial recovery against the remaining defendants. Co-Lead Counsel do not seek a fee award from this Settlement.[2]  Having achieved this guaranteed cash recovery for the Settlement Class, Co-Lead Counsel seek only reimbursement of the reasonable and necessary litigation expenses they advanced to prosecute this Action on behalf of Settlement Class Members.

The Parties reached the Settlement only after protracted negotiations. The arm's-length negotiations resulted in the favorable Settlement. This Settlement is particularly beneficial to the Settlement Class Members in light of several obstacles Plaintiffs faced, including: the amount of potentially recoverable damages; the risk that Tompkins would secure dismissal for lack of jurisdiction or failure to state a claim; the risks that

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement dated June 15, 2021 ("Settlement" or "Stipulation") (Dkt. No. 50-2). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Rosen Decl." are to the Declaration of Laurence M. Rosen, filed herewith. Citations to "Craig Decl." are to the Declaration of Margery Craig, attached as Exhibit 1 to the Rosen Decl. Citations to "Rosen Expense Decl." are to the Declaration of Laurence M. Rosen Concerning Expenses, attached as Exhibit 2 to the Rosen Decl. Citations to the "Silverman Expense Decl." are to the Declaration of Joshua B. Silverman in Support of Plaintiffs' Unopposed Motion for Reimbursement of Expenses, attached as Exhibit 3 to the Rosen Decl. Citations to the "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiffs' motion for final approval of the Settlement, filed herewith.

2 Co-Lead Counsel reserve the right to seek a fee award from subsequent settlements in this Action.

MEMORANDUM IN SUPPORT OF MOTION FOR EXPENES

Plaintiffs could not certify a class or prove that Tompkins made false statements with scienter; and the risks or prosecuting this litigation through trial and appeals.

In obtaining this result, Co-Lead Counsel took on substantial risk. The Private Securities Litigation Reform Act ("PSLRA") imposes procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks, however, Co-Lead Counsel was able to obtain this fair, adequate, and reasonable recovery for the Settlement Class.

The Settlement Class approves of Lead Counsel's work. Although objections and requests for exclusion are not due until November 9, 2021, to date no Settlement Class Member has objected to the reimbursement request, or any aspect of the Settlement, and no Settlement Class Member has requested exclusion from the Settlement.[3] *See* Craig Decl. ¶¶12-13; Rosen Decl. ¶14.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. Here, Co-Lead Counsel seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this action in the amount of $30,815.89. These expenses—including court filings fees, expert fees, travel expenses, and administrative expenses—were reasonable and necessary for the successful prosecution of the Action.

## II.   CASE BACKGROUND

A summary of Plaintiffs' allegations and the procedural history of this Action are set forth in the Final Approval Brief, Part II, filed concurrently herewith.

## III.   LEAD COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros*

---

[3] If any exclusion requests or objections are received after the date of this filing, they will be addressed on reply.

MEMORANDUM IN SUPPORT OF MOTION FOR EXPENES

*v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014). The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace.  *See, e.g.*, *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'");  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal 2008) ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

From the beginning of the case, Co-Lead Counsel was aware that they might not recover any of their expenses and would not recover anything unless and until the Action was successfully resolved. Co-Lead Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the Action. Rosen Decl. ¶28.

To date, Co-Lead Counsel has incurred expenses in the amount of $30,815.89 while prosecuting the Action. Rosen Expense Decl. ¶3; Silverman Expense Decl. ¶3. The bulk of Co-Lead Counsel's expenses consisted of fees for financial experts, costs involved investigating the location of and serving foreign defendants, necessary travel expenses, filing fees, and other expenses that were necessary for the prosecution of this Action. *Id*. The financial experts were needed to analyze the trading of NMC ADS shares and analyze potential damages so that Co-Lead Counsel could properly evaluate and negotiate the Settlement. *Id*.

All the above expenses were reasonably incurred and necessary for the prosecution of this litigation and are the types of expenses routinely charged to clients who pay hourly. They should, therefore, be reimbursed out of the common fund. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *see also See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (approving counsel's request for reimbursement "for 1) meals, hotels, and transportation; 2) photocopies; 3) postage,

MEMORANDUM IN SUPPORT OF MOTION FOR EXPENES

telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees."); *see also Harris*, 24 F.3d at 19 (approving reimbursement of "service of summons and complaint, . . . postage, investigator, copying costs, hotel bills, meals, messenger service").

Moreover, the Notice informed Settlement Class Members that Co-Lead Counsel intended to apply for the reimbursement "of no more than $35,000 in reasonable and necessary litigation expenses that Co-Lead Counsel advanced to prosecute this Action on behalf of Settlement Class Members." *See* Dkt. No. 50-2 (Notice). Co-Lead Counsel's requested reimbursement of $30,815.89 is less than the maximum amount of potential expenses disclosed in the Notice, and to date there have been no objections to the request for reimbursement of litigation expenses. Rosen Decl. ¶¶14, 27.

## IV.    CONCLUSION

For the foregoing reasons, the Court should award expenses of $30,815.89.

Dated: November 2, 2021

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Nicholas D. Manningham (*pro hac vice application pending*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: nmanningham@rosenlegal.com

5

**POMERANTZ LLP**

Joshua B. Silverman (*pro hac vice*)
Jared M. Schneider (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
       jschneider@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

MEMORANDUM IN SUPPORT OF MOTION FOR EXPENES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2021, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Unopposed Motion for Reimbursement of Expenses with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *Laurence M. Rosen*
Laurence M. Rosen

MEMORANDUM IN SUPPORT OF MOTION FOR EXPENES