# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>    Defendant. | Case No.:<br><br>CV 20-2303 CBM (MAAx)<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT [100]** |

WHEREAS, Lead Plaintiffs Chris Hashem, Shengming Huang and Abdul Razeq Abdul Ahad ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant Prasanth Manghat ("Manghat" or the "Settling Defendant" and with Lead Plaintiffs, the "Settling Parties") entered into the Stipulation and Agreement of Settlement, dated November 2, 2021 ("Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending

1

before the Court titled, *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.), which is consolidated with *Shengming Huang v. NMC Health PLC., et al.*, No. 2:20-cv-02895-CBM-MAA (collectively, the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of December 2021, that:

1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons that purchased or acquired NMC Health PLC ("NMC") American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive ( "Class Period") excluding: (i) Defendants; (ii) current and former officers and directors of NMC and any Manghat Released Parties; (iii) the Persons expressly excluded from the definition of Settlement Class in paragraph 1.31 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any Person excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (v); and (vii) those Persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order.

3. This Court finds, preliminarily and for purposes of this Settlement

only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel, previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Co-Lead Counsel for the Settlement Class.

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on April 5, 2022 at 8:00 a.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable,

and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Partial Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice as to Manghat, and to determine, among other things, whether the release by the Plaintiffs Releasing Parties of the Released Claims against the Manghat Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Plaintiffs' Released Claims extinguished by the release against any of the Manghat Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider any application of Co-Lead Counsel for an award of expenses to Lead Counsel;

(f) to consider Settlement Class Members' or any other Person's objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Partial Final Judgment approving the Settlement and dismissing the Action as

to Manghat, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded expenses. Nothing in this Order shall affect the ability of Lead Plaintiffs or the Settlement Class to continue to prosecute claims in this Action against Defendants other than Manghat.

8. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, (c) the Postcard Notice, and (d) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

9. Co-Lead Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. Up to $25,000 in notice and administration costs may be paid to the Claims Administrator without further order of this Court.

11. Within sixteen (16) calendar days of the entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall either (a) email the Summary Notice to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Settlement Stipulation as Exhibit A-3 or (b) cause the Postcard Notice, substantially in the form annexed to the Settlement Stipulation as Exhibit A-4, if no electronic mail address can be obtained, mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Co-Lead Counsel, through the Claims Administrator.

12. Co-Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held NMC ADSs

during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) request an electronic link to the Notice and Proof of Claim and Release Form ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Links to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a Notice and Claim Link electronically. Nominees or custodians who elect to send the Postcard Notice or Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice or Notice and Claim Links shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Postcard Notice plus postage at the rate used by the Claims Administrator; or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13. Co-Lead Counsel shall, at least seven (7) calendar days before the

Settlement Hearing, serve upon counsel for Settling Defendant and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

14. Co-Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

15. Co-Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within ten (10) calendar days after the Postcard Notice mailing or Notice and Claim Link emailing. Co-Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Settling Defendant and file with the Court proof of publication of the Summary Notice.

16. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

    (a) A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website,

www.strategicclaims.net/NMCHealth by 11:59 p.m. EST on March 5, 2022; or (b) at the Post Office Box indicated in the Notice, postmarked no later than March 5, 2022 (thirty (30) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

  (b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Co-Lead Counsel; (iii) if the Person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be

signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

18. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and

Partial Final Judgment, if entered

19. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than March 15, 2022 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Hashem v. NMC Health PLC, et al.,* 2:20-cv-02303-CBM-MAA (C.D. Cal.) *and Shengming Huang v. NMC Health PLC., et al.*, No. 2:20-cv-02895-CBM-MAA (C.D. Cal.)" and (B) state the date, number of shares and dollar amount of each NMC ADS purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of NMC ADSs held by the Person as of March 13, 2016 and March 10, 2020. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of NMC ADSs during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the NMC ADSs. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Co-Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

20. The Claims Administrator shall provide all requests for exclusion and

supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

21. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

22. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Partial Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing Date:

> POMERANTZ LLP
> Joshua Silverman, Esq.
> 10 South La Salle Street, Suite 3505
> Chicago, Illinois 60603
>
> THE ROSEN LAW FIRM, P.A.
> Phillip Kim, Esq.
> 275 Madison Avenue, 40th Floor
> New York, New York 10016

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
William A. Wright, Esq.
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048

To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases and sales of the NMC ADSs during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24. Any Settlement Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such

objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Partial Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

25. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

26. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28. Settling Defendant, his counsel, his insurers and other Manghat Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Lead Plaintiffs submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29. Pending final determination of whether the Settlement should be approved, all Plaintiffs Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Manghat Released Party in any court or tribunal or proceeding (including in the Action), unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation.

30. Manghat shall not be required to answer or otherwise respond to the complaints in this Action unless the Settlement is terminated, canceled or otherwise fails to become effective. In the event the Settlement is terminated, canceled or otherwise fails to become effective, Manghat shall have 21 days from such event to answer or otherwise respond to the complaints.

31. All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

32. Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Settling Defendant, his counsel, his insurers or any of the other Manghat Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any of Manghat's defenses in the Action, including but not limited to the defenses listed in Fed. R. Civ. P. 12(b) with regard to the complaints in the Action (and including Manghat's rights, objections and defenses based on lack of personal jurisdiction and venue/forum). Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Lead Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

|    |    |
|---|---|
| 1  | 33.    In the event the Settlement is not consummated in accordance with |
| 2  | the terms of the Settlement Stipulation, then the Settlement Stipulation and this |

33. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Manghat Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to October 1, 2021, pursuant to the terms of the Settlement Stipulation.

34. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Settling Parties that the Order and Partial Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

**IT IS SO ORDERED.**

DATED: December 8, 2021

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE