UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHRIS HASHEM, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BHUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,

Defendants.

Case No.: 2:20-cv-02303-CBM-MAAx

(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)

**ORDER AND PARTIAL FINAL JUDGEMENT   [95] [NO JS6]**

[Honorable Consuelo B. Marshall]

## ORDER AND PARTIAL FINAL JUDGEMENT

On the 30th day of November, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated June 14, 2021 ("Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against H.J. Mark Tompkins ("Settling Defendant" or "Tompkins"), including the release of the Released Claims against the Tompkins Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Settling Defendant with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and (4) whether and in what amount to award Lead Counsel reimbursement of expenses; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated August 12, 2021 ("Preliminary Approval Order") was published; the Postcard Notice was mailed to all reasonably identifiable Settlement Class Members; a link to the Notice was emailed to all reasonably identifiably Settlement Class Members and the Notice was posted to the website of the Claims Administrator; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    This Order and Partial Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.    The Court has jurisdiction over the subject matter of the Action.

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

3.       The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Lead Plaintiffs and Co-Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.       the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.      the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.     the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.      the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only

4.       The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or acquired NMC Health PLC ("NMC" or the "Company") American

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive. Excluded from the Settlement Class are (i) Defendants; (ii) current and former officers and directors of NMC and any Tompkins Released Parties; (iii) the Persons expressly excluded from the definition of Settlement Class in paragraph 1.29 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any Person excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any Person more than 5% owned or directly or indirectly controlled by any Person excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a Person is a beneficiary or of which any Person is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any Person excluded under paragraphs (i) through (v); and (vii) those Persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as class counsel for the Settlement Class ("Co-Lead Counsel").

6.    In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual

4

or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Partial Final Judgment except those Persons listed on Exhibit A to this Order and Partial Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, Settlement Class Members, and the Settling Defendant. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against the Settling Defendant and the Tompkins Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. The Court orders:

(a) In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Released Claims: (i) by any Person against any of the Tompkins Released Parties and (ii) by any of the Tompkins Released Parties against any Person (other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii)) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any Person is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Tompkins Released Parties any such claim for contribution, and (ii) the Tompkins Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any Person any

5

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

such claim for contribution. In accordance with U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Lead Plaintiffs, the Settlement Class, or a member of the Settlement Class against any Person for loss for which such Person and any Tompkins Released Parties are found to be jointly responsible shall be reduced by the greater of (i) an amount that corresponds to the total amount of the Settling Defendant's percentage of responsibility for the loss to the Lead Plaintiffs, the Settlement Class, or Settlement Class Member, or (ii) the Settlement Amount.

(b)      Any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any of the Tompkins Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to Lead Plaintiffs, the Settlement Class or any Settlement Class member, including any claim in which a Person seeks to recover from any of the Tompkins Released Parties any amounts such Person has or might become liable to pay to the Lead Plaintiffs or the Settlement Class or any Settlement Class member (hereafter the "Complete Bar Order").  All such claims are hereby extinguished, discharged, satisfied, and unenforceable. The provisions of the Complete Bar Order are intended to preclude any liability of any of the Tompkins Released Parties to any Person for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such Person arises from that Person's alleged liability to the Lead Plaintiffs, the Settlement Class or any Settlement Class Member; provided however, that if the Lead Plaintiffs, the Settlement Class or any Settlement Class member obtains any judgment against any such Person based upon, arising out of, or relating to any Released

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

Claim for which such Person and any of the Tompkins Released Parties are found to be jointly responsible, that Person shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Tompkins Released Party's or Parties' percentage of responsibility for the loss to the Lead Plaintiffs or Settlement Class or Settlement Class Members, or (ii) the Settlement Amount .

(c)     Each and every Tompkins Released Party is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other Person (including any other Tompkins Released Parties) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Tompkins Released Party arises from that Tompkins Released Party's  alleged liability to Lead Plaintiffs, the Settlement Class or any Settlement Class member, including any claim in which any Tompkins Released Party seeks to recover from any Person (including another Tompkins Released Party) (i) any amounts any such Tompkins Released Party has or might become liable to pay to the Settlement Class or any Settlement Class member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class Member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

(d)     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Tompkins Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

7

(e) Notwithstanding the Complete Bar Order or anything else in the Settlement Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Tompkins Released Party of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

(f) Nothing in this Order or the Tompkins Settlement shall be deemed to release any claim by Lead Plaintiffs or the Settlement Class against any Defendant in this Action other than Tompkins.

10. The Plaintiffs Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Plaintiffs Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Tompkins Released Parties. The Plaintiffs Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Tompkins Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Plaintiffs Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Tompkins Released Parties. Nothing contained herein shall, however, bar the Plaintiffs Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Partial Final Judgment.

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

11. The Tompkins Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs Released Parties from all Tompkins Released Claims, and shall be permanently enjoined from prosecuting the Tompkins Released Claims against the Plaintiffs Released Parties. Nothing contained herein shall, however, bar Lead Plaintiffs or the Settling Defendant from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Partial Final Judgment.

12. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Co-Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

13. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14. Neither this Order and Partial Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendant, the Tompkins Released Parties, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendant or

9

Tompkins Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendant or the Tompkins Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Lead Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendant, or the Tompkins Released Parties, or each or any of them, that any of Lead Plaintiffs' claims or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15.     The Tompkins Released Parties may file the Settlement Stipulation and/or this Order and Partial Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Partial Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Partial Final Judgment.

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

16. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

17. Without affecting the finality of this Order and Partial Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Partial Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18. Without further order of the Court, Settling Defendant and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

19. There is no just reason for delay in the entry of this Order and Partial Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20. The finality of this Order and Partial Final Judgment shall not be affected, in any manner, by rulings that the Court may make on any of Co-Lead Counsel's applications in the Action for expenses to Co-Lead Counsel.

21. If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Partial Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Tompkins Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to June 1, 2021, pursuant to the terms of the Settlement Stipulation.

11

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA

Dated:  DECEMBER 8, 2021

 

_____

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

ORDER AND PARTIAL FINAL JUDGEMENT, Case No. 2:20-cv-02895-CBM-MAA