Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BHUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>Defendants. | No. 2:20-cv-02303-CBM(MAAx)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS**<br><br>Date: April 5, 2022<br>Time: 8:00 a.m.<br>Courtroom: 8B<br>Judge: Hon. Consuelo B. Marshall |

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................1

II.    CASE BACKGROUND ............................................................................3

III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND.........................................................................3

    A.  Co-Lead Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class ......................................................3

    B.  The Court Should Award Co-Lead Counsel a Reasonable Percentage of the Common Fund.........................................................................4

    C.  The Requested Attorneys' Fees are Reasonable and Merited ......................5

        1.  Co-Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class...............................................................5

        2.  The Risks and Complexity of the Litigation Support the Requested Fee Amount ........................................................................7

        3.  Co-Lead Counsel Skillfully Managed This Case Against Formidable Adversaries ...............................................................................8

        4.  Co-Lead Counsel Undertook a Significant Financial Risk .................10

        5.  Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund.........................................................11

        6.  An Informal Lodestar Calculation Crosscheck Confirms the Reasonableness of the Requested Fee Award ....................................13

        7.  The Settlement Class's Reaction Supports the Requested Fee ...........15

IV.    CO-LEAD COUNSEL'S INCREMENTAL EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED ...........................................................................................................16

V.     THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS...........18

VI.    CONCLUSION.........................................................................................19

i

## TABLE OF AUTHORITIES

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
   572 F.3d 221 (5th Cir. 2009) ........................................................................7

*Atlas v. Accredited Home Lenders Holding Co.*,
   No. 07-CV-00488-H (CAB), 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) ............5

*Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431 (E.D. Cal. 2013)....................12

*Beaver v. Tarsadia Hotels*,
   No. 11-CV-01842-GPC-KSC, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017).......11

*Blum v. Stenson*,
   465 U.S. 886 (1984)........................................................................................4

*Boyd v. Bank of Am. Corp.*,
   No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) ............12

*Brown v. China Integrated Energy Inc.*,
   No. CV1102559BROPLAX, 2016 WL 11757878 (C.D. Cal. July 22, 2016) ........19

*Buccellato v. AT & T Operations, In,*
   *c.*, No. C10-00463-LHK, 2011 WL 3348055, a *2 (N.D. Cal. June 30, 20............15

*City of Providence v. Aeropostale, Inc.*,
   No. 11 CIV. 7132 CM GWG, 2014 WL 1883494 (S.D.N.Y. May 9, 2014) .........10

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)........................................................................................8

*Dyer v. Wells Fargo Bank, N.A.*,
   303 F.R.D. 326 (N.D. Cal. 2014)......................................................................19

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ..........................................................................2

*Feller v. Transamerica Life Ins.* ,
   No. 16CV01378CASGJSX, 2019 WL 6605886 (C.D. Cal. Feb. 6, 2019) ............15

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

*Fox v. Vice*,
563 U.S. 826 (2011)..................................................................................14

*Glass v. UBS Fin. Servs., Inc.*,
331 F. App'x 452 (9th Cir. 2009)..............................................................5

*Gustafson v. Valley Ins. Co.*, No. CV,
01-1575-BR, 2004 WL 2260605 (D. Or. Oct. 6, 2004) ...........................12

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ..................................................................16, 17

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)....................................................................................5

*Hopkins v. Stryker Sales Co*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ....................15

*In re Activision Sec. Litig.*,
723 F. Supp. 1373 (N.D. Cal. 1989)...........................................................4

*In re Am. Apparel, Inc. S'holder Litig..*,
No. CV1006352MMMJCGX, 2014 WL 10212865 (C.D. Cal. July 28, 2014)
........................................................................................9, 10, 11, 13

*In re Amgen Inc. Sec. Litig.*,
No. CV 7-2536 PSG (PLAX), 2016 WL 10571773 (C.D. Cal. Oct. 25, 2016)......14

*In re Apollo Grp. Inc. Sec. Litig.*,
No. CV 04-2147-PHX-JAT, 2012 WL 1378677 (D. Ariz. Apr. 20, 2012).............14

*In re Audioeye, Inc., Sec. Litig.*,
No. CV-15-00163-TUC-DCB, 2017 WL 5514690 (D. Ariz. May 8, 2017)...........11

*In re BP p.l.c. Sec. Litig.*,
852 F. Supp. 2d 767 (S.D. Tex. 2012)........................................................7

*In re Brooktree Sec. Litig.*,
915 F. Supp. 193 (S.D. Cal. 1996)..............................................................4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ..............7

iii

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

*In re Genworth Fin. Sec. Litig.*,
  210 F. Supp. 3d 837 (E.D. Va. 2016) ........................................................13

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
  279 F.R.D. 151 (S.D.N.Y. 2011) ................................................................6

*In re Heritage Bond Litig.*,
  02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) ............7, 10

*In re Heritage Bond Litig.*,
  No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005).....6, 11, 13, 15

*In re HP Inkjet Printer Litig.*,
  716 F.3d 1173 (9th Cir. 2013) ....................................................................6

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) ...............................................16, 17

*In re IsoRay, Inc. Sec. Litig.*,
  No. 4:15-CV-5046-LRS, 2017 WL 11461073 (E.D. Wash. Mar. 7, 2017) ............12

*In re LJ Int'l, Inc. Sec. Litig.*,
  No. CV0706076GAFJWJX, 2009 WL 10669955 (C.D. Cal. Oct. 19, 2009)...........8

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ....................................................................11

*In re Nuvelo, Inc. Sec. Litig.*,
  No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011) .....................12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008).............................................passim

*In re Pac. Enterprises Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ..................................................................7, 11

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) .......................................................................5

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014).................................................................18

iv

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007) .................................................................. 14

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................... passim

*Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*,
  No. 3:09-CV-00419-MMD, 2012 WL 5199742 (D. Nev. Oct. 19, 2012) ............... 6

*Jenson, v. First Tr. Corp.*,
  No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June 9, 2008)
  ............................................................................................................... 18, 19

*Jiangchen v. Rentech, Inc.*,
  No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ......... 8

*Johnson v. US Auto Parts Network, Inc.*,
  No. CV07-2030-GW(JCX), 2008 WL 11343481 (C.D. Cal. Oct. 9, 2008) ............. 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ............................................................. 9

*Lopez v. Youngblood*,
  No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ............... 4

*Mauss v. NuVasive, Inc.*,
  No. 13CV2005 JM (JLB), 2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ............... 12

*McPhail v. First Command Fin. Plan., Inc.*,
  No. 05CV179-IEGJMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) .................. 6

*Millan v. Cascade Water Servs., Inc.*,
  No. 112CV01821AWIEPG, 2016 WL 3077710 (E.D. Cal. May 31, 2016) ........... 12

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003) ...................................................................... 12

*Ontiveros v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) ..................................................................... 16

*Pace v. Quintanilla*,
  No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) ............. 9

v

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

*Parkinson v. Hyundai Motor Am.*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) .................................................................14

*Patel v. Axesstel, Inc.*,
    No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073 (S.D. Cal. Oct. 23, 2015).......12

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ...............................................................................3

*Rausch v. Hartford Fin. Servs. Grp.*,
    No. 01-CV-1529-BR, 2007 WL 671334 (D. Or. Feb. 26, 2007) ...........................12

*Razilov v. Nationwide Mut. Ins. Co.*,
    No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) ...................13, 19

*Redwen v. Sino Clean Energy, Inc.*,
    No. CV 11-3936 PA (SSX), 2013 WL 12303367 (C.D. Cal. July 9, 2013) .............7

*Robbins v. Koger Properties, Inc.*,
    116 F.3d 1441 (11th Cir. 1997) ...........................................................................10

*Roberti v. OSI Sys., Inc.*,
    No. CV1309174MWFMRW, 2015 WL 8329916 (C.D. Cal. Dec. 8, 2015)...........14

*Romero v. Producers Dairy Foods, Inc.*,
    No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)..................11

*Sawant v. Ramsey*,
    No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012) ...................10

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010)............12

*Spann v. J.C. Penney Co*,
    211 F. Supp. 3d 1265 (C.D. Cal. 20 .....................................................................15

*Steiner v. Am. Broad Co*,
    248 F. App'x 780 (9th Cir. 2007) .........................................................................15

*Szymborski v. Ormat Techs., Inc.*,
    No. 3:10-CV-132-RCJ, 2012 WL 4960098 (D. Nev. Oct. 16, 2012) ...................12

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARD TO PLAINTIFFS

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
　551 U.S. 308 (2007)........................................................................................3

*Thorpe v. Walter Investment Management Corp.*, No. 14-cv-20880,
　2016 U.S. Dist. LEXIS 144133 (S.D. Fla. Oct. 14, 2016) ..........................9

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
　669 F.3d 632 (5th Cir. 2012) ........................................................................5

*Vandervort v. Balboa Cap. Corp.*,
　8 F. Supp. 3d 1200 (C.D. Cal. 2014) .........................................................12

*Vincent v. Hughes Air W., Inc.*,
　557 F.2d 759 (9th Cir. 1977) ........................................................................3

*Vinh Nguyen v. Radient Pharms. Corp.*,
　No. SACV 11-00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ..............9

*Vizcaino v. Microsoft Corp.*,
　290 F.3d 1043 (9th Cir. 2002) ......................................................4, 5, 7, 13

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
　396 F.3d 96 (2d Cir. 2005) ...........................................................................4

*Yedlowski v. Roka Bioscience, Inc.*,
　No. 14-CV-8020-FLW-TJB, 2016 WL 6661336 (D.N.J. Nov. 10, 2016)...............8

**Statutes**

15 U.S.C. §78u-4(a)(4) ......................................................................................18

15 U.S.C. §78u-4(a)(6) ........................................................................................4

**Other Authorities**

H.R. Conf. Rep. No. 369....................................................................................18

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

Co-Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs") submit this memorandum in support of their motion for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiffs.

## I.    INTRODUCTION

Plaintiffs and Defendant Prasanth Manghat reached a settlement of this securities class action ("Manghat Settlement") for $190,000 in cash. The Settlement is a fair, reasonable, and adequate result, recovering approximately 9.5% of the estimated damages on its own (and in conjunction with the $120,000 Tompkins Settlement, over 15%) despite significant risks.[1] Having achieved this substantial cash recovery for the Settlement Class despite facing significant obstacles and risks in this litigation, Co-Lead Counsel seek an award of attorneys' fees of one-third of the Settlement Amount, or $63,333, reimbursement of expenses of $2,961.41, and an award to each plaintiff of $3,000, each to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. In the Ninth Circuit, courts typically determine attorneys' fees as a percentage of the common fund. The main factors courts consider in setting the percentage award are the quality of the result, the risk undertaken, and the reaction of the settlement class. Courts also

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement dated November 2, 2021 ("Settlement" or "Stipulation") (Dkt. No. 100-2). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Rosen Decl." are to the Declaration of Laurence M. Rosen, filed herewith. Citations to "Craig Decl." are to the Declaration of Margery Craig, attached as Exhibit 1 to the Rosen Decl. Citations to "Rosen Fee Decl." are to the Declaration of Laurence M. Rosen Concerning Attorney Fees and Expenses, attached as Exhibit 2 to the Rosen Decl. Citations to the "Silverman Fee Decl." are to the Declaration of Joshua B. Silverman in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses, attached as Exhibit 3 to the Rosen Decl. Citations to the "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiffs' motion for final approval of the Settlement, filed herewith.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARD TO PLAINTIFFS

cross-check the award against the time and effort counsel expended. Here, each of these factors weighs in favor of awarding Lead Counsel attorneys' fees of one-third of the Settlement Amount.

The Parties reached the Settlement only after protracted negotiations. The arm's-length negotiations resulted in a favorable Settlement in light of several obstacles Plaintiffs faced, including: the amount of potentially recoverable damages; the risk that Manghat would secure dismissal for lack of jurisdiction or failure to state a claim; the risks that Plaintiffs could not certify a class or prove that Manghat made false statements with scienter; and the risks or prosecuting this litigation through trial and appeals.

In obtaining this result, Co-Lead Counsel took on substantial risk. The Private Securities Litigation Reform Act ("PSLRA") imposes procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks, however, Co-Lead Counsel was able to obtain this fair, adequate, and reasonable recovery for the Settlement Class.

The Settlement Class approves of Co-Lead Counsel's work. Although objections are not due until March 15, 2022, to date no Settlement Class Member has objected to the fee request, or any aspect of the Settlement, and no Settlement Class Member has requested exclusion from the Settlement.[2] *See* Craig Decl. ¶¶11-12; Rosen Decl. ¶14.

Co-Lead Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this action in the amount of $2,961.41. This amount represents incremental expenses that were not previously reimbursed in connection with the Tompkins settlement. *See* Dkt. No. 114 at 2. These expenses, including court filings fees, travel expenses, and administrative expenses, were reasonable and necessary for the successful continued prosecution of the Action.

---

[2] If any exclusion requests or objections are received after the date of this filing, they will be addressed on reply.

2

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

Finally, Plaintiffs seek an award of $3,000 each for their time spent in carrying out their obligations in the Action. This request is reasonable in light of the time Plaintiffs spent in connection with this Action on behalf of the Settlement Class, and is in line with awards granted in similar actions.

## II.   CASE BACKGROUND

A summary of Plaintiffs' allegations and the procedural history of this Action are set forth in the Final Approval Brief, Part II, filed concurrently herewith.

## III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND

### A. Co-Lead Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this doctrine is to avoid unjust enrichment. "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). "The amount of such a reward is that which is deemed 'reasonable' under the circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Reasonable fee awards are necessary in securities class actions. The Supreme Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought [] by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, Brief for the United States as Amicus Curiae Supporting Respondent, at 1-2. *Tellabs* and *Halliburton* were both class actions alleging securities fraud. Attorneys' fee awards were necessary to

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

provide incentives for private lawyers to file those actions, and an award is necessary and appropriate here for the same reasons.

### B. The Court Should Award Co-Lead Counsel a Reasonable Percentage of the Common Fund

Under the "common fund doctrine" a reasonable fee may be based on "a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Courts in the Ninth Circuit have discretion to award fees in common fund cases based on either the "lodestar/multiplier" method or the percentage-of-the-fund method. *WPPSS*, 19 F.3d at 1295-96. "Despite this discretion, use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Among other benefits, the percentage-of-the-fund method "aligns the interests of class counsel and the class, rather than rewarding attorneys for hours spent on cases, as the lodestar method does." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (affirming 28% fee, representing 3.65 multiplier, disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early). The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The percentage method also preserves judicial resources by sidestepping time-consuming lodestar analysis while saving the Settlement Class from the delays necessitated by the Court's review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

Finally, the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. §78u-4(a)(6). "Part of the reason

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

For these reasons the Court should award attorneys' fees based on the percentage-of-recovery method. The Court should use an informal lodestar cross-check only to assess the reasonableness of the percentage award. *See Vizcaino*, 290 F.3d at 1050 (using lodestar as "a cross-check on the reasonableness of a percentage figure"); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check").

### C. The Requested Attorneys' Fees are Reasonable and Merited

Factors that courts use to determine whether the requested percentage is fair and reasonable include: (1) the results achieved; (2) the risk and complexity of the litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; (6) awards made in similar cases; (7) the reaction of the class; and (8) the lodestar cross-check. *See Vizcaino*, 290 F.3d at 1047; *Omnivision*, 559 F. Supp. 2d at 1046. Of course, "[t]he relative degree of importance to be attached to any particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *3 (S.D. Cal. Nov. 4, 2009). Here, each of these factors supports awarding Co-Lead Counsel attorneys' fees of 33% of the Settlement Fund.

### 1. Co-Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class

Courts have consistently recognized that the ultimate result achieved is a major factor to be considered in making a fee award. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (finding the "most critical factor is the degree of success obtained");

5

*In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The Settlement value, totaling $190,000 in cash, plus interest, constitutes approximately 9.5% of estimated damages. This is a highly favorable result, particularly in light of the fact that Plaintiffs have already recovered $120,000 as part of the Tompkins Settlement and have agreed to a settlement in principal with Defendant Shetty.  As a percentage of total estimated damages, the Manghat Settlement by itself is above the median percentage of investor losses recovered in typical securities class action settlements. *Omnivision*, 559 F. Supp. 2d at 1042 (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *8–9 (C.D. Cal. June 10, 2005) (average recovery between 2% to 3% of maximum damages)); *Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving settlement recovering about 3.5% of the maximum damages that plaintiffs believe could be recovered at trial and noting that the amount is within the median recovery in securities class actions settled in the last few years); *McPhail v. First Command Fin. Plan., Inc.*, No. 05CV179-IEGJMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (settlement recovering 7% of estimated damages was fair and adequate); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 162–63 (S.D.N.Y. 2011) ("the average settlement in securities class actions ranges from 3% to 7% of the class' total estimated losses").

According to a recent review of securities class action settlements, in 2019, cases alleging damages of less than $2 million typically settled *in their entirety as against all Defendants* for about 11% of total damages. Laarni T. Bulan *et al*, Securities Class Action Settlements: 2019 Review and Analysis (Cornerstone Research).[3]  The recovery

---

[3]  *Available at* https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2019-Review-and-Analysis.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

here compares favorably to recoveries in similar securities class action settlements, supporting the requested fee.

### 2. The Risks and Complexity of the Litigation Support the Requested Fee Amount

The risks and complexity of the litigation are important factors in determining a fee award. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees were justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"); *WPPSS*, 19 F.3d at 1299-1301.

Securities class actions are often complex, difficult to prove, and risky. *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, No. CV07-2030-GW(JCX), 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action."). "[T]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Plaintiffs faced significant legal and practical risks if litigation were to continue. Plaintiff's claims were subject to the PSLRA's stringent pleading standards. As a court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "[t]he Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading." *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

2012). "Legal precedents are continually making it more difficult to plead securities class actions," so courts have awarded higher fees in securities actions. *Yedlowski v. Roka Bioscience, Inc.*, No. 14-CV-8020-FLW-TJB, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016).

Although Manghat had not yet filed a motion to dismiss the Amended Complaint at the time of the Settlement, he likely would have asserted challenges to jurisdiction, falsity, scienter, reliance, and loss causation. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005) (the elements of a Rule 10b-5 claim are falsity, materiality, scienter, reliance, loss causation and damages). The Court could have found that Manghat was not subject to personal jurisdiction of this Court or that Plaintiffs' allegations supporting a motive or opportunity to commit fraud were insufficient to support a strong inference of scienter. Under the PSLRA, the element of scienter is particularly difficult to prove. *In re LJ Int'l, Inc. Sec. Litig.*, No. CV0706076GAFJWJX, 2009 WL 10669955, at *3 (C.D. Cal. Oct. 19, 2009). Plaintiffs also faced significant risks of continued litigation beyond the pleading stage, such as obtaining class certification, conducting lengthy and expensive fact and expert discovery, surviving Defendants' anticipated motion for summary judgment, winning at trial, and defeating any post-trial motions or appeals, and of collecting any judgment that was awarded. *See* Final Approval Brief, parts IV(A)(2)-(3).

### 3. Co-Lead Counsel Skillfully Managed This Case Against Formidable Adversaries

The skill to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10,

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

2019); *In re Am. Apparel, Inc. S'holder Litig.*, No. CV1006352MMMJCGX, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) (similar).

The Court-appointed Co-Lead Counsel, The Rosen Law Firm, P.A. ("Rosen") and Pomerantz LLP ("Pomerantz"), each have amassed the skills and experience needed to prosecute this case through their considerable experience litigating and settling securities class actions. Numerous courts have recognized that Rosen "has the necessary skill and knowledge to effectively prosecute" securities class actions. *Pace v. Quintanilla*, No. SACV 14-2067-DOC, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014); *see also Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is "highly qualified [and] experienced" in securities class actions"); *Vinh Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen Law "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement). Numerous courts have also found that Pomerantz has "a reputation for zealous advocacy in securities class actions." *Thorpe v. Walter Investment Management Corp.*, No. 14-cv-20880, 2016 U.S. Dist. LEXIS 144133 (S.D. Fla. Oct. 14, 2016); *see also In re Petrobras Securities Litigation,* No. 1:14-cv-09662 (S.D.N.Y. Feb. 23, 2018) ("[T]he lawyers in this case [are] some of the best lawyers in the United States, if not in the world.") and on Jun. 25, 2018 ("[T]he Court finds that Class Counsel's performance was in many respects exceptional, with the result that, as noted, the class is poised to enjoy a substantially larger per share recovery"); *In re Toronto-Dominion Bank Securities Litigation*, No. 17-cv-1665 (Oct. 3, 2019) ("This settlement appears to have been obtained through the hard work of the Pomerantz firm.… It was through their efforts and not piggybacking on any other work that resulted in this settlement"). Rosen and Pomerantz applied the same skill, experience, and determination in litigation this Action to a favorable resolution for the Settlement Class.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

**4. Co-Lead Counsel Undertook a Significant Financial Risk**

The risks of receiving little or no recovery is a major factor in awarding attorneys' fees. *See WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest thousands of hours and receive no remuneration whatsoever. There are numerous class actions in which plaintiffs' counsel expended thousands of hours, and yet received no remuneration whatsoever despite their diligence and expertise. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. The risks do not end at the motion to dismiss stage. In fact, even when a plaintiff is successful at trial, payment is not guaranteed. *See Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant). For example, in *Sawant v. Ramsey*, No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012), Rosen spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment.

The risks in this case were no different. Co-Lead Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort, and expense. *See* Rosen Decl. ¶¶29, 34. Co-Lead Counsel risked non-payment of 618.76 hours of professional time worth $392,400.40, as well as advancing litigation expenses, for over two years to bring this case to a successful conclusion. *See* Rosen Fee Decl. ¶¶4-8 (summarizing Rosen's lodestar and expenses in further detail); *see also* Silverman Fee Decl. ¶¶4-6 (summarizing Pomerantz's lodestar and expenses in further detail). "This type of substantial outlay, when there is a risk that no money will be recovered, further supports the award of the requested fees." *Am. Apparel*, 2014 WL 10212865, at *22; *see also City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132

10

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

CM GWG, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis").

### 5. Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund

Courts have discretion to award fees higher or lower than the 25% benchmark, and often do so especially in smaller cases or cases with special circumstances. *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee of one-third of settlement fund); *Heritage Bond*, 2005 WL 1594403, at *18 (awarding one-third of settlement amount). Courts in the Ninth Circuit have recognized that "in most common fund cases, the award exceeds the benchmark" and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the] benchmark."); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and noting that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery").

Courts in the Ninth Circuit commonly award fees of up to one-third of the settlement funds where counsels' efforts are substantial and the results superior. *Heritage Bond*, 2005 WL 1594403, at *19 (awarding one-third of the fund, and collecting cases awarding one-third of the fund); *see also Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017) (listing cases within the Ninth Circuit that approved a fee award of one-third the common fund).

Courts in the Ninth Circuit frequently award fees above the benchmark in connection with securities class action settlements under $10 million, like the Settlement here. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of $1.725 million settlement); *In re*

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

*Audioeye, Inc., Sec. Litig.*, No. CV-15-00163-TUC-DCB, 2017 WL 5514690, at \*4 (D. Ariz. May 8, 2017) (awarding fees of one-third of $1,525,000 settlement); *In re IsoRay, Inc. Sec. Litig.*, No. 4:15-CV-5046-LRS, 2017 WL 11461073, at \*1 (E.D. Wash. Mar. 7, 2017) (awarding attorneys' fees of 30% of $3,537,500 settlement); *Szymborski v. Ormat Techs., Inc.*, No. 3:10-CV-132-RCJ, 2012 WL 4960098, at \*4 (D. Nev. Oct. 16, 2012) (awarding attorneys' fees of 30% of $3,100,000 settlement); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at \*2 (N.D. Cal. July 6, 2011) (awarding 30% of $8.9 million); *Mauss v. NuVasive, Inc.*, No. 13CV2005 JM (JLB), 2018 WL 6421623, at \*7 (S.D. Cal. Dec. 6, 2018) (awarding attorneys' fees of 30% of $7.9 million settlement); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at \*8 (S.D. Cal. Oct. 23, 2015) (awarding attorneys' fees of 30% of $1.25 million settlement).

Courts in the Ninth Circuit also routinely award attorneys' fees above the benchmark in non-securities, common fund actions. *See, e.g., Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at \*8 (S.D. Cal. June 1, 2010) (awarding attorneys' fees of one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at \*12 (C.D. Cal. Nov. 18, 2014) (awarding one-third fee); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% fee); *Millan v. Cascade Water Servs., Inc.*, No. 112CV01821AWIEPG, 2016 WL 3077710, at \*11–12 (E.D. Cal. May 31, 2016) (approving an award of 33% of the common fund); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third of the settlement fund); *Rausch v. Hartford Fin. Servs. Grp.*, No. 01-CV-1529-BR, 2007 WL 671334, at \*2 (D. Or. Feb. 26, 2007) (awarding 30% of settlement fund); *Gustafson v. Valley Ins. Co.*, No. CV 01-1575-BR, 2004 WL 2260605, at \*2 (D. Or. Oct. 6, 2004) (same);

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

*Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) (same).

Here, the request 33% fee from the $190,000 Manghat Settlement comes out to a $63,333 fee award. However, as the Court is aware, Co-lead Counsel did not seek any fee award from the Tompkins Settlement, which recovered $120,000 for Settlement Class Members. Thus, the requested fee award is only 20.43% of the total amount recovered to date—well below the 25% benchmark.

The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the special circumstances, the result obtained, the unique circumstances of having foregone entirely a fee request in the initial Tompkins Settlement, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an upward departure from the benchmark for an award of one-third of the Settlement Amount obtained for the Settlement Class is reasonable.

### 6. An Informal Lodestar Calculation Crosscheck Confirms the Reasonableness of the Requested Fee Award

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Am. Apparel*, 2014 WL 10212865, at *20; *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar by assessing attorneys' hourly rates for reasonableness and multiplying the rates by the number of hours reasonably spent, and then cross-checking the resulting number against the fee award. *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016). "In securities class actions, it is common for a counsel's [lodestar] figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

When using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007).  Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012).  Here, an informal lodestar cross-check on the percentage of the Settlement Amount requested further supports the reasonableness of the requested fee.

"Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010). Rosen's hourly rate for attorneys who worked on this case range from up to $925 for partners to $500-675 for associates.  Rosen Fee Decl. ¶4.  Pomerantz's hourly rate for attorneys who worked on this case range from up to $920 for partners, $645 for of counsel, and $415-615 for associates.  Silverman Fee Decl. ¶4.

These rates are consistent with those of other attorneys engaged in similar litigation in this District. *See, e.g, In re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAX), 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (in securities class action, approving hourly rates of $750-985 for partners, $500-800 for of counsel/senior counsels, and $300-725 for other attorneys); *Roberti v. OSI Sys., Inc.*, No. CV1309174MWFMRW, 2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (in securities class action, approving hourly rates of between $525 and $975). This Court has also previously awarded attorneys' fees to Rosen based on substantially the same rates. *See Turocy v. El Pollo Loco Holdings, Inc.*, No. SA CV 15–1343–DOC (KESx) (C.D. Cal. Aug. 27, 2019), Dkt. Nos. 208 (declaration setting forth hourly rates for

14

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

Rosen Law attorneys) and 219 (order awarding attorneys' fees of 30% of settlement fund to Rosen and co-counsel).

Here, Co-Lead Counsel dedicated 618.76 hours of professional time prosecuting this litigation from its inception.  Rosen Fee Decl. ¶¶4-5; Silverman Fee Decl. ¶4.  Co-Lead Counsel's total lodestar, based on its attorneys' current rates, is $392,400.40.  Rosen Fee Decl. ¶4-5; Silverman Fee Decl. ¶4.  An award of one-third of the Settlement Fund, or $63,333, results in a negative lodestar multiplier of 0.16, Rosen Decl. ¶31, which is significantly lower than the range typically awarded in this District. *E.g., Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers."); *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (granting 4.3 multiplier).  The lodestar crosscheck, therefore, supports Plaintiff's request for one-third of the Settlement Amount in attorney's fees.

**7. The Settlement Class's Reaction Supports the Requested Fee**

"The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at *21 *see also Omnivision*, 559 F. Supp. 2d at 1048.  The Claims Administrator notified 1,972 potential Settlement Class members through mailing of the Postcard Notice or emailing a direct link to the Notice Packet.  Craig Decl. ¶6.  The Claims Administrator also published the Summary Notice on *Globe Newswire*.  *Id.* ¶8.  The Notice informed

15

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

Settlement Class Members that Co-Lead Counsel would seek attorneys' fees of up to one-third of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $10,000, and that they would seek an Award to Plaintiffs of up to $3,000 each. Craig Decl., Exhibit C (Long Notice) at 1. The Notice also advised Settlement Class Members of their right to object to these requests for relief or to request exclusion from the Settlement and explained how to do so.  Craig Decl. ¶12.

The deadline for potential Settlement Class Members to submit objections and requests for exclusion is March 15, 2022.  To date, no Settlement Class Member has objected to the Settlement or the requested attorneys' fees or reimbursement of expenses. Craig Decl. ¶12; Rosen Decl. ¶¶ 14, 40.  The lack of objections demonstrates the positive reaction of the Settlement Class, which strongly supports the fee request. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Moreover, no Settlement Class Member has requested exclusion.  Craig Decl. ¶11; Rosen Decl. ¶41.  The lack of requests for exclusion further demonstrates the positive reaction of the Settlement Class, which supports the requested fee. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award").

## IV.  CO-LEAD COUNSEL'S INCREMENTAL EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014).  The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace.  *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket

16

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

expenses that 'would normally be charged to a fee paying client.'"); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

From the beginning of the case, Co-Lead Counsel was aware that they might not recover any of their expenses and would not recover anything unless and until the Action was successfully resolved. Co-Lead Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the Action. Rosen Decl. ¶¶36-38.

Excluding expenses previously reimbursed in connection with the Tompkins Settlement, Co-Lead Counsel have incurred expenses in the amount of $2,961.41 while prosecuting the Action since November 2, 2021, well within the maximum amount described in the Notice. Rosen Fee Decl. ¶6; Silverman Fee Decl. ¶4. The bulk of Co-Lead Counsel's incremental expenses consisted of travel expenses and administrative costs that were necessary for the continued prosecution of this Action. *Id*.

All the above expenses were reasonably incurred and necessary for the prosecution of this litigation and are the types of expenses routinely charged to clients who pay hourly. They should, therefore, be reimbursed out of the common fund. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *see also See Immune Response*, 497 F. Supp. 2d at 1177–78 (approving counsel's request for reimbursement "for 1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees."); *see also Harris*, 24 F.3d at 19 (approving reimbursement of "service of summons and complaint, . . . postage, investigator, copying costs, hotel bills, meals, messenger service").

Moreover, the Notice informed potential Settlement Class Members that Lead Counsel would seek incremental expenses in an amount not to exceed $10,000. Craig Decl., Exhibit C at 1. Co-Lead Counsel's requested reimbursement of $2,961.41 is

17

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

significantly less than the maximum amount of potential expenses disclosed in the Notice, and to date there have been no objections to the request for reimbursement of litigation expenses.  Rosen Decl. ¶¶14, 40.

## V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS

The Court should also award Plaintiffs $3,000 each as compensation for the time they spent representing the Settlement Class.  The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class.  *See* 15 U.S.C. §78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the courts discretion to award fees accordingly.").  Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Plaintiffs were available to Co-Lead Counsel as needed and performed their duties with attentiveness and diligence.  Plaintiffs: (1) volunteered to file a motion seeking appointment as lead plaintiff; (2) reviewed complaints and other pleadings; (3) regularly communicated and corresponded with counsel regarding the litigation and settlement; (4) gathered and produced information to Co-Lead Counsel concerning their investments in NMC Health securities; and (5) made themselves available for a deposition, if needed, and to testify if there were a trial.  *See* Rosen Decl. Exhibit 4 (Declaration of Chris Hashem); Rosen Decl. Exhibit 5 (Declaration of Abdul Razeq Abdul Ahad); and Rosen Decl. Exhibit 6 (Declaration

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

of Shengming Huang).  As shown in their declarations, Plaintiffs were actively involved in the case and put the concerns of the Settlement Class at the forefront.  These are the kinds of activities that warrant reimbursement for the time and effort Plaintiff expended on the Settlement Class's behalf.

The Notice informed Settlement Class Members that Co-Lead Counsel would seek an award for Plaintiffs of no more than $3,000 each.  Craig Decl., Exhibit C at 1.  To date, no objections have been raised in response to this request.  Craig Decl. ¶12; Rosen Decl. ¶¶14, 40.

Courts in this Circuit routinely award representative plaintiffs similar or greater amounts.  *See, e.g., Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) ($10,000 each to lead plaintiffs); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ($20,000 reimbursement to lead plaintiff); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000 reimbursement to lead plaintiffs); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000 award to plaintiff).

Plaintiffs dedicated their own valuable time, faithfully representing the Settlement Class.  Here, the requested award to Plaintiffs is reasonable and the Court should award the requested amount to Plaintiffs.

## VI.    CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of one-third of the Settlement, together with interest thereon; (ii) reimbursement of expenses of $2,961.41; and (iii) $3,000 each to Plaintiffs.

Dated: March 8, 2022                         **THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)

19

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Nicholas D. Manningham (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: nmanningham@rosenlegal.com

**POMERANTZ LLP**

Joshua B. Silverman (*pro hac vice*)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARD TO PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2022, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Motion for Award of Attorneys' Fees and Expenses and Award to Plaintiffs with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *Laurence M. Rosen*
Laurence M. Rosen

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS