Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BHUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY, <br><br> Defendants. | No. 2:20-cv-02303-CBM(MAAx) <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS** <br><br> Date: August 16, 2022 <br> Time: 8:00 a.m. <br> Courtroom: 8B <br> Judge: Hon. Consuelo B. Marshall |

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND
AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................3

III.  THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND ....................................................................................3

    A.    The Court Should Grant a Fee Award to Co-Lead Counsel From the Common Fund For Securing the Shetty Settlement for the Settlement Class ..............3

    B.    The Court Should Award Co-Lead Counsel a Reasonable Percentage of the Common Fund ........................................................................................................4

    C.    The Requested Attorneys' Fees are Reasonable and Merited .......................6

        1.    Co-Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class..............................................................................................6

        2.    The Risks and Complexity of the Litigation Support the Requested Fee Amount ......................................................................................................8

        3.    Co-Lead Counsel Skillfully Managed This Case Against Formidable Adversaries .....................................................................................................9

        4.    Co-Lead Counsel Undertook a Significant Financial Risk ..................11

        5.    Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund...............................................................12

        6.    An Informal Lodestar Calculation Crosscheck Confirms the Reasonableness of the Requested Fee Award .....................................15

        7.    The Settlement Class's Reaction Supports the Requested Fee ............18

IV.   CO-LEAD COUNSEL'S INCREMENTAL EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED ..................................................................................................19

i

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS...........20

VI.   CONCLUSION.................................................................................................22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
  572 F.3d 221 (5th Cir. 2009) ...............................................................................8

*Atlas v. Accredited Home Lenders Holding Co.*,
  No. 07-CV-00488-H (CAB), 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009) ............6

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ........................................................................14

*Beaver v. Tarsadia Hotels*,
  No. 11-CV-01842-GPC-KSC, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017) .......13

*Blum v. Stenson*,
  465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ..........................................4

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980)...............................................................................................3

*Boyd v. Bank of Am. Corp.*,
  No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) ...........14

*Brown v. China Integrated Energy Inc.*,
  No. CV1102559BROPLAX, 2016 WL 11757878 (C.D. Cal. July 22, 2016) ........21

*Buccellato v. AT & T Operations, Inc.*,
  No. C10-00463-LHK, 2011 WL 3348055 (N.D. Cal. June 30, 2011) ...................17

*Central Railroad. & Banking Co. of Ga. v. Pettus*,
  113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885)........................................................4

*City of Providence v. Aeropostale, Inc.*,
  No. 11 CIV. 7132 CM GWG, 2014 WL 1883494 (S.D.N.Y. May 9, 2014) ..........12

*Dyer v. Wells Fargo Bank, N.A.*,
  303 F.R.D. 326 (N.D. Cal. 2014)........................................................................21

*Ellison v. Steven Madden, Ltd.*,
  No. CV115935PSGAGRX, 2013 WL 12124432 (C.D. Cal. May 7, 2013)..............5

iii

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ...............................................................................2, 8

*Feller v. Transamerica Life Ins. Co.*,
    No. 16CV01378CASGJSX, 2019 WL 6605886 (C.D. Cal. Feb. 6, 2019) .............17

*Fox v. Vice*,
    563 U.S. 826 (2011)..............................................................................................16

*Glass v. UBS Fin. Servs., Inc.*,
    331 F. App'x 452 (9th Cir. 2009) ...........................................................................6

*Gustafson v. Valley Ins. Co.*, No. CV,
    01-1575-BR, 2004 WL 2260605 (D. Or. Oct. 6, 2004) .........................................15

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ...............................................................................19, 20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)................................................................................................6

*Hopkins v. Stryker Sales Corp.*,
    No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ....................17

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989).......................................................................5

*In re Am. Apparel, Inc. S'holder Litig..*,
    No. CV1006352MMMJCGX, 2014 WL 10212865 (C.D. Cal. July 28, 2014)
    ......................................................................................................................*passim*

*In re Amgen Inc. Sec. Litig.*,
    No. CV 7-2536 PSG (PLAX), 2016 WL 10571773 (C.D. Cal. Oct. 25, 2016) ......16

*In re Apollo Grp. Inc. Sec. Litig.*,
    No. CV 04-2147-PHX-JAT, 2012 WL 1378677 (D. Ariz. Apr. 20, 2012).............16

*In re Audioeye, Inc., Sec. Litig.*,
    No. CV-15-00163-TUC-DCB, 2017 WL 5514690 (D. Ariz. May 8, 2017)...........14

*In re BP p.l.c. Sec. Litig.*,
    852 F. Supp. 2d 767 (S.D. Tex. 2012)....................................................................9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ..............8

*In re Genworth Fin. Sec. Litig.*,
   210 F. Supp. 3d 837 (E.D. Va. 2016) ......................................................................15

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
   279 F.R.D. 151 (S.D.N.Y. 2011) ...............................................................................7

*In re Heritage Bond Litig.*,
   2005 WL 1594389 (C.D. Cal. June 10, 2005) ......................................................8, 11

*In re Heritage Bond Litig.*,
   No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005).............*passim*

*In re HP Inkjet Printer Litig.*,
   716 F.3d 1173 (9th Cir. 2013) ...................................................................................6

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) .......................................................18, 19, 20

*In re IsoRay, Inc. Sec. Litig.*,
   No. 4:15-CV-5046-LRS, 2017 WL 11461073 (E.D. Wash. Mar. 7, 2017) ............14

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...................................................................................14

*In re Nuvelo, Inc. Sec. Litig.*,
   No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011) ......................14

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)..............................................................*passim*

*In re Pac. Enterprises Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ..................................................................................8, 13

*In re Petrobras Securities Litigation*,
   No. 1:14-cv-09662 (S.D.N.Y. Feb. 23, 2018) .......................................................10

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ......................................................................................5

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

*In re Toronto-Dominion Bank Securities Litigation*,
  No. 17-cv-1665 (Oct. 3, 2019) ..................................................................... 10

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014) ................................................................... 20

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007) ............................................................... 16

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ................................................................*passim*

*Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*,
  No. 3:09-CV-00419-MMD, 2012 WL 5199742 (D. Nev. Oct. 19, 2012) ................ 7

*Jenson, v. First Tr. Corp.*,
  No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June 9, 2008) ....... 21

*Jiangchen v. Rentech, Inc.*,
  No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ....... 10

*Johnson v. US Auto Parts Network, Inc.*,
  No. CV07-2030-GW(JCX), 2008 WL 11343481 (C.D. Cal. Oct. 9, 2008) ............. 8

*Katz v. China Century Dragon Media, Inc.*,
  No. LACV1102769JAKSSX, 2013 WL 11237202 (C.D. Cal. Oct. 10, 2013) ......... 5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) .......................................................... 10

*Lopez v. Youngblood*,
  No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ............... 5

*Mauss v. NuVasive, Inc.*,
  No. 13CV2005 JM (JLB), 2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ............... 14

*McPhail v. First Command Fin. Plan., Inc.*,
  No. 05CV179-IEGJMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ................... 7

*Millan v. Cascade Water Servs., Inc.*,
  No. 112CV01821AWIEPG, 2016 WL 3077710 (E.D. Cal. May 31, 2016) ........... 14

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003) ............................................................................ 14

*Ontiveros v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) .......................................................................... 19

*Pace v. Quintanilla*,
  No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) ............ 10

*Parkinson v. Hyundai Motor Am.*,
  796 F. Supp. 2d 1160 (C.D. Cal. 2010) ................................................................ 16

*Patel v. Axesstel, Inc.*,
  No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) ....... 14

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) .................................................................................. 4

*Rausch v. Hartford Fin. Servs. Grp.*,
  No. 01-CV-1529-BR, 2007 WL 671334 (D. Or. Feb. 26, 2007) ........................... 15

*Razilov v. Nationwide Mut. Ins. Co.*,
  No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) .................... 15, 21

*Redwen v. Sino Clean Energy, Inc.*,
  No. CV 11-3936 PA (SSX), 2013 WL 12303367 (C.D. Cal. July 9, 2013) ............. 8

*Robbins v. Koger Properties, Inc.*,
  116 F.3d 1441 (11th Cir. 1997) ............................................................................. 11

*Roberti v. OSI Sys., Inc.*,
  No. CV1309174MWFMRW, 2015 WL 8329916 (C.D. Cal. Dec. 8, 2015) ........... 17

*Romero v. Producers Dairy Foods, Inc.*,
  No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ................. 13

*Sawant v. Ramsey*,
  No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012) ................... 11

*Singer v. Becton Dickinson & Co.*,
  No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ........... 14

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

*Spann v. J.C. Penney Corp.*,
211 F. Supp. 3d 1244 (C.D. Cal. 2016) .................................................................17

*Steiner v. Am. Broad. Co.*,
248 F. App'x 780 (9th Cir. 2007) .........................................................................17

*Szymborski v. Ormat Techs., Inc.*,
No. 3:10-CV-132-RCJ, 2012 WL 4960098 (D. Nev. Oct. 16, 2012) .....................14

*Taylor v. Shutterfly, Inc.*,
No. 5:18-CV-00266-BLF, 2021 WL 5810294 (N.D. Cal. Dec. 7, 2021) ...............12

*Thorpe v. Walter Investment Management Corp.*,
No. 14-cv-20880, 2016 U.S. Dist. LEXIS 144133 (S.D. Fla. Oct. 14, 2016).........10

*Turocy v. El Pollo Loco Holdings, Inc.*,
No. SA CV 15–1343–DOC (KESx) (C.D. Cal. Aug. 27, 2019) ............................17

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
669 F.3d 632 (5th Cir. 2012) ..................................................................................5

*Vandervort v. Balboa Cap. Corp.*,
8 F. Supp. 3d 1200 (C.D. Cal. 2014) .....................................................................14

*Villalpando v. Exel Direct Inc.*,
No. 3:12-CV-04137-JCS, 2016 WL 7740854 (N.D. Cal. Dec. 12, 2016) ..............13

*Vincent v. Hughes Air W., Inc.*,
557 F.2d 759 (9th Cir. 1977) ...................................................................................4

*Vinh Nguyen v. Radient Pharms. Corp.*,
No. SACV 11-00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ............10

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ........................................................................*passim*

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) ......................................................................................5

*Yedlowski v. Roka Bioscience, Inc.*,
No. 14-CV-8020-FLW-TJB, 2016 WL 6661336 (D.N.J. Nov. 10, 2016)...............9

**<u>Statutes</u>**

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

15 U.S.C. §78u-4 .........................................................................................................5, 21

**Other Authorities**

7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1803 (3d ed. 2005) ..............................................................................4

H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ......................................21

*Manual for Complex Litigation (Fourth)* §14.121 (2004)............................................3

*Securities Class Action Settlements: 2020 Review and Analysis* (2021).......................7

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; Case No. 2:20-cv-02303-CBM(MAAx)

Co-Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs") submit this memorandum in support of their motion for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiffs.

## I. INTRODUCTION

Plaintiffs and Defendant B.R. Shetty ("Shetty") reached a settlement of the claims against Shetty in this securities class action for $300,000 in cash ("Shetty Settlement"). The Shetty Settlement is a fair, reasonable, and adequate result, recovering approximately 15% of the estimated damages on its own (and in conjunction with the $120,000 Tompkins Settlement and the $190,000 Manghat Settlement, over 30.5% of estimated damages) despite substantial risks.[1] Having achieved this considerable cash recovery for the Settlement Class despite facing significant obstacles and risks in this litigation, Co-Lead Counsel seek an award of attorneys' fees of one-third of the Settlement Amount, or $100,000, reimbursement of expenses of $3,382.83, and an award to each Lead Plaintiff of $3,000, or $9,000 in total, to be paid from the Settlement Fund. These requests are similar to Plaintiffs' previous motion in connection to the Manghat Settlement, which the Court granted. (ECF No. 134).

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement dated February 17, 2022 ("Settlement" or "Stipulation") (ECF No. 117-2). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Rosen Decl." are to the Declaration of Laurence M. Rosen, filed herewith. Citations to "Craig Decl." are to the Declaration of Margery Craig, attached as Exhibit 1 to the Rosen Decl. Citations to "Rosen Fee Decl." are to the Declaration of Laurence M. Rosen Concerning Attorney Fees and Expenses, attached as Exhibit 2 to the Rosen Decl. Citations to the "Silverman Fee Decl." are to the Declaration of Joshua B. Silverman in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses, attached as Exhibit 3 to the Rosen Decl. Citations to the "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiffs' motion for final approval of the Settlement, filed herewith.

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

Litigants who create a common fund for a class's benefit are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. In the Ninth Circuit, courts usually determine attorneys' fees as a percentage of the common fund. The main factors courts consider in ruling on a percentage award are the quality of the result, the risk undertaken, and the reaction of the settlement class. Courts also cross-check the award against the time and effort counsel expended. Here, each of these factors weigh in favor of awarding Co-Lead Counsel attorneys' fees of one-third of the Settlement Amount.

The Parties reached the Shetty Settlement only after lengthy negotiations among experienced and knowledgeable counsel. Despite several obstacles Plaintiffs faced with continued litigation, the arms'-length negotiations led to the favorable Shetty Settlement. In obtaining this result, Co-Lead Counsel took on substantial risk. In fact, the Court previously dismissed Plaintiffs' claims against Shetty, however, permitting Plaintiffs leave to replead. Even with another opportunity, it is not guaranteed that Plaintiffs' Second Amended Complaint would overcome the procedural obstacles and pleading standards imposed by the Private Securities Litigation Reform Act ("PSLRA") as they are "not [] easy [] to comply with." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks, however, Co-Lead Counsel was able to obtain this guaranteed recovery for the Settlement Class.

The Settlement Class approves of Co-Lead Counsel's work. Although the deadline for objections and requests for exclusion is not until July 26, 2022, as of July 18, 2022, no Settlement Class Member has objected to the fee request, or any aspect of the Settlement, and no Settlement Class Member has requested exclusion from the Settlement.[2] *See* Craig Decl. ¶¶11-12; Rosen Decl. ¶14.

Co-Lead Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of the Shetty Settlement in the amount of

---

[2] If any exclusion requests or objections are received after the date of this filing, they will be addressed on reply.

2

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

$3,382.83. This amount represents incremental expenses that were not previously reimbursed in connection with the Tompkins and Manghat Settlements. *See* ECF Nos. 114 at 2; 134 at 6. These expenses, including court filing fees, travel expenses, and administrative expenses, were reasonable and necessary for the successful continued prosecution of the Action against Shetty.

Finally, Plaintiffs seek an award of $3,000 each, or $9,000 in total, for their continued time spent in carrying out their obligations in the Action. This request is reasonable in light of the time Plaintiffs spent in connection with this Action on behalf of the Settlement Class, and is in line with awards granted in similar actions.

## II.  BACKGROUND

A summary of Plaintiffs' allegations and the procedural history of this Action are set forth in the Final Approval Brief, Part II, filed concurrently herewith

## III.  THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND

### A. The Court Should Grant a Fee Award to Co-Lead Counsel From the Common Fund For Securing the Shetty Settlement for the Settlement Class

The U.S. Supreme Court has long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  This ensures that "competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Manual for Complex Litigation (Fourth)* §14.121 (2004). "The court's authority to reimburse the representative parties ... stems from the fact that the class-action device is a creature of equity and the allowance of attorney related costs is considered part of the historic equity power of the federal courts." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1803, at 325 (3d ed. 2005).

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

The purpose of the common fund doctrine is to compensate class counsel adequately and fairly for services rendered and to ensure that all class members contribute equally towards the costs associated with litigation pursued on their behalf. "[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).

In *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989), the Ninth Circuit explained the equitable principle underlying such fee awards:

> Since the Supreme Court's 1885 decision in *Central Railroad. & Banking Co. of Ga. v. Pettus,* 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), it is well settled that the lawyer who creates a common fund is allowed an *extra* reward, beyond that which he has arranged with his client, so that he might share the wealth on those upon whom he has conferred a benefit. [...] The amount of such a reward is that which is deemed "reasonable" under the circumstances.

(Emphasis in original; citations omitted). The purpose of the "common fund" doctrine is to avoid unjust enrichment, requiring "those who benefit from the creation of the fund [to] share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). Co-Lead Counsel's fee request is both reasonable and consistent with these policies.

### B. The Court Should Award Co-Lead Counsel a Reasonable Percentage of the Common Fund

Even as district courts have the discretion in common fund cases to utilize either the percentage-of-the-fund or the lodestar method, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002), courts typically use the percentage-of-recovery method. *See Blum v. Stenson*, 465 U.S. 886, 900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984), n. 16 (1984) (percentage-of-recovery approach is appropriate for determining

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

attorneys' fees in common fund cases); *see also, Ellison v. Steven Madden, Ltd.*, No. CV115935PSGAGRX, 2013 WL 12124432, at *8 (C.D. Cal. May 7, 2013) (finding "use of the percentage method" to be the "dominate approach in common fund cases.").

Among other benefits, the percentage-of-the-fund method "aligns the lawyers' interests with those of the class but also simplifies the approval analysis." *Katz v. China Century Dragon Media, Inc.*, No. LACV1102769JAKSSX, 2013 WL 11237202, at *7 (C.D. Cal. Oct. 10, 2013); *Vizcaino*, 290 F.3d at 1050, n.5 (affirming 28% fee, representing 3.65 multiplier, disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early). The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The percentage method also preserves judicial resources by sidestepping time-consuming lodestar analysis while saving the Settlement Class from the delays necessitated by the Court's review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

Finally, the text of the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. §78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

For these reasons the Court should award attorneys' fees based on the percentage-of-recovery method. The Court should use an informal lodestar cross-check only to assess the reasonableness of the percentage award. *See Vizcaino*, 290 F.3d at 1050 (using lodestar as "a cross-check on the reasonableness of a percentage figure");

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

*Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check").

### C. The Requested Attorneys' Fees are Reasonable and Merited

To determine whether the requested percentage is fair and reasonable include, courts look to the following factors: (1) the results achieved; (2) the risk and complexity of the litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; (6) awards made in similar cases; (7) the reaction of the class; and (8) the lodestar cross-check. *See Vizcaino*, 290 F.3d at 1047; *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). Of course, "[t]he relative degree of importance to be attached to any particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *3 (S.D. Cal. Nov. 4, 2009). Here, each of these factors supports awarding Co-Lead Counsel attorneys' fees of one-third of the Settlement Fund.

### 1. Co-Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class

Courts regularly recognize that the ultimate result achieved is a major factor to be considered in making a fee award. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (finding the "most critical factor is the degree of success obtained"); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The $300,000 all cash Shetty Settlement recovers approximately 15% of estimated damages. This is a highly favorable result, especially as Plaintiffs previously obtained $310,000 in total for the Tompkins and Manghat Settlements. The three collective settlements recover $610,000 for NMC investors, recouping 30.5% of Plaintiffs' estimated damages of slightly under $2 million. In approving attorneys' fees of one-third of the Manghat Settlement, the Court recognized that the results obtained

6

– that 9.5% recovery of estimated damages – was a factor in approving the request for attorneys' fees. (ECF No. 134 at 4). As a percentage of total estimated damages, the Shetty Settlement by itself is above the median percentage of investor losses recovered in typical securities class action settlements and is almost double of the recovery of the Manghat Settlement. *Omnivision*, 559 F. Supp. 2d at 1042 (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *8–9 (C.D. Cal. June 10, 2005) (average recovery between 2% to 3% of maximum damages)); *Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving settlement recovering about 3.5% of the maximum damages that plaintiffs believe could be recovered at trial and noting that the amount is within the median recovery in securities class actions settled in the last few years); *McPhail v. First Command Fin. Plan., Inc.*, No. 05CV179-IEGJMA, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (settlement recovering 7% of estimated damages was fair and adequate); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 162–63 (S.D.N.Y. 2011) ("the average settlement in securities class actions ranges from 3% to 7% of the class' total estimated losses").

According to a recent review of securities class action settlements, in 2020, cases alleging damages under $2 million typically settled *in their entirety as against all Defendants* for about 13% of total damages. *See* Cornerstone Research, *Securities Class Action Settlements: 2020 Review and Analysis* at 18, (2021).[3] The recovery here compares highly favorably to recoveries in similar securities class action settlements, supporting the requested fee.

Thus, the results achieved by Co-Lead Counsel, in light of the legal and factual complexity of this Action are fair, reasonable, and adequate.

---

[3] *Available at* https://www.cornerstone.com/wp-content/uploads/2021/12/Securities-Class-Action-Settlements-2020-Review-and-Analysis.pdf.

7

## 2. The Risks and Complexity of the Litigation Support the Requested Fee Amount

In holding that the fee request associated with the Manghat Settlement was appropriate, the Court noted that a factor it considered as "the risk of litigating the case." (ECF No. 134 at 4); *see In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees were justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"); *WPPSS*, 19 F.3d at 1299-1301.

Securities class actions are often complex, difficult to prove, and risky. *In re Heritage Bond Litig.*, 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, No. CV07-2030-GW(JCX), 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action."). "[T]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Plaintiffs faced significant legal and practical risks if litigation were to continue. Plaintiffs' claims were subject to the PSLRA's stringent pleading standards. The PSLRA "requires a plaintiff to plead a complaint of securities fraud with an unprecedented degree of specificity and detail" and is "not an easy standard to comply with." *Eminence Capital, LLC*, 316 F.3d at 1052. As a court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "[t]he Court is acutely aware that federal legislation and authoritative precedents have created

8

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

for plaintiffs in all securities actions formidable challenges to successful pleading." *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012). "Legal precedents are continually making it more difficult to plead securities class actions," so courts have awarded higher fees in securities actions. *Yedlowski v. Roka Bioscience, Inc.*, No. 14-CV-8020-FLW-TJB, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016).

If the Shetty Settlement had not been reached, there was a great risk that Plaintiffs' claims asserted in Second Amended Complaint against Shetty would have been dismissed with prejudice. The Court granted Shetty's motion to dismiss, allowing Plaintiffs to replead. In the order dismissing the Amended Complaint, the Court found that Plaintiffs failed to plead an efficient market and reliance. Accordingly, if these deficiencies were not adequately addressed in the Second Amended Complaint, Plaintiffs' claims would have been extinguished without any consideration. Even if Plaintiffs were able to overcome the shortcomings of the Amended Complaint, they also faced significant risks of continued litigation beyond the pleading stage, such as obtaining class certification, conducting lengthy and expensive fact and expert discovery, surviving Defendants' anticipated motion for summary judgment, winning at trial, and defeating any post-trial motions or appeals. *See* Final Approval Brief, Section III(A)(1)-(3). These risks are amplified by Shetty's precarious financial position. Shetty's assets are subject to a global freezing order. *See,* Exhibit 2 to Rosen Decl. Therefore, even if Plaintiffs were to prevail at trial, Shetty's ability to pay any judgment would be uncertain at best. Thus, due to the complexity and risk inherent in this Action, this factor therefore also weighs in favor of the Settlement.

### 3. Co-Lead Counsel Skillfully Managed This Case Against Formidable Adversaries

The skill to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more

9

difficult for securities plaintiffs to get past a motion to dismiss." *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019); *In re Am. Apparel, Inc. S'holder Litig..*, No. CV1006352MMMJCGX, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) (similar).

The Court-appointed Co-Lead Counsel, The Rosen Law Firm, P.A. ("Rosen") and Pomerantz LLP ("Pomerantz"), each have amassed the skills and experience needed to prosecute this case through their considerable experience litigating and settling securities class actions. Numerous courts have recognized that Rosen "has the necessary skill and knowledge to effectively prosecute" securities class actions. *Pace v. Quintanilla*, No. SACV 14-2067-DOC, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014); *see also Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is "highly qualified [and] experienced" in securities class actions"); *Vinh Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen Law "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement). Numerous courts have also found that Pomerantz has "a reputation for zealous advocacy in securities class actions." *Thorpe v. Walter Investment Management Corp.*, No. 14-cv-20880, 2016 U.S. Dist. LEXIS 144133 (S.D. Fla. Oct. 14, 2016); *see also In re Petrobras Securities Litigation*, No. 1:14-cv-09662 (S.D.N.Y. Feb. 23, 2018) ("[T]he lawyers in this case [are] some of the best lawyers in the United States, if not in the world.") and on Jun. 25, 2018 ("[T]he Court finds that Class Counsel's performance was in many respects exceptional, with the result that, as noted, the class is poised to enjoy a substantially larger per share recovery"); *In re Toronto-Dominion Bank Securities Litigation*, No. 17-cv-1665 (Oct. 3, 2019) ("This settlement appears to have been obtained through the hard work of the Pomerantz firm.… It was through their efforts and not piggybacking on any other work that resulted in this settlement"). Rosen and Pomerantz applied the same skill,

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

experience, and determination in litigation this Action to a favorable resolution for the Settlement Class.

"[T]he quality of opposing counsel is [also] important in evaluating the quality of Plaintiff's counsel's work." *Heritage Bond,* 2005 WL 1594403, at *20. Here, Shetty's counsel, Chassman & Seelig LLP and Meister Seelig & Fein LLP, zealously advocated for their client. Accordingly, the favorable Settlement is attributable in substantial part to Co-Lead Counsel's diligence, determination, hard work, and skill as it developed, litigated, and successfully negotiated the Settlement. This factor supports a fee of one-third of the Shetty Settlement Amount.

### 4. Co-Lead Counsel Undertook a Significant Financial Risk

The risks of receiving little or no recovery is a major factor in awarding attorneys' fees. *See WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest thousands of hours and receive no remuneration whatsoever. There are numerous class actions in which plaintiffs' counsel expended thousands of hours, and yet received no remuneration whatsoever despite their diligence and expertise. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. The risks do not end at the motion to dismiss stage. In fact, even when a plaintiff is successful at trial, payment is not guaranteed. *See Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant). For example, in *Sawant v. Ramsey*, No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012), Rosen spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment.

As the Court recognized in granting attorneys' fees in connection with the Manghat Settlement, the fee request was appropriate there, in part, as counsel assumed

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

a risk for "litigating the case on a contingency fee basis." (ECF No. 134 at 4). The same is true for the Shetty Settlement. Co-Lead Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort, and expense. *See* Rosen Decl. ¶¶32, 37.

To date, Co-Lead Counsel have expended 777.69 hours of professional time in this Action worth $497,280.90, as well as advancing litigation expenses. *See* Rosen Fee Decl. ¶¶4-6 (summarizing Rosen's lodestar and expenses in further detail); *see also* Silverman Fee Decl. at p. 1-2 (summarizing Pomerantz's lodestar and expenses in further detail). "This type of substantial outlay, when there is a risk that no money will be recovered, further supports the award of the requested fees." *Am. Apparel*, 2014 WL 10212865, at *22; *see also City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis"). The fees requested here of $100,000 together with the fees awarded in connection with the Manghat Settlement of $63,333, totaling $163,333, represent a negative multiplier (also called a fractional multiplier) of 0.32. Such a low multiplier "demonstrates the reasonableness of the [requested] fee award." *Taylor v. Shutterfly, Inc.*, No. 5:18-CV-00266-BLF, 2021 WL 5810294, at *9 (N.D. Cal. Dec. 7, 2021) (collecting cases).

### 5. Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund

Plaintiffs request a one-third fee from the Shetty Settlement. If granted, total fees awarded in this litigation would amount to 26.77% of the three settlements:

| Settlement | Amount | Fees Requested | Percent sought |
|---|---|---|---|
| Tompkins | $120,000 | None | 0% |
| Manghat | $190,000 | $63,333 | 33.33% |
| Shetty | $300,000 | $100,000 | 33.33% |
| **Total** | $610,000 | $163,333 | 26.77% |

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

Courts have discretion to award fees higher or lower than the 25% benchmark, and often do so especially in smaller cases or cases with special circumstances. *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee of one-third of settlement fund); *Heritage Bond*, 2005 WL 1594403, at *18 (awarding one-third of settlement amount). Courts in the Ninth Circuit have recognized that "in most common fund cases, the award exceeds the benchmark" and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the] benchmark."); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and noting that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery"). When reviewing the attorneys' fees request for the Manghat Settlement, the Court recognized the special circumstances of straying above the benchmark. (ECF No. 134). Plaintiffs respectfully submit that the same circumstances apply in the Shetty Settlement and thus, the Court should award fees above the benchmark here.

Courts in the Ninth Circuit commonly award fees of up to one-third of the settlement funds where counsels' efforts are substantial and the results superior. *Heritage Bond*, 2005 WL 1594403, at *19 (awarding one-third of the fund, and collecting cases awarding one-third of the fund); *see also Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017) (listing cases within the Ninth Circuit that approved a fee award of one-third the common fund); *Villalpando v. Exel Direct Inc.*, No. 3:12-CV-04137-JCS, 2016 WL 7740854, at *2 (N.D. Cal. Dec. 12, 2016) (attorneys' fees of one-third of settlement fund deemed "reasonable … in light of the contingent risk, Counsel's documented lodestar, the complex and protracted nature of the case, and strong result for the Class.").

13

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

Courts in the Ninth Circuit frequently award fees above the benchmark in connection with securities class action settlements under $10 million, like the Shetty Settlement. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of $1.725 million settlement); *In re Audioeye, Inc., Sec. Litig.*, No. CV-15-00163-TUC-DCB, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (awarding fees of one-third of $1,525,000 settlement); *In re IsoRay, Inc. Sec. Litig.*, No. 4:15-CV-5046-LRS, 2017 WL 11461073, at *1 (E.D. Wash. Mar. 7, 2017) (awarding attorneys' fees of 30% of $3,537,500 settlement); *Szymborski v. Ormat Techs., Inc.*, No. 3:10-CV-132-RCJ, 2012 WL 4960098, at *4 (D. Nev. Oct. 16, 2012) (awarding attorneys' fees of 30% of $3,100,000 settlement); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *2 (N.D. Cal. July 6, 2011) (awarding 30% of $8.9 million); *Mauss v. NuVasive, Inc.*, No. 13CV2005 JM (JLB), 2018 WL 6421623, at *7 (S.D. Cal. Dec. 6, 2018) (awarding attorneys' fees of 30% of $7.9 million settlement); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 WL 6458073, at *8 (S.D. Cal. Oct. 23, 2015) (awarding attorneys' fees of 30% of $1.25 million settlement).

Additionally, courts in the Ninth Circuit routinely award attorneys' fees above the benchmark in non-securities, common fund actions. *See, e.g., Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding attorneys' fees of one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *12 (C.D. Cal. Nov. 18, 2014) (awarding one-third fee); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% fee); *Millan v. Cascade Water Servs., Inc.*, No. 112CV01821AWIEPG, 2016 WL 3077710, at *11–12 (E.D. Cal. May 31, 2016) (approving an award of 33% of the common fund); *Barbosa v. Cargill Meat*

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

*Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third of the settlement fund); *Rausch v. Hartford Fin. Servs. Grp.*, No. 01-CV-1529-BR, 2007 WL 671334, at *2 (D. Or. Feb. 26, 2007) (awarding 30% of settlement fund); *Gustafson v. Valley Ins. Co.*, No. CV 01-1575-BR, 2004 WL 2260605, at *2 (D. Or. Oct. 6, 2004) (same); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) (same).

Here, the request one-third fee from the $300,000 Shetty Settlement comes out to a $100,000 fee award. In the Manghat Settlement, the Court awarded Co-Lead Counsel one-third of the $190,000 settlement, or $63,333.33. Co-Lead Counsel did not seek any fee award for the Tompkins Settlement which recouped $120,000 for Settlement Class Members. The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the special circumstances, the result obtained, the unique circumstances of having foregone entirely a fee request in the initial Tompkins Settlement, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an upward departure from the benchmark for an award of one-third of the Settlement Amount obtained for this particular settlement, resulting in a 26.77% fee across all three settlements, is fair and reasonable.

### 6. An Informal Lodestar Calculation Crosscheck Confirms the Reasonableness of the Requested Fee Award

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Am. Apparel*, 2014 WL 10212865, at *20; *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar by assessing attorneys' hourly rates for reasonableness and multiplying the rates by the number of hours reasonably spent, and then cross-checking the resulting number against the fee award. *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016). "In

15

securities class actions, it is common for a counsel's [lodestar] figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

When using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check."  *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012).  Here, an informal lodestar cross-check on the percentage of the Settlement Amount requested further supports the reasonableness of the requested fee.

"Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010).

In conducting a lodestar cross-check for the Manghat Settlement, the Court found Co-Lead Counsel's billing rates reasonable for lawyers of similar experience for similar work. (ECF No. 134 at 5). Co-Lead Counsel has not changed the billing rates for the attorneys and professionals as listed in the Rosen Fee Decl. and the Silverman Fee Decl. for the fee request for the Shetty Settlement. Rosen's hourly rate for attorneys who worked on this case ranges from up to $925 for partners to $500-675 for associates. Rosen Fee Decl. ¶4. Pomerantz's hourly rate for attorneys who worked on this case ranges from up to $920 for partners, $645 for of counsel, and $415-615 for associates. Silverman Fee Decl. at p. 1-2. As the Court previously noted, these rates are consistent with those of other attorneys engaged in similar litigation in this District. *See, e.g, In*

16

*re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAX), 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (in securities class action, approving hourly rates of $750-985 for partners, $500-800 for of counsel/senior counsels, and $300-725 for other attorneys); *Roberti v. OSI Sys., Inc.*, No. CV1309174MWFMRW, 2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (in securities class action, approving hourly rates of between $525 and $975). This Court has also previously awarded attorneys' fees to Rosen based on substantially the same rates. *See Turocy v. El Pollo Loco Holdings, Inc.*, No. SA CV 15–1343–DOC (KESx) (C.D. Cal. Aug. 27, 2019), ECF Nos. 208 (declaration setting forth hourly rates for Rosen Law attorneys) and 219 (order awarding attorneys' fees of 30% of settlement fund to Rosen and co-counsel).

Here, Co-Lead Counsel expanded 777.69 hours of professional time prosecuting this litigation, and request a fee of $100,000 in addition to the $63,333 previously awarded in connection with the Manghat Settlement. Rosen Fee Decl. ¶4; Silverman Fee Decl. at p. 1-2. Co-Lead Counsel's total lodestar, based on its attorneys' current rates, is $497,280.90. Rosen Fee Decl. ¶4; Silverman Fee Decl. at p. 1-2. The requested fee award, coupled with the amount already awarded, would result in a total fee award to date of $163,333, and a negative lodestar multiplier of 0.32, Rosen Decl. ¶24, which is significantly lower than the range typically awarded in this District. *E.g., Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers."); *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-

17

LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (granting 4.3 multiplier). The lodestar crosscheck, therefore, supports Plaintiffs' request for one-third of the Shetty Settlement Amount in attorneys' fees.

### 7. The Settlement Class's Reaction Supports the Requested Fee

"The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at *21 *see also Omnivision*, 559 F. Supp. 2d at 1048. The Claims Administrator mailed 1,718 copies of the Postcard Notice to potential Settlement Class Members. Craig Decl. ¶4. The Claims Administrator was also notified that a nominee emailed direct links of the Notice Packet to 247 of their customers. *Id*. ¶5. Further, the Claims also published the Summary Notice on *GlobeNewswire*. *Id.* ¶8. The Notice informed Settlement Class Members that Co-Lead Counsel would seek attorneys' fees of up to one-third of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $10,000, and that they would seek an Award to Plaintiffs of up to $3,000 each. Craig Decl., Exhibits A and C (Postcard Notice and Notice of Pendency and Proposed Partial Settlement of Class Action ("Long Notice")). The Notice also advised Settlement Class Members of their right to object to these requests for relief or to request exclusion from the Settlement and explained how to do so. Craig Decl. ¶¶11-12.

The deadline for potential Settlement Class Members to submit objections and requests for exclusion is July 26, 2022. As of July 18, 2022, no Settlement Class Member has objected to the Settlement or the requested attorneys' fees or reimbursement of expenses. Craig Decl. ¶12; Rosen Decl. ¶¶16, 43. The lack of objections demonstrates the positive reaction of the Settlement Class, which strongly supports the fee request. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Moreover, no Settlement Class Member has requested exclusion. Craig Decl. ¶11; Rosen Decl. ¶¶16, 44. The lack of requests for exclusion further demonstrates the positive reaction of the Settlement Class, which supports the

requested fee. *See Immune Response*, 497 F. Supp. 2d at 1177 ("The lack of objection from any Class Member supports the attorneys' fees award").

## IV. CO-LEAD COUNSEL'S INCREMENTAL EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014). The appropriate analysis to apply in deciding which expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See, e.g.*, *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'"); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.").

From the beginning of the case, Co-Lead Counsel was aware that they might not recover any of their expenses and would not recover anything unless and until the Action was successfully resolved. Co-Lead Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the Action. Rosen Decl. ¶¶45-46.

Excluding expenses previously reimbursed in connection with the Tompkins and Manghat Settlements, Co-Lead Counsel have incurred expenses in the amount of $3,382.83 that have not been previously reimbursed. Rosen Decl. ¶45; Rosen Fee Decl. ¶5; Silverman Fee Decl. at p. 2. The bulk of Co-Lead Counsel's incremental expenses consisted of travel expenses and administrative costs that were necessary for the continued prosecution of this Action. *Id*.

All the above expenses were reasonably incurred and necessary for the prosecution of this litigation and are the types of expenses routinely charged to clients

who pay hourly. They should, therefore, be reimbursed out of the common fund. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *see also See Immune Response*, 497 F. Supp. 2d at 1177-78 (approving counsel's request for reimbursement "for 1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees."); *see also Harris*, 24 F.3d at 19 (approving reimbursement of "service of summons and complaint, . . . postage, investigator, copying costs, hotel bills, meals, messenger service").

Moreover, the Postcard and Long Notice informed potential Settlement Class Members that Co-Lead Counsel would seek incremental expenses in an amount not to exceed $10,000. Craig Decl., Exhibits A and C at 1. Co-Lead Counsel's requested reimbursement of $3,382.83 is significantly less than the maximum amount of potential expenses disclosed in the Notice, and to date there have been no objections to the request for reimbursement of litigation expenses. Rosen Decl. ¶¶16, 44.

## V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS

As requested, and granted, with the Manghat Settlement, Plaintiffs request an award of $3,000, each, as compensation for the time they spent representing the Settlement Class. The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. §78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the courts discretion to award fees accordingly."). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*,

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

295 F.R.D. 438, 472 (C.D. Cal. 2014); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at \*16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Plaintiffs were available to Co-Lead Counsel as needed and performed their duties with attentiveness and diligence. Plaintiffs: (1) volunteered to file a motion seeking appointment as lead plaintiff; (2) reviewed complaints and other pleadings; (3) regularly communicated and corresponded with counsel regarding the litigation and settlement; (4) gathered and produced information to Co-Lead Counsel concerning their investments in NMC Health securities; and (5) made themselves available for a deposition, if needed, and to testify if there were a trial. *See* Rosen Decl., Exhibits 5 (Declaration of Chris Hashem); Rosen Decl. Exhibit 6 (Declaration of Abdul Razeq Abdul Ahad); and Rosen Decl. Exhibit 7 (Declaration of Shengming Huang). As the declarations demonstrate, Plaintiffs were actively involved in the case and put the concerns of the Settlement Class at the forefront. These are the kinds of activities that warrant reimbursement for the time and effort Plaintiff expended on the Settlement Class's behalf.

The Notice informed Settlement Class Members that Co-Lead Counsel would seek an award for Plaintiffs of no more than $3,000 each. Craig Decl., Exhibits A and C. As of July 18, 2022, no objections have been raised in response to this request. Craig Decl. ¶12; Rosen Decl. ¶¶16, 44.

Courts in this Circuit routinely award representative plaintiffs similar or greater amounts. *See, e.g., Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2016 WL 11757878, at \*14 (C.D. Cal. July 22, 2016) ($10,000 each to lead plaintiffs); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at \*16 (C.D. Cal. June 9, 2008) ($20,000 reimbursement to lead plaintiff); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000 reimbursement to lead plaintiffs); *Razilov v. Nationwide Mut. Ins. Co.*,

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000 award to plaintiff).

Plaintiffs dedicated their own valuable time, faithfully representing the Settlement Class. Here, the requested award to Plaintiffs is reasonable and the Court should award the requested amount to Plaintiffs.

## VI.   CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of one-third of the Settlement, together with interest thereon; (ii) reimbursement of expenses of $3,382.83; and (iii) $3,000 each to Plaintiff.

Dated: July 19, 2022                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        */s/ Laurence M. Rosen*
                                        Laurence M. Rosen (SBN 219683)
                                        355 South Grand Avenue, Suite 2450
                                        Los Angeles, California 90071
                                        Telephone: (213) 785-2610
                                        Facsimile: (213) 226-4684
                                        Email: lrosen@rosenlegal.com

                                        **POMERANTZ LLP**
                                        Joshua B. Silverman (*pro hac vice*)
                                        Christopher P.T. Tourek (*pro hac vice*)
                                        10 South La Salle Street, Suite 3505
                                        Chicago, Illinois 60603
                                        Telephone: (312) 377-1181
                                        Facsimile: (312) 377-1184
                                        Email: jbsilverman@pomlaw.com
                                        Email: ctourek@pomlaw.com

                                        *Co-Lead Counsel for Plaintiffs*

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *Laurence M. Rosen*
Laurence M. Rosen

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:20-cv-02303-CBM-MAA