# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br>                    Defendants. | Case No.: 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br><br>[Honorable Consuelo B. Marshall] |

**DECLARATION OF MARGERY CRAIG**
**CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over fourteen years of experience specializing in the administration of class action cases.  SCS was

DECLARATION OF MARGERY CRAIG, Case No. 2:20-cv-02895-CBM-MAA

established in April 1999 and has administered over five hundred (500) class action cases since its inception. Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated April 8, 2022 (the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this Declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

## MAILING OF POSTCARD NOTICE

2. To provide actual notice to those persons and entities that purchased or acquired NMC Health PLC's ("NMC") American Depositary Shares ("ADS") during the period from March 13, 2016 and March 10, 2020, both dates inclusive ("Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS continually

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 17, 2022 (the "Stipulation").

2

DECLARATION OF MARGERY CRAIG, Case No. 2:20-cv-02895-CBM-MAA

updates their proprietary master list.  SCS proprietary master list consisted of 955 banks and brokerage companies ("Nominee Account Holders"), as well as 1,212 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On April 22, 2022, SCS caused a letter to be mailed or e-mailed to the 2,167 nominees contained in the SCS master mailing list.  The 2,167 contains Nominee Account Holders and Institutional Groups who did not respond to the notice mailed on August 25, 2021 in regard to the settlement against H.J. Mark Tompkins ("Tompkins Settlement") and December 20, 2021 in regard to the settlement against Prasanth Manghat ("Manghat Settlement") and who have been added to our list since the mailings.  The letter notified Nominee Account Holders and Institutional Groups of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send the Postcard Notice or email the link to the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice Packet") to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly mail Postcard Notice or email the Notice Packet directly to them.  A copy of the letter sent to the Nominee Account Holders and Institutional Groups is attached as **Exhibit B.** Also, a copy of the Notice Packet is attached as **Exhibit C**.

4.    On April 21, 2022, SCS mailed Postcard Notices to 997 potential Settlement Class Member provided during the notification process for the Tompkins Settlement and Manghat Settlement who did not file a claim form in either of these settlements. SCS either received names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  As a response

3

to the April 21, 2022 letter sent to nominees, SCS received requests from two nominees for 720 Postcard Notices so that they could forward them to their customers and one nominee provided another name and address so SCS promptly mailed out a Postcard Notice.  A total of 1,718 Postcard Notices were mailed.

5.    Additionally, SCS was notified by one of the nominees that they emailed 247 of their customers to notify them of this settlement and provide direct link to the Notice Packet on the settlement webpage.

6.    In total 1,965 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed a direct link to the Notice Packet.

7.    Out of the 1,718 Postcard Notices mailed, SCS received 35 Postcard Notices were returned as undeliverable.  Of the 35 returned, 5 were returned with a forwarding address provided by the United States Postal Service, and SCS immediately remailed another Postcard Notice.  A skip trace was run using Experian for the remaining 30 returned Postcard Notices to obtain updated addresses.  SCS received 2 updated addresses from the skip trace efforts and mailed out another Postcard Notice to the updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

8.    Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Partial Settlement of Class Action ("Summary Notice") was published electronically once on the *GlobeNewswire* on May 2, 2022 as shown in the confirmation of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

9.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request a Notice Packet.  SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

4

DECLARATION OF MARGERY CRAIG, Case No. 2:20-cv-02895-CBM-MAA

## SETTLEMENT WEBPAGE

10. On April 22, 2022, SCS updated the webpage on its website at www.strategicclaims.net/NMCHealth/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains three sections. The first section is the current status; the case deadlines; the online claim filing link; and important documents such as the Notice Packet, the Preliminary Approval Order, and the Stipulation for this Settlement, the second section is for the Manghat Settlement, and the third section is for the Tompkins Settlement.

## REPORT ON EXCLUSIONS AND OBJECTIONS

11. The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than July 26, 2022. SCS has been monitoring all mail delivered for this case. As of the date of this Declaration, SCS has received no exclusion requests.

12. According to the Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or to Co-Lead Counsel's motion for expenses, or application for Awards to Lead Plaintiffs, must be submitted to Co-Lead Counsel and Shetty's Counsel, as well as filed with the Clerk of the Court, no later than July 26, 2022. As of the date of this Declaration, SCS has not received any objections nor has SCS been notified that an objection was filed.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18th day of July, in Media, Pennsylvania.

_Margery Craig_
Margery Craig

5

DECLARATION OF MARGERY CRAIG, Case No. 2:20-cv-02895-CBM-MAA

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment.*
*This Notice may affect your legal rights.*

*Please read it carefully.*

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

Case No.: 20-cv-02303-CBM-MAA (C.D. Cal.)

Case Pending in the United States District Court for the Central District of California

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/NMCHEALTH/ OR CALL 1-866-274-4004 FOR MORE*
*INFORMATION.*

The United States District Court for the Central District of California ("Court") has preliminarily approved a proposed Settlement of claims against B.R. Shetty ("Settling Defendant"). The proposed Settlement would resolve claims against the Settling Defendant in a class action lawsuit alleging that, in violation of the federal securities laws, Settling Defendant made misrepresentations and/or omissions of material fact in various public statements to investors. The Settling Defendant denies the allegations.

You received this notice because you may have purchased or acquired NMC American Depositary Shares ("ADSs") between March 13, 2016 and March 10, 2020, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against the Settling Defendant, a fund consisting of $300,000, less expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/NMCHealth/. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: NMC Health PLC Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll free: (866) 274-4004; (3) fax: (610) 565-7985 or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim (unless you have provided a Proof of Claim in connection with the Tompkins Settlement which has been acknowledged by the Claims Administrator), which can be found on the website www.strategicclaims.net/NMCHealth/. PROOFS OF CLAIM ARE DUE BY JULY 15, 2022 TO NMC HEALTH PLC SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 26, 2022. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by July 26, 2022. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on August 16, 2022 at 8:00 a.m. at the United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom # 8B, 8th Floor, Los Angeles, California 90012 to consider whether to approve the Settlement, the Plan of Allocation, and a request by Co-Lead Counsel for an award of attorneys' fees up to one-third of the Settlement Amount, up to $10,000 reimbursement for expenses incurred in litigating the case, and a compensatory award to Lead Plaintiffs not to exceed $3,000 each. You may, but do not have to, attend the hearing and ask to be heard by the Court. For more information, call toll-free 1-866-274-4004, or visit the website www.strategicclaims.net/NMCHealth/.

**EXHIBIT B**

**REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS**

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

April 22, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED NMC HEALTH PLC'S ("NMC" OR THE "COMPANY") AMERICAN DEPOSITARY SHARES ("ADSs") DURING THE PERIOD FROM MARCH 13, 2016 AND MARCH 10, 2020, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of NMC and the Released Parties; (iii) the persons expressly excluded from the definition of Settlement Class in paragraph 1.31 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any person or entity more than 5% owned or directly or indirectly controlled by any person or entity excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person is a beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs (i) through (v).

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *NMC Health PLC Securities Litigation*<br>Case No.: 2:20-cv-02303-CBM-MAA<br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br>Claim Filing Deadline: July 15, 2022<br>Exclusion Deadline: July 26, 2022<br>Objection Deadline: July 26, 2022<br>Settlement Hearing: August 16, 2022 | Cusip Number: 62919Q102 |

**PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will email a link to the Notice and Proof of Claim and Release Form or mail the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4. Request an electronic link to the Notice and Proof of Claim and Release Form and advise us that you will be emailing to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Notice and Claim Link** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Partial Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/NMCHealth/. You can also request a copy via email at info@strategicclaims.net.
Thank you for your prompt response.

Sincerely,

Claims Administrator
NMC Health PLC Securities Litigation

EXHIBIT C

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>Defendants. | Case No.: 2:20-cv-02303-CBM-MAA<br><br>(Consolidated with Case No. 2:20-cv-02895-CBM-MAA)<br><br>**NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION**<br><br>[Honorable Consuelo B. Marshall] |

## NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

If you purchased or acquired NMC Health PLC's ("NMC" or the "Company") American Depositary Shares ("ADSs") during the period from March 13, 2016 and March 10, 2020, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide three hundred thousand dollars ($300,000) ("Settlement Fund") gross, plus interest as it accrues, minus costs, administrative and distributive expenses for processing claims, and net of any taxes on interest, to pay claims of investors who purchased or acquired NMC ADSs during the Settlement Class Period.

- The Settlement represents an estimated average recovery of $0.75 per share of NMC for the approximately 400,000 American Depositary Shares ("ADSs"), before expenses, that Co-Lead Counsel estimate were outstanding as of March 10, 2020 if 100% of such ADS holders file claims to participate in the recovery. An ADS may have been traded more than once during the Settlement Class Period, and the actual number of ADS outstanding during the Settlement Class Period may be higher or lower than estimated. This estimate solely reflects the average estimated recovery per outstanding share of estimated NMC ADSs.

- Co-Lead Counsel will seek fees of no more than one-third of the Settlement Amount, reimbursement of no more than $10,000 in reasonable and necessary litigation expenses that Co-Lead Counsel advanced to prosecute this Action on behalf of Settlement Class Members, and awards to Lead Plaintiffs of no more than $3,000 each. Collectively, these fees, expenses, and

1

awards are estimated to average $0.30 per outstanding ADS. If approved by the Court, these amounts will be paid from the Settlement Amount.

- The average estimated recovery per ADS (assuming 100% of estimated ADS holders file claims for recovery), after deducting the maximum amount of all potential awards and litigation expense awards identified above, is $0.45 per ADS. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold NMC ADSs, the purchase and sales prices, and the total number of claims filed.

- This Settlement is in addition to the prior settlement with H.J. Mark Tompkins (the "Tompkins Settlement") and the prior settlement with Prasanth Manghat (the "Manghat Settlement").

- The Settlement resolves the Action concerning whether B.R. Shetty ("Settling Defendant") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public concerning NMC's business operations, prospects, and financial health. Settling Defendant has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Settling Defendant has also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.  Settling Defendant does not by this settlement waive any of his defenses, including his defenses under Fed. R. Civ. P. 12(b), and Settling Defendant also denies that the Court has personal jurisdiction over him.  Settling Defendant continues to believe the claims asserted against him in the Action are without merit.  Plaintiffs do not agree with these positions, but accept that motion practice and trial have considerable risks.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | If you have not already submitted a claim form in connection with the Tompkins Settlement or the Manghat Settlement, fill out the attached Proof of Claim and Release Form and submit it no later than **July 15, 2022**.  **This is the only way to get a payment.  If you have questions regarding whether the Claims Administrator already has received a claim from you, please contact the Claims Administrator.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **July 26, 2022.** This is the only way you can ever be part of any other lawsuit against Settling Defendant or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |

NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, Case No. 20-cv-02303-CBM (MAAx)

| Object | Write to the Court, Co-Lead Counsel, and Counsel for the Settling Defendant no later than **July 26, 2022** about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
|---|---|
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement by submitting in writing to the Court, Co-Lead Counsel, and Counsel for the Settling Defendant, no later than July 26, 2022, that you intend to appear at the Settlement Hearing on **August 16, 2022**. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| NMC Health PLC Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, Pennsylvania 19063 Telephone:  866-274-4004 Facsimile:  610-565-7985 info@strategicclaims.net | **OR** | POMERANTZ LLP Joshua Silverman, Esq. 10 South La Salle Street, Suite 3505 Chicago, Illinois 60603 Telephone: (312) 377-1181 Facsimile: (312) 377-1184 THE ROSEN LAW FIRM, P.A. Phillip Kim, Esq. 275 Madison Avenue, 40th Floor New York, New York 10016 Telephone: (212) 686-1060 Fax: (212) 202-3827 |

**DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated February 17, 2022 ("Settlement Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

1.      **Why did I get this Notice?**
You or someone in your family may have acquired NMC ADSs from March 13, 2016 and March 10, 2020, both dates inclusive.

2.      **What is this lawsuit about?**
The case is known as *Hashem v. NMC Health PLC, et al.,* 2:20-cv-02303-CBM-MAA (C.D. Cal.), which is consolidated with *Shengming Huang v. NMC Health PLC, et al*., 2:20-cv-02895-CBM-MAA (C.D. Cal) (collectively, the "Action"). The Court in charge of the case is the United States District Court, Central District of California.

3

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning NMC's business, operations, and prospects. The complaint alleges that the misstatements or omissions artificially inflated the price of NMC ADSs, and that the ADS's price dropped in response to certain subsequent disclosures. Settling Defendant has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Settling Defendant or the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims against Settling Defendant in the Action, including certain other claims or potential claims, whether known or unknown.

**3. Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4. Why is there a Settlement?**

Plaintiffs and Settling Defendant do not agree regarding the merits of Plaintiffs' allegations and Settling Defendant's defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendant disagree include, among other things: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Settling Defendant acted with scienter and whether Settling Defendant can be held liable for any of challenged statements; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of the ADSs and whether Plaintiffs can show they relied on any of the challenged statements; (5) whether the Court has personal jurisdiction over Settling Defendant and whether the claims in this Action should be adjudicated in another forum; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiffs or Settling Defendant. Instead, Plaintiffs and Settling Defendant have agreed to settle the case. Plaintiffs and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Settling Defendant. Among the reasons that Plaintiffs and Co-Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, litigation of this type is usually expensive, including extensive out-of-pocket costs. Even if Plaintiffs won at trial, the costs incurred would substantially reduce any verdict awarded.

**5. How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who purchased or acquired publicly traded NMC ADSs from March 13, 2016 and March 10, 2020, both dates inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of NMC and the Released Parties; (iii) the persons expressly excluded from the definition of Settlement Class in paragraph 1.31 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any person or entity more than 5% owned or directly or indirectly controlled by any person or entity excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person is a

beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs (i) through (v); and (vii) those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order").

**6. Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of NMC and the Released Parties; (iii) the persons expressly excluded from the definition of Settlement Class in paragraph 1.31 of the Settlement Stipulation; (iv) the respective spouses, children, or parents of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any person or entity more than 5% owned or directly or indirectly controlled by any person or entity excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person is a beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee; (vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs (i) through (v); and (vii) those persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7. I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/NMCHealth/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8. What does the Settlement provide?**

**a. What is the Settlement Fund?**

The proposed Settlement provides for Settling Defendant to pay or cause to be paid three hundred thousand dollars ($300,000) into a settlement fund ("Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees, reasonable litigation expenses, and awards to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

Co-Lead Counsel, which did not seek fees from the Tompkins Settlement, may seek fees of up to one-third of the Settlement Amount, and reimbursement for their actual litigation expenses to date in an amount not to exceed $10,000. Co-Lead Counsel may also seek an award for Lead Plaintiffs not to exceed $3,000 each.

**b. What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold NMC ADSs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Co-Lead Counsel for attorneys' fees, costs, and expenses and the amounts awarded to the Lead Plaintiff.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of NMC ADSs was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of NMC ADSs.

5

Settling Defendant has denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## **PROPOSED PLAN OF ALLOCATION**

The $300,000.00 Settlement Amount, together with any interest earned thereon and/or proceeds thereof shall be the Settlement Fund.  The Settlement Fund, less taxes, and approved costs and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who submit valid Proofs of Claims ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount of what a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The proposed Plan of Allocation incorporates the damage limitation under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  For purposes of this Settlement, Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for any ADSs purchased before March 13, 2016.
2. For ADSs purchased on or between March 13, 2016 and December 16, 2019, and
    (a) sold on or before December 16, 2019, the Recognized Loss per ADS is $0.00.
    (b) sold on or between December 17, 2019 and January 7, 2020, the Recognized Loss per ADS is the lesser of:
        i. $11.68; or
        ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (c) sold on or between January 8, 2020 and February 13, 2020, the Recognized Loss per ADS is the lesser of:
        i. $18.16; or
        ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (d) sold on or between February 14, 2020 and February 18, 2020, the Recognized Loss per ADS is the lesser of:
        i. $18.70; or
        ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (e) sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:
        i. $19.44; or
        ii. the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (f) sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:
        i. $20.10; or

6

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(g)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per ADS is the lesser of:

      i.    $23.38;

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00; or

      iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per ADS is $0.00.

(h)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

      i.    $23.38;

      ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Settlement Class Period, which is $1.07. If this calculation results in a negative number, then the Recognized Loss per ADS is $0.00.

3.    For ADSs purchased on or between December 17, 2019 and January 7, 2020, and

(a)    sold on or before January 7, 2020, the Recognized Loss per ADS is $0.00.

(b)    sold on or between January 8, 2020 and February 13, 2020, the Recognized Loss per ADS is the lesser of:

      i.    $6.48; or

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(c)    sold on or between February 14, 2020 and February 18, 2020, the Recognized Loss per ADS is the lesser of:

      i.    $7.02; or

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(d)    sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:

      i.    $7.76; or

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(e)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

      i.    $8.42; or

      ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(f)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

      i.    $11.70;

        ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00; or

        iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(g)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

        i.      $11.70;

        ii.     the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Settlement Class Period, which is $1.07. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

4.     For ADSs purchased on or between January 8, 2020 and February 13, 2020, and

(a)    sold on or before February 13, 2020, the Recognized Loss per ADS is $0.00.

(b)    sold on or between February 14, 2020 and February 18, 2020, the Recognized Loss per ADS is the lesser of:

        i.      $0.54; or

        ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(c)    sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:

        i.      $1.28; or

        ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(d)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:

        i.      $1.94; or

        ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00.

(e)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per ADS is the lesser of:

        i.      $5.22;

        ii.     the purchase price minus the sale price (excluding all fees, taxes, and commissions). If this calculation results in a negative number, then the Recognized Loss is $0.00; or

        iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(f)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

        i.      $5.22;

        ii.     the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the ADSs during the 90-day period following the Settlement Class Period, which is $1.07. If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

8

5.  For ADSs purchased on or between February 14, 2020 and February 18, 2020, and
    (a)    sold on or before February 18, 2020, the Recognized Loss per ADS is $0.00.
    (b)    sold on or between February 19, 2020 and February 23, 2020, the Recognized Loss per ADS is the lesser of:
        i.    $0.74; or
        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (c)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:
        i.    $1.40; or
        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (d)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:
        i.    $4.68;
        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or
        iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.
    (e)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:
        i.    $4.68;
        ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Settlement Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

6.  For ADSs purchased on or between February 19, 2020 and February 23, 2020, and
    (a)    sold on or before February 23, 2020, the Recognized Loss per ADS is $0.00.
    (b)    sold on or between February 24, 2020 and March 9, 2020, the Recognized Loss per ADS is the lesser of:
        i.    $0.66; or
        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00.
    (c)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:
        i.    $3.94;
        ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or
        iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.
    (d)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

    i.     $3.94;

    ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Settlement Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

7.    For ADSs purchased on or between February 24, 2020 and March 9, 2020, and

(a)    sold on or before March 9, 2020, the Recognized Loss per ADS is $0.00.

(b)    sold on or between March 10, 2020 and June 8, 2020, the Recognized Loss per share is the lesser of:

    i.     $3.28;

    ii.    the purchase price minus the sale price (excluding all fees, taxes, and commissions).  If this calculation results in a negative number, then the Recognized Loss is $0.00; or

    iii.    the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition provided in Table 1 below.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

(c)    that were still held as of the close of trading on June 8, 2020, the Recognized Loss per share is the lesser of:

    i.     $3.28;

    ii.    the purchase price (excluding all fees, taxes, and commissions) minus the average closing price of the shares during the 90-day period following the Settlement Class Period, which is $1.07.  If this calculation results in a negative number, then the Recognized Loss per share is $0.00.

| Table 1 90-Day Lookback Period | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 3/10/2020 | $1.85 | 4/8/2020 | $1.68 | 5/8/2020 | $1.36 |
| 3/11/2020 | $2.02 | 4/9/2020 | $1.64 | 5/11/2020 | $1.35 |
| 3/12/2020 | $1.81 | 4/13/2020 | $1.64 | 5/12/2020 | $1.33 |
| 3/13/2020 | $1.86 | 4/14/2020 | $1.76 | 5/13/2020 | $1.31 |
| 3/16/2020 | $2.19 | 4/15/2020 | $1.90 | 5/14/2020 | $1.29 |
| 3/17/2020 | $2.82 | 4/16/2020 | $1.92 | 5/15/2020 | $1.28 |
| 3/18/2020 | $2.81 | 4/17/2020 | $1.89 | 5/18/2020 | $1.26 |
| 3/19/2020 | $2.68 | 4/20/2020 | $1.85 | 5/19/2020 | $1.25 |
| 3/20/2020 | $2.52 | 4/21/2020 | $1.80 | 5/20/2020 | $1.23 |
| 3/23/2020 | $2.37 | 4/22/2020 | $1.74 | 5/21/2020 | $1.21 |
| 3/24/2020 | $2.25 | 4/23/2020 | $1.69 | 5/22/2020 | $1.20 |
| 3/25/2020 | $2.17 | 4/24/2020 | $1.65 | 5/26/2020 | $1.19 |
| 3/26/2020 | $2.09 | 4/27/2020 | $1.63 | 5/27/2020 | $1.17 |
| 3/27/2020 | $2.02 | 4/28/2020 | $1.60 | 5/28/2020 | $1.16 |
| 3/30/2020 | $1.98 | 4/29/2020 | $1.57 | 5/29/2020 | $1.15 |
| 3/31/2020 | $1.93 | 4/30/2020 | $1.53 | 6/1/2020 | $1.13 |
| 4/1/2020 | $1.88 | 5/1/2020 | $1.50 | 6/2/2020 | $1.12 |
| 4/2/2020 | $1.84 | 5/4/2020 | $1.47 | 6/3/2020 | $1.10 |
| 4/3/2020 | $1.80 | 5/5/2020 | $1.44 | 6/4/2020 | $1.09 |
| 4/6/2020 | $1.76 | 5/6/2020 | $1.41 | 6/5/2020 | $1.08 |
| 4/7/2020 | $1.72 | 5/7/2020 | $1.38 | 6/8/2020 | $1.07 |

NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, Case No. 20-cv-02303-CBM (MAAx)

**General Provisions:**

1. There shall be no Recognized Loss for any NMC securities other than ADSs.

2. The "trade" date and not the "settlement" date shall be considered the date of purchase or sale.

3. First-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. ADSs originally sold short will have no Recognized Loss.

5. ADSs acquired by conversion of convertible notes that were purchased before the Settlement Class Period shall have no Recognized Loss.  ADSs acquired by conversion of convertible notes that were purchased during the Settlement Class Period shall be considered to be purchased as of the date of conversion, and the conversion price shall be considered the purchase price.

6. No cash payment will be made on a claim where the potential distribution amount is less than $10.  Please be advised that if you do not opt out of the Settlement you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties, whether or not you are entitled to a cash payment.

7. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

8. No Person shall have any claim against Co-Lead Counsel, the Claims Administrator or other agent designated by Co-Lead Counsel, or Settling Defendant or any of Settling Defendant's Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Settlement Class Members who do not submit valid a Proof of Claim and Release Form will not share in the Net Settlement Fund.  Settlement Class Members who do not either submit a Request for Exclusion or submit a valid Proof of Claim and Release Form will nevertheless be bound by the Settlement and the Order and Partial Final Judgment of the Court dismissing this Action.

**9.     How can I get a payment?**

To qualify for a payment, you must send in a form titled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/NMCHealth/. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaim.net/NMCHealth/ **by 11:59 p.m. EST on July 15, 2022**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than July 15, 2022**, to:

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the July 26, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Settling Defendant and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives,

11

administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Settling Defendant and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase, acquisition, or sale of NMC ADSs during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of NMC ADSs during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Settling Defendant or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.) and *Shengming Huang v. NMC Health PLC, et al.*, Case No. 2:20-cv-02895-CBM-MAA (C.D. Cal)" and (B) states the date, number of shares and dollar amount of each NMC ADS purchase or acquisition during the Settlement Class Period, any sale transactions, and the number of NMC ADSs held by you as of March 13, 2016 and March 10, 2020. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of NMC ADSs during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of the NMC ADSs. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than July 26, 2022**, to the Claims Administrator at the following address:

> NMC Health PLC Securities Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Partial Final Judgment in this case.

**12.     If I do not exclude myself, can I sue Settling Defendant or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Settling Defendant or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.     Do I have a lawyer in this case?**

The Court appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and The Rosen Law Firm, P.A. is provided below.

**14.     How will the lawyers be paid?**

Co-Lead Counsel has expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the cases themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Co-Lead Counsel have done so with the

expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Co-Lead Counsel will seek a fee of no more than one-third of the Settlement Amount, and will request reimbursement of out-of-pocket litigation expenses not to exceed $10,000. Co-Lead Counsel also may seek a compensatory award for Lead Plaintiffs of no more than $3,000 each.

**15.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Co-Lead Counsel's motion for expenses and application for Awards to Lead Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Hashem v. NMC Health PLC, et al.,* Case No. 2:20-cv-02303-CBM-MAA (C.D. Cal.) and *Shengming Huang v. NMC Health PLC, et al.*, Case No. 2:20-cv-02895-CBM-MAA (C.D. Cal). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of NMC ADSs during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than July 26, 2022**:

| Clerk of the Court United States District Court Central District of California 350 W. 1st Street, Los Angeles, California 90012 | CO-LEAD COUNSEL:<br><br>POMERANTZ LLP<br>Joshua Silverman, Esq.<br>10 South La Salle Street, Suite 3505<br>Chicago, Illinois 60603<br><br>THE ROSEN LAW FIRM, P.A.<br>Phillip Kim, Esq.<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016 | COUNSEL FOR SETTLING DEFENDANT<br><br>MEISTER SEELIG & FEIN LLP<br>Austin D. Kim, Esq.<br>125 Park Avenue, 7th Floor<br>New York, NY 10017 |

**16.     What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

13

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **August 16, 2022, at 8:00 a.m.**, at the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom # 8B, 8th Floor, Los Angeles, California 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.

**18.    Do I have to come to the hearing?**

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendant or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If, between March 13, 2016 and March 10, 2020, inclusive, you purchased or otherwise acquired NMC Health PLC ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF NOTICE, you either: (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased such NMC ADSs during such time period; (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners of the NMC ADSs; or (c) request an electronic link of this Notice and Proof of Claim and Release Form ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available. If you choose to follow alternative procedure (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing up to $0.05 for providing names, addresses and email addresses to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or up to $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: APRIL 8, 2022

                                        BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

NMC HEALTH-3

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  July 15, 2022**

IF YOU PURCHASED OR ACQUIRED NMC HEALTH PLC'S ("NMC" OR THE "COMPANY") AMERICAN DEPOSITARY SHARES ("ADSs") BETWEEN MARCH 13, 2016 AND MARCH 10, 2020, BOTH DATES INCLUSIVE ("SETTLEMENT CLASS PERIOD") AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

**THE FOLLOWING PERSONS ARE EXCLUDED FROM THE CLASS AND ARE NOT CLASS MEMBERS: (I) DEFENDANTS; (II) CURRENT AND FORMER OFFICERS AND DIRECTORS OF NMC AND ANY RELEASED PARTY DEFINED IN PARAGARAPH 1.26 OF THE SETTLEMENT STIPULATION; (III) THE PERSONS DEEMED RELATED PARTIES TO THE RELEASED PARTIES AD DEFINED IN PARAGRAPH 1.24 OF THE SETTLEMENT STIPULATION; (IV) THE RESPECTIVE SPOUSES, CHILDREN, OR PARENTS OF ANY PERSON OR ENTITY EXCLUDED UNDER SUBPARAGRAPHS, (I) THROUGH (III) OF THIS PARAGRAPH; (V) ANY PERSON OR ENTITY MORE THAN 5% OWNED OR DIRECTLY OR INDIRECTLY CONTROLLED BY ANY PERSON OR ENTITY EXCLUDED UNDER SUBPARAGRAPHS (I) THROUGH (IV) OF THIS PARAGRAPH OR ANY TRUST OF WHICH SUCH A PERSON IS A BENEFICIARY OR OF WHICH ANY PERSON OR ENTITY IS RELATED OR AFFILIATED TO A BENEFICIARY OR A TRUSTEE; (VI) THE RESPECTIVE HEIRS, SUCCESSORS, TRUSTEES AND ASSIGNS OF ANY PERSON EXCLUDED UNDER PARAGRAPHS (I) THROUGH (V); AND (VII) THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT.**

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON JULY 15, 2022 AT WWW.STRATEGICCLAIMS.NET/NMCHEALTH/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN JULY 15, 2022 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JULY 15, 2022 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT, BUT YOU NEVERTHELESS WILL BE BOUND

BY THE ORDER AND PARTIAL FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

**CLAIMANT'S STATEMENT**

1. I (we) purchased or acquired NMC Health PLC's ("NMC") American Depositary Shares during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase NMC American Depositary Shares during the Settlement Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of NMC ADSs, and each sale, if any, of such ADSs. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of NMC ADSs listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation and Agreement of Settlement (the "Settlement Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors,

-                                                    17-

attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

NMC HEALTH-3

## I. CLAIMANT INFORMATION

| | | |
|---|---|---|
| Name | | |
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN NMC HEALTH PLC AMERICAN DEPOSITARY SHARES

**Beginning Holdings:**

State the total number of shares of NMC Health PLC ("NMC") ADSs held at the close of trading on March 12, 2016 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of NMC ADSs between March 13, 2016 and June 8, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

-19-

**Sales:**

C.  Separately list each and every sale of NMC ADSs between March 13, 2016 and June 8, 2020, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of NMC ADSs held at the close of trading on June 8, 2020 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of NMC ADSs during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN JULY 15, 2022 AND MUST BE MAILED TO:**

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by July 15, 2022 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

NMC HEALTH-3

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 20.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

NMC Health PLC Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT D**

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, May 2, 2022 9:01 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | mcraig@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



# Release Distribution Confirmation

**Pomerantz LLP and The Rosen Law Firm, P.A. Announce Proposed Partial Class Action Settlement on Behalf of Purchasers of NMC Health PLC common stock – NMHLY**

*Cross time: **05/02/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1