Joshua B. Silverman (*pro hac vice)*
Christopher P.T. Tourek (*pro hac vice*)
**POMERANTZ LLP**
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Class Counsel for Plaintiffs*
*and the Class*

[Additional Counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS HASHEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY, <br><br> Defendants. | Case No. 2:20-cv-02303-CBM-MAA <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF AN ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND** <br><br> Hon. Consuelo B. Marshall <br><br> <u>CLASS ACTION</u> |

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

I.     BACKGROUND .........................................................................................1

II.    DETERMINATION OF AUTHORIZED CLAIMS ....................................3

III.   DISTRIBUTION OF THE NET SETTLEMENT FUND.............................4

IV.   FEES AND EXPENSES OF CLAIMS ADMINISTRATOR........................5

V.    RECORD RETENTION AND DESTRUCTION ..........................................6

VI.   REQUEST FOR REMOTE HEARING........................................................6

VII.  CONCLUSION............................................................................................7

i

Pomerantz LLP and The Rosen Law Firm, P.A. (collectively, "Class Counsel") submit this Motion pursuant to the individual Stipulations and Agreements of Settlement with Defendants H.J. Mark Tompkins ("Tompkins") (the "Tompkins Stipulation") (ECF No. 50-2) dated June 14, 2021, Prasanth Manghat ("Manghat") (the "Manghat Stipulation") (ECF No. 100-2) dated November 2, 2021, and B.R. Shetty ("Shetty," collectively, "Defendants") (the "Shetty Stipulation") (ECF No. 117-2) dated February 17, 2022 (collectively, the "Stipulations").  By Order and Partial Final Judgment dated December 8, 2021 (the "Tompkins Order"), Order and Partial Final Judgment dated April 8, 2022 (the "Manghat Order", and Order and Partial Final Judgment dated August 16, 2022 (the "Shetty Order") (collectively, the "Final Orders"), this Court approved the Settlements and directed the parties to consummate the Stipulations in accordance with their terms and provisions.  Paragraphs 7.1-7.6 of the Stipulations require Class Counsel to apply to the Court, on notice to Defendant's Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and directing payment of the Net Settlement Fund to Authorized Claimants.  Pursuant to the Stipulations, Class Counsel hereby moves the Court to enter the Class Distribution Order.

I.   **BACKGROUND**[1]

Following the filing of the Stipulations, Co-Lead Plaintiffs Chris Hashem, Shengming Huang, and Abdul Razeq Abdul Ahad ("Plaintiffs")'s motions for preliminary and final approval of settlement, and the issuance of the Court's Final Orders, this action has been settled pursuant to the terms of the Stipulations. The

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulations. ECF Nos. 50-2, 100-2, 117-2.

Tompkins Stipulation (ECF No. 50-2) provided a Gross Settlement Fund of $120,000.00 to be paid exclusively by Defendant Tompkins. *See* Tompkins Stipulation, ¶1.28. The Manghat Stipulation (ECF No. 100-2) provided a Gross Settlement Fund of $190,000 to be paid exclusively by Defendant Manghat. *See* Manghat Stipulation, ¶2.1. The Shetty Stipulation (ECF No. 117-2) provided a Gross Settlement Fund of $300,000 to be paid exclusively by Defendant Shetty. *See* Shetty Stipulation, ¶2.1. In total, the Stipulations provided for a Gross Settlement Fund of $610,000.00 to be paid exclusively by Defendants Tompkins, Manghat, and Shetty.

The Court approved (1) Plaintiffs' Motion for Reimbursement of Expenses (ECF No. 97) connected to the Tompkins Settlement with the issuance of the December 8, 2021 Order Awarding Reimbursement of Expenses (ECF No. 114), (2) Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Award to Plaintiffs (ECF No. 120) connected to the Manghat Settlement with the issuance of the April 8, 2022 Order Re: Motion for Attorney's Fees and Expenses and Award to Plaintiffs (ECF No. 134), and (3) Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Award to Plaintiffs (ECF No. 137) connected to the Shetty Settlement with the issuance of the August 16, 2022 Order Re: Motion for Attorney's Fees and Expenses and Award to Plaintiffs (ECF No. 144), with a total award to each Lead Plaintiff of $6,000 – all to be paid from the Settlement Fund. Pursuant to the Tompkins Stipulation, up to $25,000 of the Settlement Fund was permitted to be used to cover Notice and Administration Expenses, without further order of the Court. *See* ECF No. 50-2, p. 37. Pursuant to the Manghat Stipulation, up to $25,000 of the Settlement Fund was permitted to be used to cover Notice and Administration Expenses, without further order of the Court. *See* ECF No. 100-2, p. 37. Pursuant to the Shetty Stipulation, up to $25,000 of the Settlement Fund was permitted to be

2

used to cover Notice and Administration Expenses, without further order of the Court. *See* ECF No. 117-2, p. 38. In total, up to $75,000 of the Gross Settlement Fund was already authorized to be used to cover Notice and Administration Expenses, without further order of the Court.

Class Counsel has been advised by the court-appointed claims administrator, Strategic Claims Services ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Craig Declaration at ¶¶2-6. All that remains to complete the Settlement process is to distribute the Net Settlement Fund[2] to the Authorized Claimants.

## II.      DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Court's Order Re: Plaintiff's Motion for Preliminary Approval of Partial Class Action Settlement with respect to the Tompkins Settlement dated August 12, 2021 (ECF No. 79), all claims were to be submitted to the Claims Administrator postmarked no later than October 30, 2021. Pursuant to the Court's Order Re: Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement with respect to the Manghat Settlement dated December 8, 2021 (ECF No. 112), all claims were to be submitted to the Claims Administrator postmarked no later than March 5, 2022. Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement with respect to the Shetty Settlement dated April 8, 2022 (ECF No. 132), all claims were to be submitted to the Claims Administrator postmarked no later than July 15, 2022. The

---

[2] The Net Settlement Fund is defined as the Settlement Fund, less: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses; and (iv) reimbursement awards to Plaintiffs.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR ENTRY OF AN ORDER FOR DISTRIBUTION
OF CLASS SETTLEMENT FUND; 2:20-cv-02303-CBM-MAA

Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. Craig Declaration ¶3.

SCS initially identified eight (8) inadequately documented claims. *Id.* at ¶3(b). For inadequately documented claims, SCS sent deficiency notices advising the claimants of the deficiency, and providing them the opportunity to cure the deficiency. *Id.* A total of seven (7) deficient claims were never cured. *Id.* SCS identified an additional 467 claims that did not fit the definition of the Class, were duplicate claims, were withdrawn or did not result in a recognized loss. *Id.* at ¶3(c). The rejection letters advised claimants that, if they did not agree with SCS's administrative determination, they had the right to request judicial review of their Proof of Claim. *Id.*; Exhibit F to the Craig Declaration. To date, none of the ineligible claimants has contested their determination. *Id.* at ¶3(c). Plaintiffs respectfully request that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibit E to the Craig Declaration.

## III.    DISTRIBUTION OF THE NET SETTLEMENT FUND

The Claims Administrator has now finished processing all claims. Class Counsel request that the Court approve SCS's administrative recommendations to accept in whole or in part, as appropriate, the 1,602 Claims deemed acceptable set forth in Exhibit B to the Craig Declaration. These 1,602 Claims collectively represent a Recognized Loss of $3,892,870.21. Craig Declaration at ¶3(a). As of the filing of this motion, Class Counsel and the Claims Administrator are not aware of any claim determination that a claimant has objected to or contested. *Id.* at ¶3(b)-(c).

Upon the issuance of the Court's order authorizing distribution, SCS will distribute the entire available balance of the Net Settlement Fund to Authorized

4

Claimants in an initial distribution ("Initial Distribution"), after deducting the payments previously allowed and requested herein, and after payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees. *Id.* at ¶6(a)-(c). Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on the claimant's total Recognized Losses in comparison to the total Recognized Losses of all Authorized Claimants, after eliminating Claimants who would have received less than $10.00. *Id.* To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Class Counsel proposes that all the distribution checks bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* at ¶6(b).

If there is any balance remaining in the Net Settlement Fund after the Initial Distribution, Class Counsel and the Claims Administrator recommend that, if economically feasible, such remainder be allocated in a second distribution ("Second Distribution") to Authorized Claimants who cashed their checks from the initial distribution and would receive at least $10.00 from the redistribution. *Id.* at ¶6(c). Plaintiffs do not expect there to be any funds remaining after the Initial and Second Distributions, however, if there are any funds remaining, Plaintiffs will move for the Court to select a non-sectarian or any not-for-profit successor to receive the remaining funds. Tompkins Stipulation, ¶7.6; Manghat Stipulation, ¶7.6; Shetty Stipulation, ¶7.6.

## IV. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Class Counsel applies to the Court, with due notice to Defendants' Counsel, for an order approving payment of the fees and expenses of the Claims Administrator. In accordance with the Claims Administrator's agreement with Class Counsel to act as the Claims Administrator herein, the Claims Administrator was

responsible for mailing notice to the Class, processing the claims, preparing the tax returns for the Settlement Fund, and distributing the Net Settlement Fund to Authorized Claimants. As set forth in Exhibits G to the Craig Declaration, the Claims Administrator's fees and expenses for its work on behalf of the Class through December 22, 2022 total $86,889.23, and an additional $4,000 worth of work is anticipated for the Initial Distribution. Craig Declaration at ¶5. The Court heretofore approved $75,000 for the costs associated with the Notice and Settlement process. As such, SCS has outstanding invoices in the amount of $11,889.23, after discounting its final bill by 25%, and anticipates that figure to increase by $4,000.00 to $15,889.23 to satisfy all administration fees and expenses through the Initial Distribution. *Id*. Therefore, Class Counsel respectfully request that the Court direct and authorize the payment from the Settlement Fund of the $15,889.23, balance due, to SCS.

## V. RECORD RETENTION AND DESTRUCTION

Class Counsel request that SCS be permitted to destroy paper and electronic copies of Claims and all supporting documentation one year from the final distribution date. *Id.* at ¶6(e).

## VI. REQUEST FOR REMOTE HEARING

Class Counsel additionally request that any hearing on this unopposed motion be conducted remotely in order to save travel expense and preserve funds for distribution to Class Members. In the alternative, if an in-person hearing is scheduled, Class Counsel respectfully request that the Court permit reasonable travel expenses from the Settlement Fund not to exceed $1,500.00. *See* ECF No. 144, p. 6 (citing *Harris v Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters)).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR ENTRY OF AN ORDER FOR DISTRIBUTION
OF CLASS SETTLEMENT FUND; 2:20-cv-02303-CBM-MAA

## VII.   CONCLUSION

Based on the foregoing, Class Counsel respectfully request that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

Dated: January 5, 2023                    Respectfully submitted,

                                          **POMERANTZ LLP**

                                          By:   */s/ Joshua B. Silverman*

                                          Joshua B. Silverman (*pro hac vice*)
                                          Christopher P.T. Tourek (*pro hac vice*)
                                          10 South La Salle Street, Suite 3505
                                          Chicago, Illinois 60603
                                          Telephone: (312) 377-1181
                                          Facsimile: (312) 377-1184
                                          jbsilverman@pomlaw.com
                                          ctourek@pomlaw.com

                                          **THE ROSEN LAW FIRM, P.A.**
                                          Laurence M. Rosen (SBN 219683)
                                          355 South Grand Avenue, Suite 2450
                                          Los Angeles, California 90071
                                          Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
                                          Email: lrosen@rosenlegal.com

                                          *Class Counsel for Plaintiffs*
                                          *and the Class*

7

## PROOF OF SERVICE BY ELECTRONIC POSTING

I hereby certify that on January 5, 2023, I electronically filed the foregoing Plaintiffs' Application in Support of an Order for Distribution of Class Settlement Fund with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

*/s/ Joshua B. Silverman*
Joshua B. Silverman

8