# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HASHEM, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>NMC HEALTH PLC, PRASANTH MANGHAT, KHALIFA BIN BUTTI, PRASHANTH SHENOY, H.J. MARK TOMPKINS, and B.R. SHETTY,<br><br>   Defendants. | Case No. 2:20-cv-02303-CBM-MAA<br><br>**[Proposed] ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**<br><br>Hon. Consuelo B. Marshall<br><br><u>CLASS ACTION</u> |

Based on Plaintiffs' unopposed motion and good cause having been shown, the Court hereby ORDERS as follows:

1.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and administration fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit B to the Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration"), by the Claims Administrator under the direction of Pomerantz LLP and Rosen Law Firm, P.A. ("Class Counsel"), pursuant to individual Stipulations of Settlement with Defendants H.J. Mark Tompkins (ECF No. 50-2) dated June 14, 2021, Prasanth Manghat (ECF No. 100-2) dated November 2, 2021, and B.R. Shetty (ECF No. 117-2) dated February 17, 2022 (collectively, the "Stipulations") and the Plans of Allocation of the Net Settlement Fund set forth in the Notices of Pendency and Settlement of Class Action that were disseminated to Class Members pursuant to this Court's prior Order.

2.      Any rejected claims or claims filed after September 30, 2022, and any responses to deficiency and/or rejection notices received after December 23, 2022, are finally and forever barred.

3.      The Court finds that the administration of the Settlements and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plans of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Class Counsel and Strategic Claims Services ("SCS")) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from

[Proposed] ORDER FOR DISTRIBUTION OF
CLASS SETTLEMENT FUND; 2:20-cv-02303-CBM-MAA

making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

4. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Class Counsel and the court appointed Claims Administrator, SCS, are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

5. To the extent that any amount of the Settlement Fund remains after the Claims Administrator has caused distributions to be made to all Authorized Claimants whether by reason of uncashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance remaining in the Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distributions, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If any funds shall remain in the Net Settlement Fund six (6) months after such re-distribution, then Plaintiffs shall move for the Court to select a non-sectarian or any not-for-profit successor to receive the remaining funds

6. The Court grants Claims Administrator, SCS, an additional payment from the Settlement Fund of $15,889.23.

7. Following distribution of the Net Settlement Fund, SCS is hereby ordered to maintain the completed Proofs of Claims on file for one year after the final distribution date.

8. [If hearing is in-person] The Court additionally grants Class Counsel reimbursement of reasonable travel expenses from the Settlement Fund to attend the hearing on this motion, not to exceed $1,500.00.

[Proposed] ORDER FOR DISTRIBUTION OF
CLASS SETTLEMENT FUND; 2:20-cv-02303-CBM-MAA

9.    This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED

Dated: _____, 2023

_____

HON. CONSUELO B. MARSHALL

UNITED STATES DISTRICT JUDGE

[Proposed] ORDER FOR DISTRIBUTION OF
CLASS SETTLEMENT FUND; 2:20-cv-02303-CBM-MAA